IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECOND AMENDMENT ARMS,<br>(d/b/a of R. Joseph Franzese),<br>R. JOSEPH FRANZESE, individually<br>and d/b/a SECOND AMENDMENT ARMS,<br>and ROBERT M. ZIEMAN, SR.,<br><br>       Plaintiffs,<br><br>       v.<br><br>CITY OF CHICAGO, a municipal<br>corporation, RICHARD M. DALEY,<br>individually and as the Mayor<br>of the City of Chicago, and<br>JODY P. WEIS, Superintendent<br>of Police of the City of<br>Chicago, MIGUEL DEL VALLE,<br>City Clerk of the City of<br>Chicago, and MARIA GEORGES,<br>individually and as Corporation<br>Counsel of the City of Chicago,<br><br>       Defendants. | Civil Case No: 1:10-cv-4257 |

## COMPLAINT

NOW COME Plaintiffs, R. JOSEPH FRANZESE d/b/a/ SECOND AMENDMENT ARMS and ROBER M. ZIEMAN, SR., by and through undersigned counsel, WALTER MAKSYM, and complaining of and seeking relief from Defendants CITY OF CHICAGO, RICHARD M. DALEY, JODY P. WEIS, MIGUEL DEL VALLE and MARIA GEORGES, state as follows:

## THE PARTIES

1. SECOND AMENDMENT ARMS, being Plaintiff R. JOSEPH FRANZESE d/b/a/ SECOND AMENDMENT ARMS ("SECOND AMENDMENT"), is a natural person and a citizen of the United States, who resides and does business in Lake Villa, Illinois as a duly licensed federal firearms dealer.

2. Plaintiff ROBER M. ZIEMAN, SR. ("ZIEMAN"), is a natural

person, a citizen of the United States, a law-abiding, life-long resident and long-time employee of the City of Chicago, who, as such, and is legally required to reside in said City by its ordinance. He is an and is a honorably discharged veteran of the United States Marine Corps (the "Marine Corps"), who is well and extensively trained and experienced in the safety and use of various firearms, including but not limited to side-arms, and has also been trained and designated by the Marine Corps in special weapons safety and usage.

3. Defendant CITY OF CHICAGO ("CHICAGO" or the "CITY") is a municipal corporation organized under the laws of the State of Illinois. CHICAGO is the largest city in both Illinois and the Midwestern United States and the third most populous city in the United States, with over 2.8 million people living within the city limits, 75.8% of which, approximately 2.07 million, are 18 years of age or older. The CITY'S area covers approximately 228 square miles (591 square km).

4. Defendant RICHARD M. DALEY ("MAYOR DALEY"), is, and was at all times relevant, the Mayor of the City of Chicago, and as such is responsible for executing, and administering its laws, customs, practices, and policies. In that capacity, he presently enforces the laws, customs, practices and policies complained of in this action. He is sued in both his individual and official capacities.

5. Defendant JODY P. WEIS (the "SUPERINTENDENT"), is, and was at all times relevant, the Superintendent of Police of CHICAGO, and as such is responsible for executing, and administering its laws, customs, practices, and policies. In that capacity, he also presently enforces the laws, customs, practices and policies complained of in this action. He is sued in both his individual and official capacities.

6. Defendant MIGUEL DEL VALLE (the "CITY CLERK"), is, and

was at all times relevant, the City Clerk of the City of Chicago, and as such is responsible for executing, and administering its laws, customs, practices, and policies. In that capacity, he also presently enforces the laws, customs, practices and policies complained of in this action. He is sued in both his individual and official capacities.

7. Defendant MARIA GEORGES (the "Corporation Counsel"), is, and was at all times relevant, the chief legal counsel for the City of Chicago, and as such has been and is responsible for executing, and prosecuting its laws, customs, practices, and policies and collecting sums that may be claimed, due or owing under the CITY'S ordinances. In that capacity, she also presently drafts, defends, enforces the laws, customs, practices and policies complained of in this action. She is sued in both his individual and official capacities.

## JURISDICTION

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202, 42 U.S.C. § 1983 and 28 U.S.C. § 1367.

## VENUE

9. Venue lies and is proper the in Eastern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391(a) because Plaintiffs' claims arose within this District out of conduct of the Defendants herein complained of that occurred in and about the City of Chicago, County of Cook, State of Illinois, as is hereinafter more particularly alleged, and all of the Defendants reside and/or do business within this District.

## NATURE OF THE ACTION

10. Plaintiffs bring their claims against the Defendants damages, equitable, declaratory, and other relief under 18 U.S.C. § 1983 et. seq., the First, Second, Fourth, and

Fourteenth Amendments to the U.S. Constitution, the Illinois Constitution and Illinois law.

FACTS COMMON TO All COUNTS

11. On June 28, 2010 the U.S. Supreme Court rendered its landmark decision in *McDonald v. City of Chicago*, ___ U.S. ___ (Slip. Opin. June 28, 2010) *("McDonald v. Chicago"),* wherein it found that the Second Amendment to the United States is incorporated in the Fourteenth Amendment and therefore guarantees a fundamental personal right of the people to keep and bear arms made applicable to the states and their political subdivisions, officers and employees, such as the Defendants hereto.

