IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECOND AMENDMENT ARMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10-CV-4257 |
| ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, et al., ) | Magistrate Judge Sheila M. Finnegan |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants City of Chicago (the "City"), Mayor Richard M. Daley, Superintendent Jody P. Weis, Miguel Del Valle, and Mara S. Georges (collectively,"Defendants"), by their counsel, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby respectfully move this Court to dismiss the First Amended Complaint filed by Plaintiffs Second Amendment Arms ("SAA"), R. Joseph Franzese, Robert M. Zieman, Sr., ICarry, and Shaun A. Kranish (collectively, "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In support of their motion, Defendants state as follows:

1. In their Complaint, Plaintiffs challenge the City's Responsible Gun Owners' Ordinance (the "Ordinance"), enacted on July 2, 2010 by the Chicago City Council in response to the United States Supreme Court's decision in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), that an individual's Second Amendment right to possess a handgun in the home for self-defense, first recognized in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), applies to the states.

2. Plaintiffs' Complaint fails to state claim, however, and should be dismissed as a matter of law pursuant to Rule 12(b)(6). Additionally, Plaintiffs lack standing to challenge the Ordinance, requiring dismissal pursuant to Rule 12(b)(1).

3. First, Plaintiffs' Complaint does not plainly and clearly state their claims. Because Plaintiffs have not limited each claim to a single challenge or theory, in clear violation of Fed. R. Civ. P. 10(b), their Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

4. Second, Plaintiffs' "First Claim for Relief" fails to state a claim and should be dismissed pursuant to Rule 12(b)(6). To the extent Plaintiffs SAA and ICarry challenge some or all of the Ordinance under the Second Amendment, those claims fail because the Second Amendment only confers an individual right, and they are not individuals. Moreover, Plaintiffs' challenge to the Ordinance's ban on the sale or transfer of firearms fails because the Second Amendment does not protect such a right. Plaintiffs' First and Fourth Amendment claims, as well as their claims that the Ordinance is unconstitutionally vague and overly broad, fail because Plaintiffs make no allegations whatsoever in support of such claims. And finally, Plaintiffs Franzese, Zieman, and Kranish do not have standing to challenge any of the other provisions of the Ordinance because they have not identified an injury they have suffered from their enforcement, requiring dismissal of their claims pursuant to Rule 12(b)(1).

5. Third, Plaintiffs' "Second Claim for Relief," in which Plaintiff Zieman asks this Court, *inter alia*, to order Defendants to pay restitution for firearms that were seized under the City's prior ordinance banning handgun possession in the City and challenges under the First, Second, and Fourteenth Amendments the entire Ordinance and its predecessor, and the "Third Claim for Relief," which is identical to the Second Claim except that it is brought on behalf of a putative class, should also be dismissed. Any claim for restitution fails because Zieman's firearms were seized pursuant to an ordinance that has never been declared unconstitutional, and Zieman again fails to articulate any injury sufficient to challenge any provision of the Ordinance under any constitutional theory.

6. Fourth, Plaintiffs' three state-law claims should also be dismissed because they suffer from the same defects as Plaintiffs federal claims.

7. Fifth, any constitutional challenge to the City's now-repealed prior handgun ordinance should be dismissed as moot.

8. Finally, because there is no basis for Plaintiffs to maintain their claims against Defendants Mayor Daley, Del Valle, Wies, and Georges, either individually or in their official capacities, they should be dismissed as defendants from this action.

9. For these reasons, set forth more fully in Defendants' Memorandum of Law, which Defendants incorporate herein, Plaintiffs' Complaint fails and should be dismissed pursuant to Rule 12(b)(1) and 12(b)(6).

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' First Amended Complaint and grant Defendants such further relief as this Court deems just and appropriate.

Date: November 24, 2010                             Respectfully submitted,

                                                    MARA S. GEORGES,
                                                    Corporation Counsel for the City of Chicago

                                                    By:   /s/William Macy Aguiar
                                                           Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendants