**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SECOND AMENDMENT ARMS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 10-CV-4257 |
| ) | Judge Robert M. Dow, Jr. |
| **CITY OF CHICAGO, et al.,** ) | Magistrate Judge Sheila M. Finnegan |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants City of Chicago (the "City"), Mayor Richard M. Daley, Superintendent Jody P. Weis, Miguel Del Valle, and Mara S. Georges (collectively,"Defendants"), by their counsel, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby file this memorandum in support of their motion to dismiss the First Amended Complaint ("Complaint" or "Compl.") filed by Plaintiffs Second Amendment Arms ("SAA"), R. Joseph Franzese, Robert M. Zieman, Sr., ICarry, and Shaun A. Kranish (collectively, "Plaintiffs").

**INTRODUCTION**

In their Complaint, Plaintiffs challenge the City's Responsible Gun Owners' Ordinance (the "Ordinance"), enacted on July 2, 2010 by the Chicago City Council in response to the United States Supreme Court's decision in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), that an individual's Second Amendment right to possess a handgun in the home for self-defense, first recognized in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), applies to the states. Plaintiffs' Complaint, however, does not plainly and clearly state their claims. Each "claim for relief" is captioned as challenging a particular provision of the Ordinance, but Plaintiffs cite myriad other

provisions of the Ordinance in each "claim for relief" that they also claim are unconstitutional. Additionally, in each prayer for relief, Plaintiffs ask the Court to invalidate the *entire* Ordinance -- not just the provision named in the caption or even those recited within the "claim for relief" -- as well as the Ordinance's now-repealed predecessor. And finally, although Plaintiffs challenge every provision of the Ordinance under multiple constitutional provisions, they fail to specify on what constitutional grounds they seek to invalidate each provision of the Ordinance. In sum, Plaintiffs have not limited each claim to a single challenge or theory, in clear violation of Fed. R. Civ. P. 10(b), and Defendants would be at a loss if required to proceed with this case as currently pleaded. Dismissal of the Complaint pursuant to Rule 12(b)(6) is therefore appropriate.

Even if the Court were to find that Plaintiffs' Complaint clearly sets forth their claims and requests for relief, the Complaint, as best as Defendants can decipher, still fails to set forth a claim upon which relief can be granted. With respect to the "First Claim for Relief," to the extent Plaintiffs SAA and ICarry challenge some or all of the Ordinance under the Second Amendment, those claims fail because the Second Amendment only confers an individual right, and they are not individuals. Moreover, Plaintiffs' challenge to the Ordinance's ban on the sale or transfer of firearms fails because the Second Amendment does not protect such a right. And Plaintiffs Franzese, Zieman, and Kranish do not have standing to challenge any of the other provisions of the Ordinance because they have not identified an injury they have suffered from enforcement of the Ordinance. Finally, Plaintiffs' First and Fourth Amendment claims, as well as their claims that the Ordinance is unconstitutionally vague and overly broad, fail because Plaintiffs make no allegations whatsoever in support of such claims.

In Plaintiffs' "Second Claim for Relief," Plaintiff Zieman asks this Court, *inter alia*, to order

Defendants to pay restitution for firearms that were seized under the City's prior ordinance banning handgun possession in the City and challenges under the First, Second, and Fourteenth Amendments the entire Ordinance and its predecessor, and the "Third Claim for Relief" is identical to the Second Claim except that it is brought on behalf of a putative class. These claims also should be dismissed. Zieman's claim for restitution fails because his firearms were seized pursuant to an ordinance that has never been declared unconstitutional, and Zieman again fails to articulate any injury that confers standing to challenge any provision of the Ordinance under any constitutional theory. Plaintiffs' three state-law claims, which are not numbered, should also be dismissed because they suffer from the same defects as Plaintiffs' federal claims. And finally, because there is no basis for Plaintiffs to maintain their claims against Defendants Mayor Daley, Del Valle, Wies, and Georges, either individually or in their official capacities, they should be dismissed as defendants from this action.

For these reasons, set forth more fully below, Plaintiffs' Complaint fails and should be dismissed pursuant to Rule 12(b)(1) and 12(b)(6).

