# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 4.1.1
### Eastern Division

Otis McDonald, et al.
                Plaintiff,

v.                                           Case No.: 1:08−cv−03645
                                               Honorable Milton I. Shadur

City of Chicago, et al.
                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 12, 2010:

       MINUTE entry before Honorable Milton I. Shadur:This action is hereby dismissed as moot. Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# EXHIBIT B

Not Reported in F.Supp.2d, 2004 WL 2966925 (N.D.Ill.)
(Cite as: 2004 WL 2966925 (N.D.Ill.))

**H**Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois, Eastern Division.
Angelica BORROMEO, Plaintiff,
v.
CITY OF CHICAGO, a municipal corporation; and John Roberson, individually and in his official capacity as Executive Director of the Department of Construction and Permits for the City of Chicago, Defendants.
No. 04 C 4078.

Nov. 16, 2004.

Angelica Borromeo, Chicago, IL, pro se.

David A. Hemenway, Law Offices of David A. Hemenway, Chicago, IL, for Plaintiff.

Jay Michael Kertez, Joseph Francis Graham, City of Chicago, Law Department Corporation Counsel, Mara Stacy Georges, Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

DARRAH, J.

*1 Plaintiff, Angelica Borromeo, filed suit against Defendant, City of Chicago, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for sex and race discrimination (Counts I and II, respectively); violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, for age discrimination (Count III); retaliation under Title VII (Count VII); and retaliation under the ADEA (Count VIII). Borromeo also alleges claims against both the City and Defendant John Roberson, the Executive Director of her department, for violations of her equal protection rights against sex and race discrimination pursuant to 42 U.S.C. § 1983 (Counts IV and V, respectively) and race discrimination pursuant to 42 U.S.C. § 1981 (Count VI). Presently before the Court is the City's Partial Motion to Dismiss Claims I Through VI.

BACKGROUND

A reading of Borromeo's Complaint supports the following summary of the alleged conduct of the parties.

Borromeo has worked for the City of Chicago as an architect for several years. Her job title has been "Architect IV" from 1992 to the present. From 1992 to approximately March of 2003, Borromeo worked in the Permits Division of the Department of Buildings, which is located in City Hall in downtown Chicago. Her assignments included extensive architectural and certification work on major, high-profile projects.

On or about December of 2002, the City formed a new department, the Department of Construction and Permits ("DCAP"). Roberson, the Commissioner for Buildings and Permits prior to the City's reorganization, was in charge of overseeing the DCAP as its Executive Director. At the time of this reorganization, seven Architect IVs, including Borromeo, worked in DCAP performing self-certification and other architectural work.

In April of 2003, Borromeo, along with one other older female, was transferred by Roberson from her City Hall location to a facility located on West Addison Avenue in Chicago, where she remains presently employed as an "Architect IV," the same job title of the position she had at City Hall in the Permits Division. However, Borromeo claims that this transfer was effectively a demotion for several reasons. First, Borromeo's present position at the Addison Avenue office involves largely secretarial and clerical work, whereas she previously conducted "self-certification" and worked on major, multi-million dollar projects requiring her professional architecture skills. Secondly, her present position does not provide opportunities for overtime pay, a characteristic common to her City Hall position. Third, her office conditions of the Addison Avenue are significantly inferior to those of her former position at City Hall. Lastly, as a result of this demotion, Borromeo no longer has any opportunity for promotion or career advancement in her position at the Addison Avenue office.

After her transfer to the Addison Avenue location, Borromeo, a member of the American Federation of

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2004 WL 2966925 (N.D.Ill.)
**(Cite as: 2004 WL 2966925 (N.D.Ill.))**

State, County, and Municipal Employees, Council 31 ("Local 31"), filed a grievance alleging that her transfer violated certain provisions of the applicable collective bargaining agreement between Local 31 and the City. On or about February 6, 2004, the City settled the grievance by agreeing to consider Borromeo for the next declared Architect IV vacancy in the DCAP City Hall office. However, Architect IV vacancies have become available in the City Hall office, but the City and Roberson have not considered or hired Borromeo for any of the vacancies. Subsequently, the City and Roberson filled the vacancies by hiring or transferring younger, male, and non-Asian employees. Thus, Borromeo alleges the City has continued to discriminate against her by its failure to consider or select her for the vacancies.[FN1]

> FN1. The Court does not address whether a cause of action lies, or could lie, in this Court as to the alleged breach of the settlement reached in Plaintiff's union grievance.

*2 On or about May 4, 2003, Borromeo filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that the City discriminated against her on the basis of her sex and race, in violation of Title VII, and on the basis of her age, in violation of the ADEA.[FN2]

> FN2. Borromeo originally alleged in her Complaint that she was discriminated against based on her national origin; however, she voluntarily dismissed this claim.

ANALYSIS

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. See *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000). Dismissal is warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir.1995).

The City seeks to dismiss Borromeo's claims in Counts I, II, and III, alleging that the transfer was, in effect, a demotion. The City contends that these claims are outside the scope of Borromeo's original EEOC charge and, thus, deprive the employer of the requisite notice of these claims.

