IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECOND AMENDMENT ARMS, )<br>(a d/b/a of R. Joseph Franzese),)<br>R. JOSEPH FRANZESE, individually)<br>and d/b/a SECOND AMENDMENT ARMS,)<br>ROBERT M. ZIEMAN, SR., ICARRY, )<br>an unincorporated Association )<br>a d/b/a of Shaun Kranish), and )<br>SHAUN A. KRANISH, )<br> )<br> Plaintiffs, )<br> )<br> v. )<br> )<br>CITY OF CHICAGO, a municipal )<br>corporation, RICHARD M. DALEY, )<br>individually and as the Mayor )<br>of the City of Chicago, JODY )<br>P. WEIS, Superintendent of )<br>Police of the City of Chicago, )<br>MIGUEL DEL VALLE, City Clerk )<br>of the City of Chicago, and )<br>MARA GEORGES, individually and )<br>as Corporation Counsel of the )<br>City of Chicago, )<br> )<br> Defendants. ) | Civil Case No: 1:10-cv-4257<br><br>Hon. Robert M. Dow, Jr.<br>U.S. District Court Judge<br><br>Hon. Sheila M. Finnegan<br>U.S. Magistrate Judge |

PLAINTIFFS' MOTION TO ENLARGE TIME
AND FOR LEAVE TO FILE MEMORANDUM IN
OPPOSITION DEFENDANTS' MOTION TO DISMISS

Now comes Plaintiffs, SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, ROBERT M. ZIEMAN, SR., ICARRY, an unincorporated Association (a d/b/a of Shaun Kranish), and SHAUN A. KRANISH, by and through his attorney, Walter P. Maksym and respectfully requests that he be granted leave to file their Memorandum in Opposition to Defendants' Motion to Dismiss (Plaintiffs' Memorandum), stating as follows:

    1.   This Court entered and order setting January 21, 2011

for Defendants to file their Memorandum in Opposition to Defendants' Motion to Dismiss and for Defendants to file their Reply Memorandum by February 16, 2011.

2. At all times relevant, Plaintiff's undersigned counsel, a solo practitioner who is right-handed, has been laboring under several physical handicaps. He has and is suffering from, *inter alia*, a painful and limiting physical ailment diagnosed by his physician as bilateral carpal tunnel syndrome. Said condition, a permanent physical disability, confirmed by objective scientific testing, affects the use of his the right hand, fingers, wrist and arm and causes, *inter alia*, writer's cramp. Said disability rendered the undersigned counsel to be unable complete the California Bar Exam (Attorneys Essay Exam) He was thereafter was diagnosed and has been treated by Hilliard E. Slavick, M.D. of Clinical Neurosciences, S.C. of Chicago, a duly licensed as a physician and surgeon in Illinois and Arizona who is Boarded in Adult Neurology and Pain Management and is also a Professor of Neurology at the Northwestern University Medical School.

3. That Dr. Slavick advised the undersigned counsel, as reflected in his above referenced certification to the California Board of Bar Examiners, that said condition is an irreversible and progressive disability that has developed over almost forty (40) years of performing, *inter alia*, repetitive tasks involving the use of the hand in connection with the practice of law.

4. The undersigned counsel's permanent disability has and continues impose difficulty upon and now generally interferes with the undersigned counsel's law practice and his ability to perform related tasks on a timely basis by diminishing his ability to write neatly, accurately and at a customary and normal speed. It renders the performance of virtually all

normal, everyday tasks painful and reducing his performance of such professional related services and tasks to approximately one third (1/3) his former normal speed, in the expert opinion of said physician and in the experience of the undersigned counsel.

5.   Said disability makes it difficult and time consuming for the undersigned counsel to read his own writing and notes that are often illegible despite his best efforts to the contrary. In order to perform writing, computer and other tasks such as those associated with the preparation of pleadings, motions and briefs, etc. To accomplish such tasks, the undersigned counsel must take frequent and time consuming breaks in order to manage counsel's pain and discomfort. Therefore, the undersigned counsel now regularly needs and requires, of necessity, approximately three (3) times the time it once took him and would take an individual not so disabled to perform and complete writing and associated tasks relating to the preparation of legal documents such as the preparation, *inter alia*, of pleadings and briefs, etc.

