IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS, (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, ROBERT M. ZIEMAN, SR., ICARRY, an unincorporated Association a d/b/a of Shaun Kranish), and SHAUN A. KRANISH, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Case No: 1:10-cv-4257 |
| v. | ) ) | Hon. Robert M. Dow, Jr. U.S. District Court Judge |
| CITY OF CHICAGO, a municipal corporation, RICHARD M. DALEY, individually and as the Mayor of the City of Chicago, JODY P. WEIS, Superintendent of Police of the City of Chicago, MIGUEL DEL VALLE, City Clerk of the City of Chicago, and MARA GEORGES, individually and as Corporation Counsel of the City of Chicago, | ) ) ) ) ) ) ) ) | Hon. Sheila M. Finnegan U.S. Magistrate Judge |
| Defendants. | ) | |

PLAINTIFFS' RESPONSE
TO DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT

NOW COMES Plaintiffs, by and through their attorney, Walter P. Maksym, Jr., and submit the following response to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (the "Complaint"):

1.    Plaintiffs admit that they challenge the City's "Responsible Gun Owners' Ordinance" (the "Ordinance"), enacted on July 2, 2010 by the Chicago City Council in response to the United States Supreme Court's decision in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010) which declared Defendants' gun ban ordinance unconstitutional and that upheld an individual's Second Amendment right to possess a handgun in the home for self-defense, first recognized in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), applies to the states.

2.      Plaintiffs deny that their Complaint fails to state a claim and should be dismissed as a matter of law pursuant to Rule 12(b)(6) or that they lack standing to challenge the Ordinance, requiring dismissal pursuant to Rule 12(b)(1).

3.      Plaintiffs deny that their Complaint does not plainly and clearly state their claims in violation of Fed. R. Civ. P. 10(b) and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

4.      Plaintiffs deny that their First Claim fails to state a claim and should be dismissed pursuant to Rule 12(b)(6). To the extent Plaintiffs SAA and icarry challenge some or all of the Ordinance under the Second Amendment, those claims do not fail because the Second Amendment "only confers an individual right, and they **are** not individuals". Moreover, Plaintiffs are all individuals that deny that their challenge to the Ordinance's total ban on the sale or transfer of firearms fails because the Second Amendment does not protect such a right. Plaintiffs further deny their First and Fourth Amendment claims, as well as their claims that the standardless Ordinance is unconstitutionally vague and overly broad and thus deny due process, fail because they make allegations in support of such claims. Further, Plaintiffs Franzese, Zieman, and Kranish have standing to challenge any of the other provisions of the Ordinance because they have identified constitutional and financial injuries they have suffered from their enforcement, and therefore their claims should not be dismissed pursuant to Rule 12(b)(1).

5.      Plaintiffs' Second Claim, in which Plaintiff Zieman asks this Court, *inter alia*, to order Defendants to pay restitution for firearms that were seized under the City's prior ordinance banning handgun possession in the City and challenges under the First, Second, and Fourteenth Amendments the entire Ordinance and its predecessor, and the "Third Claim for Relief," which is not identical to the Second Claim because it is brought on behalf of a putative class, should not be dismissed. Said claim for restitution does not fail because Zieman's firearms were seized

pursuant to an ordinance that is unconstitutional, and his loss and deprivation of his property articulates an injury sufficient to challenge the Ordinance

**6.** Plaintiffs deny that their three pendant state-law claims should be dismissed because they do not suffer from the "same defects" Defendants ascribe to their federal claims.

7. Plaintiffs deny that their constitutional challenge to the City's now-repealed prior handgun ordinance should be dismissed as moot.

8. Plaintiffs deny that no basis exists for their claims against Defendants Daley, Del Valle, Wies, and Georges, either individually or in their official capacities, so they should not be dismissed as defendants from this action.

9. Based on the forgoing reasons, as are set forth more fully in Plaintiffs Memorandum in Opposition to Defendants' Memorandum of Law incorporated herein, Plaintiffs' Complaint should not be dismissed pursuant to Rule 12(b)(1) and 12(b)(6).

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully pray that this Court deny Defendants' Motion to Dismiss and grant them such other and further relief as it may deem just and proper in the premises.

Respectfully submitted,

_/s/ Walter P. Maksym, Jr._____
Walter P. Maksym, Jr., Plaintiffs' Attorney

Walter P. Maksym, Jr.
Attorney at Law
2056 N. Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (312) 218-4475
e-mail: wmaksym@gmail.com