12. In *McDonald v. Chicago* the Supreme Court, by reversal and remandment to the Seventh Circuit, paved the way for Chicago Municipal Code § 8-20-040(a) et. seq. that was enacted approximately 28 years ago and became effective on or about March 19, 1982 (the "Old Gun Ban Ordinance", a copy which is attached hereto as Exhibit "A"), and that banned handguns by making them "unregisterable" by law-abiding citizens, and thereby prohibited and was designed to render their ownership, transfer, and possession illegal, to be inevitably struck down and declared unconstitutional upon remand to the United States Court of Appeals for the Seventh Circuit.

13. Thereafter, on or about June 30, 2010 and July 2, 2010 SECOND AMENDMENT caused to be filed and submitted two applications with the CITY CLERK'S office in accordance with and pursuant to Title 4 Businesses, Occupations and Consumer Protection Chapter 4-144 Weapons (the "Weapons Dealer Ordinance", a copy which is attached hereto as Exhibit "B" seeking to obtain weapons dealer business licenses to permit him, as an experienced and as a duly licensed federal firearms dealer, to open and operate two gun shops at two separate

locations within CHICAGO, and who also planned and intended to submit additional applications to apply for and open other gun shops, firing and training ranges at other locations within and throughout CHICAGO.

14. On or about July 1, 2010, in response to *McDonald v. Chicago,* MAYOR DALEY, a long time fervent opponent of the right of others, than himself, to keep and bear arms, publicly announced at a press conference, "It's clear to all that our current handgun ordinance will soon be struck down by the Seventh Circuit Court of Appeals," and therefore he would immediately propose the immediate adoption of an ordinance that would have among its key provisions, *inter alia*, the following:

  a. Limiting registration of no more than one handgun per month in the home per adult or applicant and generally prohibiting the possession of a handgun by any person except in the person's home.

  b. Establishing a two-step process to own and register a handgun. First, an applicant must obtain a city firearms permit, which requires having a valid State of Illinois Firearm Owner's Identification ("FOID") Card, and then an applicant must register the gun with the Chicago Police Department.

  c. Prohibiting handgun ownership by anyone who has been convicted of any violent crime, has two or more offenses for driving under the influence of alcohol or drugs and under state law has been convicted of domestic violence.

  d. Banning "assault weapons" and providing for mandatory jail time beginning in 2011 for anyone who is caught with one.

  e. Requiring firearms safety training, both in a classroom and on a firing range.

  f. Banning gun shops.

  g. Including "severe" penalties for violating the ordinance, including hefty fines and jail time.

15. Thereafter, on the next day, July 2, 2010, and without

seeking or allowing public comment or input or review, and in order to circumvent the Supreme Court ruling in *McDonald v. Chicago* and deliberately deny CHICAGO'S law-abiding residents and others wishing to purchase or use lawful firearms in the CITY the ability to acquire, obtain, keep and bear arms, i.e., legal handguns and other weapons, CHICAGO adopted a more sweeping ordinance hurriedly proposed by MAYOR DALEY to become effective on July 12, 2010 (the "New Gun Ban Ordinance", a copy which is attached hereto as Exhibit "C").

FIRST CLAIM FOR RELIEF<br>
CHICAGO'S BAN AND RESTRICTIONS ON WEAPONS DEALERS, GUN<br>
STORES, ADVERTISING AND SALES INFRINGES ON INTERSTATE<br>
COMMERCE AND THE RIGHT TO TRANSFER, KEEP AND BEAR ARMS<br>
INFRINGE U.S. CONST., AMENDS. I, II AND XIV, 42 U.S.C. § 1983

16. SECOND AMENDMENT, complaining of all Defendants, realleges and incorporates the foregoing paragraphs 1 through 15 as if fully stated herein.

17. On information and belief, the New Gun-Ban Ordinance provides in pertinent part with respect to weapons dealers and gun shops and sales:

SECTION 2. Chapter 2-84 of the Municipal Code of Chicago is hereby amended by adding a new section 2-84-075, as follows:

2-84-075 Sale of firearms and ammunition authorized by the superintendent.

Notwithstanding any other provision of this code to the contrary, the superintendent may authorize the sale of firearms or ammunition by a person issued a federal firearms license to a member of the police department, if that member is authorized to carry such firearm or ammunition. Such sales shall be conducted at department of police facilities.