## LEGAL STANDARD

Rule 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, the Court accepts as true all well-pleaded allegations, construing all such allegations in the light most favorable to the plaintiff and drawing all reasonable inferences in favor of the plaintiff. *See, e.g., Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, - - U.S. - - , 129 S.Ct. 1937, 1949

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In other words, where the well-pleaded facts just infer the "mere possibility of misconduct," the plaintiff has failed to demonstrate that he or she is entitled to relief. *Id.* at 1950. Moreover, allegations that are mere conclusions are not entitled to the presumption of truth. *See id.*

Federal Rule of Civil Procedure 12(b)(1) allows dismissal when the Court lacks subject matter jurisdiction over a plaintiff's claim due to a lack of standing. *See* Fed. R. Civ. P. 12(b)(1); *Am. Fed'n of Gov't Employees, Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999) ("Obviously, if a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) [for lack of subject matter jurisdiction] is the appropriate disposition."). As is true in considering a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has subject matter jurisdiction, and when such jurisdiction is challenged, the plaintiff must provide competent proof of jurisdictional facts to support its allegations. *See Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *Kontos v. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

**ARGUMENT**

**I.      Plaintiffs' Complaint Does Not Comply with Fed. R. Civ. P. 10(b)**.

Plaintiffs' Complaint does not comport with the requirements of Fed. R. Civ. P. 10(b) and should be dismissed for that reason alone. Rule 10(b) provides:

> A party must state its claims or defenses in numbered paragraphs, *each limited as far as practicable to a single set of circumstances*. A later pleading may refer by number to a paragraph in an earlier pleading. *If doing so would promote clarity, each claim founded on a separate transaction or occurrence -- and each defense other than a denial -- must be stated in a separate count or defense*.

Fed. R. Civ. P. 10(b) (emphasis added). Failure to comply with the requirements 10(b) is grounds for dismissal. *See Frederiksen v. City of Lockport*, 384 F.3d 437 (7th Cir. 2004) (upholding dismissal of the plaintiff's complaint for, *inter alia*, failure to comply with the requirements of Rule 10(b)). In this instance, each count of Plaintiffs' Complaint challenges the constitutionality of myriad provisions of the Ordinance and does so under multiple Constitutional provisions. Plaintiffs therefore have not brought a separate claim for each provision of the Ordinance they challenge, and Defendants would be at a loss if required to answer Plaintiffs' Complaint in its current form.

For example, Count I is styled as

> Chicago's Total Ban on Restrictions on Weapons Dealers, Gun Stores, Firing Ranges, and *Inter Alia*, the Transfer, Gifting, Advertising and Sales and Use of Handguns Infringes on the Right to Keep and Bear Arms, and Other Fundamental Rights Guranteed [sic] by U.S. Const. Amends. I, II, IV, and XIV - 42 U.S.C. § 1983.

Compl. p. 7. In Paragraph 24, Plaintiffs first state that the Ordinance is "vague, arbitrary, capricious, overly broad, and infringes" on their Second Amendment rights because it prohibits "the sale, possession and use of firearms" in the City. *Id.* ¶ 24. Plaintiffs then proceed, however, to list at least 15 provisions of the Ordinance that they claim are arbitrary and capricious, and many of those provisions -- such as the Ordinance's registration requirements, the ban on registering more than one handgun in a month, and the prohibition of possession of handguns outside the home -- are unrelated to the ban on weapons dealers, gun stores and firing ranges. *Id.* Similarly, in Paragraph 25,

Plaintiffs assert that the Ordinance's firearm registration requirements are unconstitutional, but they then list 23 different provisions of the Ordinance that they also claim, in conclusory fashion, are unconstitutional. *Id.* ¶ 25. And at no point do Plaintiffs identify under what constitutional provision(s) they challenge the various provisions of the Ordinance. Defendants therefore do not know, for example, which of the many Ordinance provisions listed in paragraphs 24 and 25 of the Complaint are challenged under the First, Second, Fourth, and/or Fourteenth Amendments.[1] Finally, in their prayer for relief, Plaintiffs ask this Court to enjoin enforcement of the *entire* Ordinance as well as its predecessor ordinance, which has been repealed and therefore has no force and effect. As a result, Count I, in reality, is a broad, convoluted challenge to every provision of the Ordinance, and Defendants are left guessing as to which constitutional provision each of those claims is brought.

Counts II and III similarly violate Rule 10(b). In Count II, Zeiman seeks restitution for the purported seizure of his firearms under the City's repealed former ordinance and states that the "limitations, prohibitions, restrictions and requirements imposed upon him and weapons dealers" listed (presumably) in paragraph 24 and 25 violate the Second and Fourteenth Amendments.[2] *Id.* ¶¶ 32-34. He also asks the Court, like Plaintiffs do in Count I, to enjoin enforcement of the entire Ordinance as well as its now-repealed predecessor. *Id.* at p. 19. Count III is a class action "mirror" of Count II, with Zieman acting as class representative. *Id.* ¶¶ 36-40. Counts II and III -- like Count I -- are therefore broad challenges to every provision of the Ordinance, and Defendants cannot

---

[1] Indeed, Plaintiffs mention other infirmities in describing the provisions of the Ordinance they challenge, such as a burden on interstate commerce, Compl. ¶ 25v, and a taking of their property without just compensation, *id.* ¶ 25r.