Title VII and ADEA plaintiffs must initially bring a charge with the appropriate administrative body, *i.e.*, the Equal Employment Opportunity Commission ("EEOC"), before pursuing a claim in federal court; and, thus, Title VII and ADEA claims cannot be brought if they were not included in the plaintiff's EEOC complaint(s). *Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir.2000); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir.1985). An exception to this general rule, which allows a claim not included in the EEOC complaint to be pursued in federal court, exists when that subsequent claim is "reasonably related" to the claim that was included in the EEOC charge. *Vela*, 218 F.3d at 664 (citing *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994)). To be reasonably related, a factual relationship must exist between both claims; specifically, a claim in a Title VII plaintiff's complaint and an EEOC charge are reasonably related when the subsequent claim can be reasonably expected to be developed from an investigation of the allegations in the EEOC charge. *Cheek*, 31 F.3d at 500; *Egan v. Palos Community Hospital*, 889 F.Supp. 331, 337 (N.D.Ill.1995) (referring to ADEA claims). Furthermore, a court may go outside of the four corners of the EEOC charge if equitable considerations owed to the plaintiff outweigh the notice requirement owed to the employer, see *Vela*, 218 F.3d at 663, although all charges to be considered "shall be in writing under oath or affirmation," pursuant to 42. U.S.C. § 2000e-5(b) and 29 C.F.R. § 1601.9. Likewise, additional allegations or documents considered cannot expand the scope of the allegations in the original EEOC charge; but, rather, they may only "clarify or amplify" the original charge allegations. 29 C.F.R. § 1601.12(b); *Cheek*, 31 F.3d at 503; *see also Novitsky v. American Consulting Engineers, L.L.C.*, 196 F.3d 699, 702 (7th Cir.1999) (7th Circuit has not decided whether it will consider an intake questionnaire containing crucial information for a claim from a *pro se* person who signs a charge prepared by the EEOC which omits that information) (concurring opinion).

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2004 WL 2966925 (N.D.Ill.)
(Cite as: 2004 WL 2966925 (N.D.Ill.))

*3 Courts will give Title VII *pro se* plaintiffs leeway in regards to the administrative specificity requirement in EEOC complaints. The basis for this liberal construction is to give *pro se* plaintiffs leeway by construing their allegations in light of the strongest arguments that they may suggest when deciding whether the claims in the complaint are encompassed by the EEOC charge. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir.1998).

Borromeo's demotion claims within Counts I, II, and III would be expected to be discovered during an investigation by the EEOC of her transfer claims; therefore, they are within the scope of the original EEOC charge. Borromeo's EEOC charge alleges that she was "transferred to a less favorable location" and that her duties were given to other employees, which indicate that she perceived this transfer to be a demotion. Moreover, the effective demotion involves the exact same set of facts as the transfer; thus, a reasonable investigation would have uncovered these claims. Accordingly, the City's Motion to Dismiss all demotion claims is denied.

Next, the City contends that Borromeo's "failure to hire" claims are outside the scope of her EEOC charge. Borromeo alleges in her Complaint that the City failed to select her for the vacancies of Architect IV positions at the City Hall location, despite its collective bargaining agreement to do so. While Borromeo concedes that the claims are not directly implicated in her EEOC charge, she requests the Court to include outside documents as evidence that the "failure to hire" claims were, in fact, part of the EEOC's investigation and, therefore, are considered within the scope of the original EEOC charge.

Borromeo's "failure to consider or hire" claims were not within the scope of her EEOC charge. Borromeo's EEOC charge only alleges discrimination regarding her transfer to the Addison Avenue office. It does not address any discrimination that allegedly occurred outside or as a result of the transfer; thus, these claims would not likely be discovered during the EEOC's investigation of the charge. Furthermore, allowing Borromeo's charge to encompass her "failure to consider or hire" claims would deprive the City of notice of these charges. While there may well be documents indicating that the EEOC considered Borromeo's "failure to consider or hire" claims as within the scope of her allegations, these documents remain unsworn and outside of the Complaint and, thus, cannot not be considered. Thus, Borromeo's "failure to consider or hire" claims are stricken.

The City seeks to dismiss as redundant Borromeo's claims contained in Counts IV, V, and VI against Roberson in his official capacity. Borromeo contends that Roberson, in his official capacity, is a necessary party in this litigation.

For alleged civil rights violations, such as those brought under 42 U.S.C. § 1983 or § 1981, "claims against a public official in his official capacity are equivalent to claims against the governmental authority of which the official is an agent." *Riley v. Sheahan*, 2004 WL 1895198, *3 (N.D.Ill.2004) (citing *Tapia v. City of Greenwood*, 965 F.2d 336, 338 (7th Cir.1992)); *see also Kentucky v. Graham*, 473 U.S. 159, 166-167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Therefore, where the plaintiff also names the local government unit as a defendant in the suit, the claim against the individual in his official capacity is redundant. *Searles v. Bd. of Education of the City of Chicago/Chicago School Reform Bd. of Trustees*, 2004 WL 1474583, *4 (N.D.Ill.2004) (citing *Moore v. Bd. of Educ. of City of Chicago*, 300 F.Supp.2d 641, 646 (N.D.Ill.2004).

*4 Because Borromeo has already named the City as a defendant for the identical §§ 1983 and 1981 alleged violations, these claims are duplicative. Therefore, the claims against Roberson in his official capacity are stricken.

CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss is denied in part and granted in part. Borromeo's "failure to consider or hire" claims under Counts I, II, and III and the official capacity claims against Roberson in Counts IV, V, and VI are stricken.

N.D.Ill.,2004.
Borromeo v. City of Chicago
Not Reported in F.Supp.2d, 2004 WL 2966925 (N.D.Ill.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.