6.   Based on the foregoing permanent disability and inability to complete the California Bar Exam within the time limitation proscribed by the California Board of Bar Examiners, the undersigned counsel successfully petitioned said Board of Bar Examiners for special accommodations in order retake said exam at a later date. The State Bar of California has officially acknowledged said disability as permanent and limiting and therefore has recently granted the undersigned counsel special accommodations to counsel reserved only for disabled persons upon verified proof thereof by reason of said counsel's aforesaid permanent disability. After being accorded special accommodations the undersigned counsel was able to complete and pass said bar exam.

7. Plaintiffs' undersigned counsel has also been diagnosed and suffering from cancer and is undergoing treatment by Dr. David Samadi, his oncologist who is a Professor of Robotic and Minimally invasive cancer surgery at Mt. Sinai School Medicine in New York, and who recently prescribed that he undergo time consuming bone scans that he underwent at Northwestern Memorial Hospital in January 2011.

8. Additionally and beyond the above physical difficulties, undersigned counsel has also became further disabled by chronic and debilitating back and degenerative hip-joint and knee problems that have further interfered with his ability to practice as well as his mobility and normally daily affairs and activities and that has caused him chronic pain, suffering and discomfort that has required him to take prescription medications ongoingly.

9. As a result thereof, in January 2011 Plaintiffs' undersigned counsel also underwent time consuming consultations, x-rays, and preoperative testing and evaluations by his orthopaedic surgeon, Dr. Richard Wixon, Professor of Orthopeadics at Northwestern University Medical School, who has recommended he undergo two total hip and two knee replacements as the only method to regain mobility and hopefully diminish his chronic, debilitating pain.

10. By reason of the convergence of foregoing events, and circumstances and the other obligations of demands of said counsel's pressing professional demands of other litigation and appellate practice his ability to redo and complete and timely file said Plaintiffs' Memorandum, it has become necessary to request leave to file same.

11. Notwistanding the foregong, Plaintiffs' undersigned counsel has expended substantial time, effort and research in the preparation of said Plaintiffs' Memorandum.

12. But for the foregoing constraints, events, occurrences, disability, circumstances and other pressing obligations of the undersigned counsel's practice, who is the only attorney of record and knowlegible in this matter, he would have been able to timely filed Plaintiffs' Memorandum pursuant to this Court's prior order.

13. By reason of the foregoing good cause exists to grant leave to file said Plaintiffs' Memorandum, which will assist this Court in its determination.

14. Further, it is in the interests of justice to resolve matters on the merits and the grant of this Motion will work substantial justice and fairness between the parties without imposing an undue hardship or prejudice upon Defendants.

15. This Motion is made in good faith for purposes of necessity only in order to obtain additional time to complete and file Plaintiffs' Memorandum, and attend to pressing and critical health and other matters and not for purposes of delay.

16. Plaintiff's counsel verifies this Motion pursuant to the Certification hereto.

WHEREFORE, Plaintiff respectfully prays that this Court enter an order granting leave to file his Plaintiffs' Memorandum, extend the time for Defendants to file their Reply thereto and grant such other further relief as this Court may deem fair, just and proper in the premises.

Respectfully submitted,

R. JOSEPH FRANZESE d/b/a/ SECOND AMENDMENT ARMS, ROBERT M. ZIEMAN, SR., ICARRY and SHAUN A. KRANISH, Plaintiffs,

By _/s/ Walter Maksym_____
    WALTER MAKSYM, their attorney

## VERIFICATION BY CERTIFICATION

  The undersigned attorney certifies that he has read the foregoing instrumentt, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.


          */s/ Walter Maksym*


Walter P. Maksym
Attorney at Law
2056 N. Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (312) 218-4475
e-mail: wmaksym@gmail.com