SECTION 3. Title 4 of the Municipal Code of Chicago is hereby amended by adding a new section 4-144-065, by adding the language underscored, and by deleting the language struck through, as follows:

4-144-010 License — Required.
It shall be unlawful for any person to engage in the business of selling, or to sell, ~~or~~ give away <u>or otherwise transfer,</u> any ~~pistol, revolver or other~~ firearm, dagger, stiletto, billie, derringer, bowie knife, dirk, stun gun or taser, as defined in Section 24-1 of the Illinois Criminal Code, 720 ILCS 5/24-1, or other deadly weapon which can be carried or concealed on the person<u>, or any ammunition, as that term is defined in Section 8-20-010,</u> without securing a weapons dealer license. The license required by this chapter shall be in addition to any other license required by law. <u>It shall be unlawful for any person licensed under this chapter to engage in the business of selling, or to sell, give away or otherwise transfer, any firearm as that term is defined in Section 8-20-010.</u> (Emphasis supplied)

18.   The Fourteenth Amendment to the United States Constitution provides, in pertinent part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

19.   Under the Fourteenth Amendment to the United States Constitution the New Gun Ban Ordinance deprives, or as applied, may deprive, law abiding persons and their families and loved ones as well as those engaged in commerce or operating businesses, life, liberty, or property, without due process of law; or deny them equal protection of the laws.

20.   Pursuant to *McDonald v. Chicago,* the Second Amendment right to keep and bear arms is a fundamental individual right and a privilege and immunity of United States citizenship pursuant to its incorporation under the Due Process Clause of the Fourteenth Amendment, that applies to and may not be infringed by the states and their political subdivisions, officers and employees, such as the Defendants herein.

21.   Pursuant to *McDonald v. Chicago*, handguns, as a class of weapons, are "arms", the possession of which by law-abiding adult citizens is protected by the Second Amendment right to keep and bear arms and may not be infringed.

22.   The New Gun Ban Ordinance, *inter alia*, bans gun shops and the commercial and individual sales, transfer and gifting of and/or the acquisition of firearms by persons within the CITY. Plaintiffs maintain that the New Gun Ban Ordinance is vague, arbitrary, capricious, overly broad, and infringes the fundamental right of the law-abiding people within the CITY of CHICAGO to and keep and bear arms, as is guaranteed by the Second Amendment of the Constitution of the United States, in that it contains, *inter alia,* the following unconstitutional prohibitions and restrictions on the sale, possession and use of firearms within said CITY that are designed and intended not to reasonably regulate but to infringe on and unduly burden the free exercise of the fundamental right guaranteed by the Second Amendment of law-abiding citizens to keep and bear arms within the CITY of CHICAGO, to wit:

A. it arbitrarily prohibits deadly weapons dealers and other persons from selling or otherwise transferring firearms, in the CITY, except through inheritance.

B. it arbitrarily limits registration of no more than one handgun per month in the home per adult or applicant and generally prohibiting the possession of a handgun by any person except only within the person's home.

C. it arbitrarily prohibits the possession of a handgun  by any person, except within in the person's home, excluding porches, yards and garages. However, Illinois law (720 ILCS 5/24 – the Illinois Unlawful Use of Weapons ["UUW"] statute), specifically permits, makes exempt from prosecution and perfectly lawful the right of law-abiding Illinois law citizens' to transport, carry and possess firearms in public in Illinois by declaring, to wit: *"nothing in this Article shall prohibit, apply to, or affect the transportation, carrying, or possession of any pistol, … or other firearm* [in Illinois] *\*\*\* which is unloaded and*

8

*enclosed in a case, firearm carrying box, shipping box, or other container, by the possessor of a valid Firearms Owners Identification Card."* (Emphasis supplied) Recently, the Illinois Supreme Court held in *People v. Diggings*, 235 Ill. 2d 48 (2009) ("*Diggins*"), that for purposes of the statutory exemption unloaded weapons enclosed in a "case, a firearm carrying box, shipping box or other container," the center console of an automobile was a "case." Thus, Illinois' highest court gave the term "case" its plain and ordinary meaning, which includes any portable or nonportable receptacle and need not be interpreted only in reference to firearms. Because the center console of a vehicle is a receptacle that contains or holds something, the center console of a vehicle falls within the ordinary definition of "case".

D. it arbitrarily prohibits a person from possessing a long gun, except when in the person's home, or fixed place of business.

E. it arbitrarily provides for the same exceptions as above for the possession of handguns, with an additional exception for hunters where hunting is lawful.

F. it arbitrarily prohibits the possession of "assault weapons" and "other firearms that are unregisterable".

G. it arbitrarily requires each person who keeps or possesses a firearm in his or her home must keep no more than one firearm in his home that is assembled and operable, and further unconstitutionally requires all other firearms possessed in the home be broken down in a nonfunctioning state or shall have trigger lock or other mechanism making the firearm temporarily inoperable.

H. it arbitrarily requires that no person may keep or possess any firearm or ammunition in his home if the person knows or has reason to believe that a minor under 18 years old is likely to gain access to the firearm or ammunition, unless: (i) the person is physically present in the home and the firearm is either being held by the person or is physically secured on the person's body; (ii) the firearm is secured by a trigger lock or similar mechanism; or (iii) the firearm and ammunition are placed in a securely locked box or container (when Illinois statutory and case law permits transportation of firearms in a "case" or "container"). However, no person may be punished under said provision if the minor uses the firearm for self-defense, or gains access

to the firearm through unlawful entry.