[2] In the heading of Count II, Zieman states that he challenges the various provisions of the Ordinance under the First Amendment, *see* Compl. p. 18, but he does not allege how the First Amendment has been violated.

decipher on what grounds each provision is challenged.

Finally, Plaintiffs' state law claims, which are not numbered but appear on pages 24 through 27 of the Complaint, suffer the same defects as their federal claims. For example, the "second" state-law claim is Zieman's individual and class challenge to the entire Ordinance under articles 1, 2, 4, 6, 12, 22, and 24 of the Illinois Constitution, and the "third" claim is Plaintiffs' request for a declaration that the entire Ordinance violates the aforementioned provisions of the Illinois Constitution. Compl. pp. 25-27. Plaintiffs do not explain which of the provisions of the Ordinance violate which of the articles of the Illinois Constitution upon which they base their claim. As a result, Defendants cannot determine what is the exact nature of -- and the basis for -- Plaintiffs' claims.

Based on the manner in which Plaintiffs have structured their Complaint, it is impossible for Defendants to determine which provisions of the Ordinance are at issue and under what constitutional provisions Plaintiffs' challenges lie. For this reason, Plaintiffs have not complied with Rule 10(b), and their entire Complaint should be dismissed pursuant to Rule 12(b)(6).

**II.     Count I Should Be Dismissed as a Matter of Law for Failure to State a Claim.**

   **A.     SAA and ICarry Do Not Have Second Amendment Rights.**

Because SAA and ICarry do not possess any right protected by the Second Amendment, they cannot bring a Second Amendment challenge to any provision of the Ordinance. In *Heller*, 128 S. Ct. at 2799, the Court held the Second Amendment protects an *individual* right to keep and bear arms for purposes of self-defense. Because SAA and ICarry are not individuals, they do not possess any right protected by the Second Amendment. Their Second Amendment claims should therefore be dismissed pursuant to Rule 12(b)(6).

>  B. **Franzese, Zieman, and Kranish Have Not Stated a Claim Regarding Many of the Provisions of the Ordinance Challenged in Count I.**

Franzese, Zieman, and Kranish lack standing to challenge the constitutionality of many of the provisions of the Ordinance listed in Count I, not to mention the other provisions not specifically listed but which they ask the Court to declare unconstitutional. To have standing, a plaintiff must demonstrate three elements: (1) an invasion of a legally recognized interest which is concrete and particularized, actual or imminent, and not conjectural or hypothetical; (2) a causal link between that injury and the defendant's action, such that the injury is fairly traceable to the action complained of; and (3) that a favorable decision will likely redress the injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). If a plaintiff lacks standing to sue, the claim should be dismissed pursuant to Rule 12(b)(1). *See Am. Fed'n of Gov't Employees, Local 2119*, 171 F.3d at 465.

In this instance, Franzese, Zieman, and Kranish do not identify any injury that they have suffered from the enactment or enforcement of the provisions of the Ordinance that are set forth in subsections B-K and M-O of Paragraph 24 and all subsections of Paragraph 25. And with respect to subsections A and L of Paragraph 24, which challenge the ban on gun dealers and the transfer and gifting of firearms, Kranish does not assert an injury which grants him standing to bring those claims.[3] Absent any cognizable injury, Franzese, Zieman, and Kranish have not stated a claim that their constitutional rights have been violated, and their claims should be dismissed pursuant to Rule 12(b)(1).

---

[3] Although Franzese and Zieman arguably assert an injury which would give them standing to challenge the provisions set forth in subsections A and L of Paragraph 24, those claims still fail for the reasons set forth in Part I, *supra*, and II.C, *infra*.

### C. The Second Amendment Does Not Protect a Right to Sell or Transfer Firearms.

To the extent Franzese and Zieman have asserted an injury sufficient to confer standing to challenge the City's prohibition on the sale or transfer of firearms, their claim fails because there is no Second Amendment right to sell or transfer a firearm. The Second Amendment, as construed in *Heller*, protects "the right to possess a handgun in the home for the purpose of self-defense." *McDonald*, 130 S. Ct. at 3050 (2010). *See also United States v. Skoien*, 614 F.3d 638, 640 (7th Cir. 2010) (*en banc*) (right to "keep[] operable handguns at home for self-defense"). *Heller* established no more than this. Indeed, *Heller* "warns readers not to treat [it] as containing broader holdings than the Court set out to establish." *Skoien*, 614 F.3d at 640 (quoting *Heller,* 128 S. Ct. at 2816-17 & n.26 (cautioning that opinion should not be read to "cast doubt" on various "presumptively lawful" restrictions on arms use)). *See also McDonald*, 130 S. Ct. at 3047 (plurality opinion) ("repeat[ing]" *Heller*'s "assurances"). As a result, there is no Second Amendment right to sell or transfer a firearm, and any such claim by Plaintiffs fails.