I. it arbitrarily prohibits the possession or transfer of, *inter alia,* any laser-sight accessory, when such accessories assist and improve accuracy in life or death situations.

J. it arbitrarily requires the registered owner of a vehicle that contains a firearm registered to a person who is not the driver or occupant of the vehicle, an unregistered firearm, a firearm that is not being lawfully transported, an unregisterable firearm, *inter alia,* a laser-sight accessory, shall be subject to an administrative penalty of $1,000.00 plus any towing and storage fees.

K. it arbitrarily prohibits the possession of ammunition by any person is prohibited unless the person has a valid owner's permit (a/k/a CHICAGO FIREARMS PERMIT ["CFP"]), and registration certificate for a firearm of the same caliber as the ammunition possessed.

L. it also arbitrarily requires permits for firearms owners and the registration of firearms permit to carry or possess a firearm CFP by requiring that, in order to qualify therefore, persons:

   1. must be 21 years of age, or 18-20 with parent's permission and no misdemeanor conviction;

   2. must possess a valid Illinois FOID card;

   3. must not have been convicted of (i) a violent crime, (ii) two or more offenses for driving under the influence of alcohol or other drugs; or (iii) an unlawful use of a weapon that is a firearm;

   4. must arbitrarily and illogically have vision sufficient for a drivers' license, when lesser vision is sufficient to use a firearm to defend one's life, home, loved ones and property or engage in other lawful uses and the collection and ownership of firearms;

   5. must not be otherwise ineligible to possess a firearm under any law;

   6. must not have violated Municipal Code provisions prohibiting possession of a laser-sight accessory,

10

firearm silencer or muffler, or unlawful sales of firearms;

7. a CFP card shall expire 3 years after the date of issuance; with an unreasonable fee of $100.00 per weapon, a overly burdensome sum equivalent to a substantial percentage of if not the full the value of the average price of a new or pre-owned firearm and denies equal protection of the laws and the privileges and immunities by waived such fees for retired CPD officers);

8. requires applicants for a CFP to have completed a firearm safety and training course with at least one hour of range training and four hours of classroom instruction when no gun training or shooting ranges are not permitted within the CITY, and submission for unnecessary fingerprinting of law-abiding citizen and FOID Card holders who have passed background checks that unduly burdens applicants, infringes their Second Amendment right to keep and bear arms and invades their privacy;

9. provides that the Superintendent must process applications within an unreasonably burdensome 45 days (120 days for applications submitted within 180 days after passage of the ordinance), unless good cause is shown without providing sufficient guidelines or standards therefore.

23. The New Gun Ban Ordinance requirement for firearm registration certificate(s) and the provisions thereof are arbitrary, capricious, unreasonably burdensome, vague, overly broad or narrow and therefore infringe on the right of law-abiding people in the CITY of CHICAGO to keep and bear arms and is unconstitutional for one or more of the following reasons:

a. it arbitrarily requires a registration certificate to be carried or possessed with each firearm;

b. it arbitrarily requires that a certificate expire at the time of the CFP, but an annual registration report is required and an application fee is $15.00 for each firearm registered;

c. it arbitrarily requires that each applicant be issued
   only one registration certificate per month for a handgun
   for the home in which the applicant resides;

d. it arbitrarily and vaguely classifies firearms as
   "unregisterable" without providing sufficient guidelines
   or standards therefore, but only stating that handguns
   are defined as "unsafe" i.e. that do not meet "safety
   standards" or "otherwise inappropriate for lawful use";

e. it arbitrarily provides that firearms that become
   "unregisterable" as to a person for violations of the
   Municipal Code thereby denying property without due
   process of law;

f. it arbitrarily and vaguely defines firearms as "assault
   weapons", with certain exceptions;

g. it arbitrarily and vaguely requires only that "lost or
   stolen" firearms and not other property must be reported
   immediately to the superintendent;

h. it arbitrarily and vaguely alludes that "procedures are
   established for application denials, and revocations of
   CFP and registration certificates" without providing
   sufficient guidelines or standards therefore;

i. it arbitrarily provides unreasonable and excessive
   penalties include fines of $1,000.00-$5,000.00,
   incarceration for not less than 20 days or more than 90
   days, or both with any subsequent conviction to be
   punishable by a fine of $5,000.00 - $10,000.00, and by
   incarceration for not less than 30 days, nor more than
   six months;

j. it arbitrarily and vaguely establishes procedures for
   hearing for denials and revocations of a CFP and
   registration certificate without providing sufficient
   guidelines or standards therefore;

k. it arbitrarily and vaguely delegates unbridled discretion
   and power to the Superintendent to develop a roster of
   "safe handguns" and "assault weapons" that will be posted
   on the [police] dept.'s web site without providing any
   sufficient guidelines or standards therefore;

l. it arbitrarily and vaguely similarly provides that only
   handguns that are listed on the "roster" are permissible

and that "assault weapons" listed on the list of banned "assault weapons" that is designed and intended not to reasonably regulate but to infringe on and burden the fundamental and guaranteed right to keep and bear arms;