### D. Plaintiffs Have Not Stated a First or Fourth Amendment Claim.

Although Plaintiffs state in the heading of Count I and in their prayer for relief that they are challenging the Ordinance under the First and Fourth Amendments, Plaintiffs have not stated a claim under either amendment. Plaintiffs make no allegation -- not even a conclusory one -- that any provision of the Ordinance violates the First or Fourth Amendments. Absent such allegations, Plaintiffs have not stated a claim that the Ordinance violates either the First or Fourth Amendments, and those claims should be dismissed from Count I pursuant to Rule 12(b)(6).

### E. Plaintiffs Have Not Stated a Claim that the Ordinance Is Vague or Overly Broad.

Plaintiffs similarly fail to claim that any provision of the Ordinance is vague or overly broad, as they state in paragraph 24 of Count I. Again, Plaintiffs fail to allege which provisions of the Ordinance are unconstitutionally vague or overly broad or identify how such provisions are vague or overly broad. Plaintiffs have therefore not stated a claim that any provision of the Ordinance is vague or overly broad, and such claims, to the extent they are included in Count I, should be dismissed pursuant to Rule 12(b)(6).

### III. Counts II and III Fail to State a Claim Upon Which Relief Can Be Granted.

As discussed above in Part I, Count II is a claim by Zieman for restitution for the purported seizure and destruction of his firearms under the City's former firearms ordinance and a broad constitutional challenge to the entire Ordinance and its now-repealed predecessor, and Count III is a class action "mirror" of Count II, with Zieman acting as class representative. *See* Compl. ¶¶ 31-40. Both Counts II and III fail to state a claim, however, and should be dismissed. Zieman's claim for restitution (and therefore that of the purported class) fails at the outset because Zieman pleads that his firearms were seized and destroyed pursuant to the City's prior firearms ordinance. Contrary to Plaintiffs' assertions, however, no court has ever held that the City's prior firearms ordinance is unconstitutional. In *McDonald*, which challenged the City's prior firearms ordinance, the Supreme Court did not invalidate the City's ordinance; instead, it remanded the matter for further proceedings. *Id.* at 3050. Before the lower courts could determine the constitutionality of the City's ordinance, the City repealed the ban and enacted the Ordinance on July 2, 2010, and *McDonald* was dismissed as moot. *See* Order dated October 12, 2010, a copy of which is attached hereto as Exhibit A.

Because the City's prior firearms ordinance was valid at *all* times prior to its repeal -- and thus was valid whenever Zieman's firearms were seized and destroyed[4] – Zieman (and the purported class) cannot maintain a claim for restitution for seizure and destruction of his firearms based on the supposed invalidity of the ordinance. This claim, contained within Counts II and III, therefore should be dismissed pursuant to Rule 12(b)(6).

The other claim contained within Counts II and III -- Zieman's broad challenge to the Ordinance -- also fails. Although Zieman asks this Court to declare invalid *every* provision of the Ordinance, he does not articulate how each of the provisions of the Ordinance has injured him. At most, Zieman states that he cannot purchase new firearms because the City prohibits gun stores within its borders. Compl. ¶ 33. This is insufficient to demonstrate an injury necessary to confer standing to challenge the ban on gun stores, however, because Zieman does not plead that he is without the ability to purchase firearms outside of the City. Absent an identifiable injury for every provision of the Ordinance, Zieman does not have standing to bring his broad challenge to the entire Ordinance. His claim, as well as that of the purported class, must therefore be dismissed pursuant to Rule 12(b)(1).