m. it arbitrarily and vaguely authorizes the seizure, forfeiture and destruction of weapons, firearms, and laser-sight accessories kept in violation of the chapter;

n. it arbitrarily and vaguely delegates unbridled discretion and power to unidentified persons by broadly providing that rules and regulations pertaining to the chapter will be posted on the police department's web site without providing any sufficient guidelines or standards;

o. it arbitrarily and vaguely and illogically prohibits shooting galleries and firing and target ranges (other than for law enforcement) in CHICAGO, when the same ordinance mandates all applicants complete a four hour firearm safety and training course with at least one hour of range training and four hours of classroom instruction, when no gun training or shooting ranges are permitted to do business within the CITY;

p. it arbitrarily establishes a range of unreasonable penalties for violations of thereof that are designed and intended to deter law-abiding citizen's exercise of their fundamental Second Amendment right to keep and bear arms;

q. it amends § 8-24-010 of CHICAGO'S Old Gun Ban Ordinance to arbitrarily and capriciously limit the discharge of a firearm in the CITY only within one's home in the lawful self-defense or self-defense of another;

r. its combined and cumulative effect is to arbitrarily and capriciously limit, infringe, burden, ration, and endeavor to unconstitutionally ban and or severely ration firearms and the free exercise of the fundamental right guaranteed by the Second Amendment of law-abiding citizens to keep and bear arms within and about CHICAGO;

s. it otherwise infringes the right of law-abiding citizen's exercise of their fundamental Second Amendment right to keep and bear arms and denies due process by interfering with and depriving them of their property rights, value, and usage; and

t. it otherwise conflicts with federal and state law.

24. Pursuant to the holding *McDonald v. Chicago*, the Second Amendment and incorporated and made applicable by the Fourteenth Amendment to the states and these Defendants, guarantees individuals a fundamental right to keep and bear functional, personal firearms, including handguns, within the home. Moreover, under Illinois statutory and case law all persons possessed of a valid Illinois FOID Card may acquire by any lawful means as many firearms as they wish and may freely possess and transport them throughout Illinois, including CHICAGO, for self-protection and other lawful purposes, along with ammunition, provided they are unloaded and in a case or container, exempted by the Illinois Legislature as law conduct under 720 ILCS 5/24 and the Illinois Supreme Court in *Diggins*, as aforesaid.

25. By banning gun shops and the sale handguns, CHICAGO and MAYOR DALEY currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law which deprive individuals, including the Plaintiffs, of their right to keep and bear arms, and engage in commerce by selling them, lawful products, in violation of the Second and Fourteenth Amendments to the United States Constitution.

26. By reason of the CITY'S adoption of its New Gun Ban Ordinance outlawing any and all gun shops within the CITY, any further effort, request or demand by SECOND AMENDMENT pursue or its applications or obtain issuance of Weapons Dealers licenses from the CHICAGO by MAYOR DALEY and/or the CITY CLERK would be futile.

27. As a result of the foregoing infringement, SECOND AMENDMENT has been and will continue to be damaged in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional

customs, policies, and practices.

28. As a result and consequence of CHICAGO and DALEY'S total ban on the sales of a lawful products, i.e., firearms and related accessories, in the CITY and their defiance and circumvention of the Supreme Court's ruling in *McDonald v. Chicago*, SECOND AMENDMENT will suffer damages including but not limited to a loss of profits, goodwill, and other general and economic damages as the proofs will show at trial.

WHEREFORE PLAINTIFF SECOND AMENDMENT ARMS PRAYS:

That judgment be entered in their favor SECOND AMENDMENT ARMS and against Defendants:

A. permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing or prosecuting all of the provisions of the Old Gun Ban Ordinance and New Gun Ban Ordinance; including, but not limited to requiring the annual renewal of firearms registrations, daily reporting of sales, fingerprinting, signage and advertising; conducting forced credit reports as a condition of submitting an application for any city license, mandating that registration certificates for firearms be obtained prior to taking possession of a firearm: as applied to prohibiting possession of an unregistered firearm within a period of time reasonably necessary to obtain registration; and any custom, policy, or practice of deeming a firearm "unregisterable" for the sole reason that it has previously been not validly registered.

B. awarding him declaratory relief consistent with the injunction and declaring that CHICAGO'S above-referenced ordinances be adjudged and decreed, *inter alia*, that the above-referenced ordinances not to constitute reasonable or permissible regulations, but rather violate Amendments I, II,

IV, XIV and the Due Process and takings clauses of the United States Constitution, thus rendering them unconstitutional, null and void *ab initio*, and unenforecible.