**IV.     Plaintiffs' State Law Claims Should Be Dismissed fo Failure to State a Claim.**

Plaintiffs bring three state law claims, but none of them states a claim. First, SAA asks this Court to issue a mandamus directing the City to issue SAA a license to operate as a gun store. Compl. ¶¶ 41-42. This claim fails because no mandamus can issue until such time as the Court

---

[4] Zieman does not state in the Complaint when his firearms were supposedly seized and destroyed. Depending upon when the seizure and destruction occurred, Zieman's claim for restitution could be time-barred. At a minimum, Count III, which seeks to certify a class back to 1982, would fail because there is a two year statute of limitation on claims under 42 U.S.C. § 1983. *See Ashafa v. City of Chicago*, 146 F.3d 459, 461-62 (7th Cir. 1998).

declares the ban on gun stores unconstitutional, and for the reasons discussed above, SAA does not have Second Amendment rights to bring such a claim and even if it did, the Second Amendment does not protect the right to sell or transfer a firearm. The second state-law claim is brought by Zieman, both individually and on behalf of a putative class, and is the state-law equivalent of Counts II and III. Compl. ¶ 43. For the reasons set forth above in Part III, this claim fails. Finally, Plaintiffs bring a state law declaratory judgment claim asking this Court to declare the Ordinance void in its entirety under various provisions of the Illinois Constitution. This claim fails, like their First Claim, because Plaintiffs have not demonstrated an injury sufficient to confer standing to bring the claim. Plaintiffs' state law claims therefore should be dismissed.

### V. Plaintiffs' Challenge to the Predecessor Ordinance Should Be Dismissed as Moot.

Although Plaintiffs ask the Court in each claim for relief to invalidate the City's prior firearms ordinance, that claim is moot because the ordinance has been repealed. As a result, such claims fail as a matter of law and should be dismissed. *See Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994).

### VI. Defendants Mayor Daley, Weis, Del Valle, and Georges Should Be Dismissed As Defendants, Both Individually and in Their Official Capacities.

#### A. Official Capacity.

The Court should dismiss Mayor Daley, Wies, Del Valle, and Georges as defendants to the extent they are sued in their official capacity. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (official capacity suits against public officials are suits against government entity); *Schmidling v. City of Chicago*, 1 F.3d 494, 495 (7th Cir. 1993)

(court properly dismissed mayor from lawsuit seeking to enjoin City from enforcing ordinance); *Graff v. City of Chicago*, 9 F.3d 1309, 1311 (7th Cir. 1993) (affirming dismissal of mayor sued only in official capacity); *St. John's United Church of Christ v. City of Chicago*, 401 F.Supp.2d 887, 896 (N.D. Ill. 2005) (claims against Mayor Daley in official capacity duplicative of claims against City and thus dismissed); *Borromeo v. City of Chicago*, No. 04 C 4078, 2004 WL 2966925, *3-4 (N.D. Il. Nov. 16, 2004) (dismissing claims against Executive Director of City's Department of Construction and Permits because "where the plaintiff also names the local governmental unit as a defendant in the suit, the claim against the individual in his official capacity is redundant."), a copy of which is attached hereto as Exhibit B.

The City is already a defendant in this case, and, as pled by Plaintiffs, Mayor Daley, Wies, Del Valle, and Georges are officers and agents of the City. Compl. ¶¶ 5-8. As a result, the claims against Mayor Daley, Wies, Del Valle, and Georges in their official capacity are duplicative of claims against the City. Mayor Daley, Wies, Del Valle, and Georges should therefore be dismissed as defendants in their official capacities.

**B.     Individual Capacity**.

Plaintiffs' Complaint also contains no basis for their individual claims against Mayor Daley, Wies, Del Valle, and Georges. The doctrine of *respondeat superior* does not apply to section 1983 claims; to be held liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995); *see Kelly v. Municipal Courts of Marion Cty.*, 97 F.3d 902, 909 (7th Cir. 1996) (individual liability under §1983 requires finding that defendant caused deprivation at issue). Plaintiffs do not in their Complaint allege that Mayor Daley, Wies, Del Valle, and Georges took any actions that led to a deprivation of Plaintiffs'

13

constitutional rights. Instead, Plaintiffs allege only that Mayor Daley, Wies, Del Valle, and Georges execute, administer, and enforce the City's laws, customs, policies, and practices.[5] Compl. ¶¶ 5-8. Such generalized allegations are insufficient to demonstrate that Mayor Daley, Wies, Del Valle, and Georges personally caused a deprivation of Plaintiffs' constitutional rights. As a result, Plaintiffs' individual claims against Mayor Daley, Wies, Del Valle, and Georges should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' First Amended Complaint and grant Defendants such further relief as this Court deems just and appropriate.

Date: November 24, 2010

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel for the City of Chicago

By:     /s/William Macy Aguiar
            Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975  / 7129 / 4216

Attorneys for Defendants

---

[5] Plaintiffs also allege that Mayor Daley held a press conference on July 1, 2010 announcing his intention to introduce a new responsible gun owners ordinance in the wake of the Supreme Court's decision in *McDonald*. Compl. ¶ 15. Mayor Daley's statement -- and subsequent introduction of the Ordinance to City Council -- does not constitute an action that deprived Plaintiffs of a constitutional right.