C.   awarding him damages including but not limited to a loss of profits, goodwill, and other general and economic damages as the proofs will show at trial

D.   awarding him attorney fees and costs pursuant to 42 U.S.C. § 1988; and

E.   granting him such other and further relief as this Court may deem just and proper in the premises.

SECOND CLAIM FOR RELIEF
ZIEMAN'S INDIVIDUAL ACTION
FOR RESTITUTION, DECLARATORY AND OTHER RELIEF
INFRINGEMENT OF RIGHT TO ACQUIRE, KEEP AND BEAR ARMS
U.S. CONST., AMENDS. I, II AND XIV, 42 U.S.C. § 1983

29.   Plaintiff ZIEMAN, complaining of all Defendants, realleges and incorporates paragraphs 1 through 27 as though fully stated herein.

30.   Pursuant to CHICAGO'S unconstitutional Old Gun Ban Ordinance, ZIEMAN'S home was invaded and searched by the CHICAGO Police and numerous valuable handguns and rifles that he possessed therein and maintained in a safe as FOID Card holder were seized, confiscated and/or destroyed, and he was thereafter found guilty and fined for failing to register them thereunder.

31.   ZEIMAN desires to purchase and replace his unconstitutionally seized, confiscated firearms by promptly purchasing from a weapons dealer which CHICAGO'S New Gun Ban Ordinance purports to prohibit.

32.   ZIEMAN maintains that requiring he and other law-abiding citizens and CHICAGO residents to annually re-register each firearm and the other above-referenced and complained of limitations, prohibitions, restrictions and requirements imposed upon him and weapons dealers such as SECOND AMENDMENT ARMS, that Defendants currently maintain and actively enforce are a set of

laws, customs, practices, and policies under color of state law that deprive Plaintiffs and other individuals, their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution. Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983.

33. ZIEMAN therefore maintains that he is thus entitled to the return and restitution of his said firearms in kind or the fair market value thereof, vacation and expungment of his conviction for failure to register his weapons, a refund of any fines, court costs, expenses, legal fees incurred as a result thereof, damages, declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices along with his attorneys fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE PLAINTIFF ZIEMAN PRAYS:

That judgment be entered in their favor ZIEMAN and against Defendants:

A. permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing or enforcing all of the provisions of the Old Gun Ban Ordinance and New Gun Ban Ordinance; including, but not limited to requiring the annual renewal of firearms registrations, daily reporting of sales, fingerprinting, signage and advertising; mandating that registration certificates for firearms be obtained prior to taking possession of a firearm: as applied to prohibiting possession of an unregistered firearm within a period of time reasonably necessary to obtain registration; and any custom, policy, or practice of deeming a firearm "unregisterable" for the sole reason that it has previously been not validly registered.

B.   awarding   declaratory   relief   consistent   with   the injunction and declaring, inter alia, that the above-referenced ordinances   do   not   constitute   reasonable   or   permissible regulations but, rather, violate he First, Second, Fourth, Fourteenth Amendments and Due Process and takings clauses of the of the taking clause of the United States Constitution rendering them unconstitutional, void *ab initio*, and unenforecible.

C.   awarding   him   general,   compensatory   and   punitive damages as the proofs will show at trial;

D.   awarding him attorney fees and costs pursuant to 42 U.S.C. § 1988; and

E.   granting   him   such   other   and   further   relief   as   this Court may deem just and proper in the premises.

THIRD CLAIM FOR RELIEF
CLASS ACTION FOR RESTITUTION AND OTHER RELIEF
INFRINGEMENT OF RIGHT TO KEEP AND BEAR ARMS
U.S. CONST., AMENDS. II AND XIV, 42 U.S.C. § 1983

34. Plaintiff ZIEMAN, complaining of all of the Defendants, realleges and incorporates paragraphs 29 through 33 as if fully stated   herein   and   states   individually   and   as   class representative:

35.   By   requiring   law-abiding   citizens   and   resident, including Plaintiff and his fellow class members, to register all firearms prior to their acquisition, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law which deprive individuals, including the Plaintiffs, of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution. Plaintiff and the class are thus damaged in violation of 42 U.S.C. § 1983. Plaintiffs and the class are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of   Defendants'   unconstitutional   customs,   policies,   and

practices.

36. The class on whose behalf this action is brought on behalf of ZIEMAN individually, and all natural citizens and corporations and other entities having lived in, living in, having done business in, doing business in CHICAGO, State of Illinois including all those persons who have been charged and/or prosecuted under or who have plead or been found guilty under CHICAGO'S Old Gun Ban Ordinance that have had any of their firearms confiscated and or destroyed, incurred or paid fines, penalties, court costs as a result of any plea or conviction under said unconstitutional ordinance, or incurred or paid any witness, expert, attorneys or other fees in connection with the defense of any such charge or prosecution by the CHICAGO, its attorneys, officers, agents or employees, over and during the period 28 years that said unconstitutional ordinance has been enacted, i.e., since March 19, 1982, and thereafter.

37. That ZIEMAN, as class representative, will adequately represent the claims of each of these natural citizens.

38. That a class action may be maintained in this action because:

(a) the class is so numerous that joinder of all members is impractical. While the exact number and identities of the class members are unknown at this time, ZIEMAN believes the number to be substantial and that they can be determine through discovery and full disclosure and accounting of CHICAGO'S, MAYOR DALEY'S, SUPERINTENDENT WEIS', the CITY CLERK'S and court records, that are solely within their possession and control.

(b) there are questions of fact or law, including but not limited to the above issues of constitutionality of said ordinances that are common to the class. Such questions predominate over any questions affecting only individual class members.

(c) ZIEMAN is best situated to, and will, fairly and adequately represent the interest of the class and other members, who like them, have been intimidated, and may, like them, be fearful of retaliation so as to step forward to vindicate and protect their rights.

(d) a class action is an appropriate method for the fair and efficient adjudication of the controversy and will serve the interests of judicial economy.

WHEREFORE, Plaintiff ZIEMAN, individually and as class representative, prays for judgment against the CHICAGO, MAYOR DALEY, the SUPERINTENDENT and the CITY CLERK as follows:

A. certifying the class and declaring that the CITY'S above-referenced ordinances be found, declared, adjudged, and decreed to be unconstitutional and null and void, *ab initio*, as a result of the United States Supreme Court's recent ruling in *McDonald v. Chic*ago;

B. ordering Defendants, their predecessors, officers, agents, servants, employees, attorneys and assigns, and all persons having acted or acting in active concert or participation with them, jointly and severally, to account for, refund and pay over and back to them any and all moneys, fines, penalties, payments, costs, expenses and fees found due, paid, owing or recovered thereunder by or on their behalf or as a result of the actions of any of the turn over and refund to ZIEMAN and the Class;

C. awarding ZIEMAN, as class representative, and the class and general, compensatory and punitive damages against said Defendants, their predecessors, officers, agents, servants, employees, attorneys and assigns, and all persons having acted or acting in active concert or participation with them, jointly and severally, for their unlawful enforcement and application and prosecution of said ordinances.

D.   awarding the class representative and the class equitable relief against each Defendants, jointly and severally, including but not limited to temporary, preliminary and permanent injunctive relief, declaring their pleas an convictions under said unconstitutional ordinances void and expunged and removed all related government records and files, that this Court declare all said sums to be accounted for, disgorged and refunded to the class representative and class with prejudgment interest thereon;

E.   ordering said Defendants, their predecessors, officers, agents, servants, employees, attorneys and assigns, and all persons having acted or acting in active concert or participation with them, jointly and severally, to turnover and return all weapons any other property seized, impounded or confiscated by them from the ZIEMAN and the Class members under its said unconstitutional ordinances, or in the alternative, if such weapons or other property have been destroyed, damaged or cannot be found or located, the fair market value thereof be determined and order paid them plus prejudgment interest;

F.   awarding the class representative and the class civil and equitable appropriate remedies including an equitable accounting;

G.   awarding the class representative, fair and appropriate other compensation for serving as class representative, class costs, disbursements and reasonable attorneys fees; and

H.   awarded the class representative and the class such other and further relief, as may be appropriate, necessary, just and proper in the premises.

SECOND AMENDMENT ARMS'
<u>PENDANT STATE CLAIM FOR MANDAMUS</u>

39. Plaintiff SECOND AMENDMENT, complaining of all of the Defendants, realleges and incorporates paragraphs 1 through 28

as if fully stated herein and states individually and as class representative:

40. As a law—abiding citizen and a person qualified and licensed as to sell weapons as a federally licensed firearms dealer, SECOND AMENDMENT is entitled pursuant to the above stated and Illinois law, to have Defendants CHICAGO, MAYOR DALEY and the CITY CLERK issue him, in performance of their nondiscretionary and ministerial acts, the Weapons Dealer business licenses applied for as aforesaid upon payment of a reasonable fee therefore.

WHEREFORE PLAINTIFF SECOND AMENDMENT ARMS PRAYS:

That judgment be entered in their favor SECOND AMENDMENT ARMS and against Defendants:

A. issuing a writ of mandamus ordering, directing, compelling Defendants CHICAGO, MAYOR DALEY and the CITY CLERK perform their nondiscretionary and ministerial acts, and issue him the Weapons Dealer business licenses he applied for as aforesaid, upon payment of a reasonable application/processing fee therefore;

B. awarding attorney fees and costs; and

C. granting such other and further relief as this Court may deem just and proper in the premises.

### ZIEMAN'S PENDANT INDIVIDUAL AND CLASS ACTION STATE CLAIM FOR RESTITUTION – UNJUST ENRICHMENT

41. Plaintiff ZIEMAN, complaining of CHICAGO, realleges and incorporates paragraphs 29 through 38 as if fully stated herein and states individually and as class representative:

42. That as a result of the foregoing and said ordinances violating of Illinois Constitution, Article I. §§ 1, 2, 4, 6, 12, 22 and 24, CHICAGO has been unjustly enriched and therefore ZIEMAN is entitled to restitution.

WHEREFORE, Plaintiff ZIEMAN, individually and as class representative, prays for judgment against the CHICAGO, MAYOR DALEY, the SUPERINTENDENT and the CITY CLERK as follows:

A. certifying the class and declaring that the CITY'S above-referenced ordinances be found, declared, adjudged, and decreed to be unconstitutional and null and void, *ab initio*, as a result of the United States Supreme Court's recent ruling in *McDonald v. Chi*cago;

B. ordering Defendants, their predecessors, officers, agents, servants, employees, attorneys and assigns, and all persons having acted or acting in active concert or participation with them, jointly and severally, to account for, refund and pay over and back to them any and all moneys, fines, penalties, payments, costs, expenses and fees found due, paid, owing or recovered thereunder by or on their behalf or as a result of the actions of any of the turn over and refund to ZIEMAN and the Class;

C. awarding ZIEMAN, as class representative, and the class and general, compensatory and punitive damages against said Defendants, their predecessors, officers, agents, servants, employees, attorneys and assigns, and all persons having acted or acting in active concert or participation with them, jointly and severally, for their unlawful enforcement and application and prosecution of said ordinances.

D. awarding the class representative and the class equitable relief against each Defendants, jointly and severally, including but not limited to temporary, preliminary and permanent injunctive relief, declaring their pleas an convictions under said unconstitutional ordinances void and expunged and removed all related government records and files, that this Court declare all said sums to be accounted for,

disgorged and refunded to the class representative and class with prejudgment interest thereon;

E.   ordering   said   Defendants,   their   predecessors, officers, agents, servants, employees, attorneys and assigns, and all persons having acted or acting in active concert or participation with them, jointly and severally, to turnover and return all weapons any other property seized, impounded or confiscated by them from the ZIEMAN and the Class members under its said unconstitutional ordinances, or in the alternative, if such weapons or other property have been destroyed, damaged or cannot be found or located, the fair market value thereof be determined and order paid them plus prejudgment interest;

F.   awarding the class representative and the class civil and equitable appropriate remedies including an equitable accounting;

G.   awarding   the   class   representative,   fair   and appropriate   other   compensation   for   serving   as   class representative, class costs, disbursements and reasonable attorneys fees; and

H.   awarded the class representative and the class such other and further relief, as may be appropriate, necessary, just and proper in the premises.

### ZIEMAN'S PENDANT STATE CLAIM FOR
### DECLARATORY JUDGMENT (735 ILCS 5/2-701)

43. Plaintiff ZIEMAN incorporates the foregoing paragraphs 39 through 40 by reference as if fully set forth herein.

44. That by reason of the foregoing ZIEMAN is entitled to a judicial declaration of his rights pursuant to 735 ILCS 5/2-701 and declaratory relief in connection therewith.

WHEREFORE, PLAINTIFF ZIEMAN PRAYS that this Court enter a declaratory judgment in his favor against Defendants pursuant to 735 ILCS 5/2-701, as follows:

A.   declaring that CHICAGO'S above referenced ordinances

be adjudged and decreed, *inter alia*, not to constitute reasonable or permissible regulations, but rather, violate Article I. §§ 1, 2, 4, 6, 12, 22, 24, and Due Process and takings clauses of the Illinois Constitution, thus rendering them unconstitutional, null and void *ab initio*, and unenforceable;

B.   awarding him general, compensatory and punitive damages as the proofs will show at trial;

C.   awarding him attorney fees and costs; and

D.   granting him such other and further relief as this Court may deem just and proper in the premises.

JURY TRIAL DEMANDED

Plaintiffs hereby requests a trial by jury of all issues that may be so triable.

Dated and filed electronically using the United States District Court for Northern District of Illinois "CM/ECF System" this 9th day of July 2010.

Respectfully submitted,

R. JOSEPH FRANZESE d/b/a/ SECOND AMENDMENT ARMS and ROBERT M. ZIEMAN, SR.,

By */s/ Walter Maksym*
    WALTER MAKSYM, their attorney


ATTORNEY'S RULE 11 CERTIFICATION

The undersigned attorney certifies that he has read the foregoing complaint, that to the best of his knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact the same is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

*/s/ Walter Maksym*
WALTER MAKSYM, Plaintiffs' attorney

### PLAINTIFF'S RULE 11 CERTIFICATION

The undersigned certifies that he is the Plaintiff in that above-captioned cause, that he has read the foregoing complaint, that to the best of his knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact the same is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation and that the exhibits attached, if any are true and correct copies of the documents they purport to be.

*/s/ R. Joseph Franzese*
R.    JOSEPH    FRANZESE,
d/b/a/  SECOND  AMENDMENT
ARMS, Plaintiff

### PLAINTIFF'S RULE 11 CERTIFICATION

The undersigned certifies that he is the Plaintiff in that above-captioned cause, that he has read the foregoing complaint, that to the best of his knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact the same is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation and that the exhibits attached, if any are true and correct copies of the documents they purport to be.

*/s/ Robert M. Zieman, Sr.*
ROBERT M. ZIEMAN, SR., Plaintiff

Walter Maksym
Attorney for Plaintiffs
2056 N. Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (312) 218-4475
e-mail: wmaksym@gmail.com