IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECOND AMENDMENT ARMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10-CV-4257 |
| ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, et al., ) | Magistrate Judge Sheila M. Finnegan |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants City of Chicago (the "City"), Mayor Richard M. Daley, Superintendent Jody P. Weis, Miguel Del Valle, and Mara S. Georges (collectively,"Defendants"), by their counsel, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby file this reply in support of their motion to dismiss the First Amended Complaint ("Complaint" or "Compl.") filed by Plaintiffs Second Amendment Arms ("SAA"), R. Joseph Franzese, Robert M. Zieman, Sr., ICarry, and Shaun A. Kranish (collectively, "Plaintiffs").

**INTRODUCTION**

Nothing stated by Plaintiffs in their Memorandum in Opposition to Defendants' Motion to Dismiss First Amended Complaint ("Plaintiffs' Opposition" or "Pl. Opp.") saves their Complaint from dismissal pursuant to Rules 12(b)(1) and 12(b)(6).[1] Plaintiffs devote considerable space in their Opposition to issues completely irrelevant to the arguments made by Defendants in their Memorandum in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint

---

[1] Although the Court granted Plaintiffs leave to file a response brief of 20 pages, Plaintiffs' Opposition is not double-spaced and in twelve point font as required by Northern District of Illinois Local Rule 5.2.

("Memorandum" or "Def. Mem."), such as whether the rights guaranteed under the Second Amendment are fundamental, whether strict scrutiny is the proper level of review for the Court to apply in determining the constitutionality of the City's Responsible Gun Owners' Ordinance (the "Ordinance"), and whether the Illinois Constitution guarantees a right to keep and bear arms. *See* Pl. Opp. at 8-13, 17-19. And Plaintiffs discuss at length, and repetitively, the standard for dismissal under Rule 12(b)(6). *See id.* at 1-5. What is missing from Plaintiffs' Opposition, however, is any substantive response to many of the grounds for dismissal argued by Defendants in their Memorandum. In those instances in which Plaintiffs actually respond to an argument made by Defendants, Plaintiffs fail to demonstrate that their claims should not be dismissed. As a result, this Court should dismiss Plaintiffs' Complaint for the reasons set forth below and in Defendants' Memorandum.

## ARGUMENT

**I.  Plaintiffs' Complaint Does Not Comply with Fed. R. Civ. P. 10(b)**.

At the outset, Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) because it does not comport with the requirements of Rule 10(b). Rule 10(b) provides:

> A party must state its claims or defenses in numbered paragraphs, *each limited as far as practicable to a single set of circumstances*. A later pleading may refer by number to a paragraph in an earlier pleading. *If doing so would promote clarity, each claim founded on a separate transaction or occurrence -- and each defense other than a denial -- must be stated in a separate count or defense*.

Fed. R. Civ. P. 10(b) (emphasis added). As discussed in Defendants' Memorandum, Plaintiffs fail to bring a separate claim for each provision of the Ordinance they challenge. *See* Def. Mem. at 4-7. Indeed, each count of the Complaint challenges myriad provisions of the Ordinance and does so

under multiple constitutional provisions. *See id.* Plaintiffs' Complaint therefore does not comply with the requirements of Rule 10(b) and should be dismissed for this reason alone. *See Frederiksen v. City of Lockport*, 384 F.3d 437 (7th Cir. 2004).

In their Opposition, Plaintiffs accuse Defendants of taking a "'head-in-the-sand' approach" because, Plaintiffs contend, the Complaint puts Defendants "on fair notice as to the fact that their Ordinance is challenged under the First, Second, Fourth, and/or Fourteenth Amendments." Pl. Opp. at 5. Plaintiffs' argument misses the mark, however.[2] The Complaint violates Rule 10(b) because each count of the Complaint challenges multiple provisions of the Ordinance as violating several constitutional amendments, but does not specify which provision of the Ordinance is challenged under which constitutional amendment. Plaintiffs actually concede this structural flaw in their Opposition when they state that "each count of Plaintiffs' Complaint challenges the constitutionality [of] a *plethora* of deficient provisions [of the] [C]ity's Ordinance[] under *multiple* Constitutional provisions." *Id.* at 5 (emphasis added). Plaintiffs further acknowledge that in Counts II and III, they seek "to enjoin enforcement of the entire Ordinance as well as its now-repealed predecessor." *Id.* at 13.

The stated purpose of Rule 10(b) is to "promote clarity" by requiring that each claim founded on a separate occurrence or transaction *must* be stated in a separate count. Fed. R. Civ. P. 10(b) (emphasis added). Plaintiffs' Complaint does not follow the requirements of Rule 10(b), leaving Defendants guessing which provision of the Ordinance is challenged under which constitutional amendment. The plain language of Rule 10(b) -- and its stated purpose of clarity – requires Plaintiff

---

[2] Plaintiffs also cite and discuss *Andrews v. State*, 50 Tenn. 165, 178 (1871), in their section responding to Defendants' argument under Rule 10(b). *See* Pl. Opp. at 5-6. That case, however, has nothing to do with compliance with Rule 10(b).

to bring a separate count for each provision of the Ordinance they challenge and specify the constitutional basis for that claim. Because Plaintiffs did not do so, their entire Complaint should be dismissed pursuant to Rule 12(b)(6).

**II.      Count I Should Be Dismissed as a Matter of Law for Failure to State a Claim.**

**A.      SAA and ICarry Do Not Have Second Amendment Rights.**

Defendants argued in their Memorandum that SAA and ICarry cannot bring any challenge to the Ordinance under the Second Amendment because they are not individuals and the Second Amendment only protects an *individual* right to keep and bear arms for purposes of self-defense. *See* Def. Mem. at 7. Plaintiffs appear to contend that SAA and ICarry can bring a Second Amendment claim because they are "d/b/as" of Plaintiffs Franzese (SAA) and Kranish (ICarry), *see* Pl. Opp. at 6, but this argument fails.[3] First, if SAA and ICarry are merely "d/b/as" of Franzese and Kranish and are not legal entities with an existence separate and apart from Franzese and Kranish, then SAA and ICarry are not entities that can sue or be sued. The proper claim would belong to Franzese and Kranish, both of whom are Plaintiffs in this case, in their individual capacities. Second, Plaintiffs' Complaint alleges that ICarry is "an unincorporated Second Amendment rights[,] education, advocacy and membership *association*." Compl. ¶ 3. (emphasis added). An association, by definition, is not an individual and therefore does not have Second Amendment rights. As a result, neither SAA nor ICarry are proper plaintiffs, and their Second Amendment claims should be dismissed pursuant to Rule 12(b)(6).

---

[3] In their Opposition, Plaintiffs state that "[u]nfortunately, [they] cannot control the extent Defendants were and evidently remain quite willing to deliberately ignore and trample upon the U.S. and Illinois Constitutions." Pl. Opp. at 6. Such *ad hominem* attacks are unnecessary, improper, and do nothing to assist the Court in resolving the issues before it.

> **B.    Franzese, Zieman, and Kranish Have Not Stated a Claim Regarding Many of the Provisions of the Ordinance Challenged in Count I.**

Defendants contend that Franzese, Zieman, and Kranish lack standing to challenge the provisions of the Ordinance that are set forth in subsections B-K and M-O of Paragraph 24 and all subsections of Paragraph 25 of the Complaint because they do not identify any injury that they have suffered from the enactment or enforcement of those provisions. *See* Def. Mem. at 8. And Defendants also argue that Kranish lacks standing to challenge the provisions set forth in subsections A and L of Paragraph 24, which challenge the ban on gun dealers and the transfer and gifting of firearms, because he does not assert any injury from their enactment or enforcement. *See id.* Because they lack standing, the claims should be dismissed pursuant to Rule 12(b)(1). *See id.*

Plaintiffs assert that Franzese, Zieman, and Kranish have standing to challenge the provisions of the Ordinance set forth subsections B-K and M-O of Paragraph 24 and all subsections of Paragraph 25 because they "clearly identify constitutional and financial injuries that they have suffered, are suffering, or may well suffer form the enactment of" those provisions. Pl. Opp. at 6. And they assert that Kranish has standing to challenge the provisions of the Ordinance described in subsections A and L of Paragraph 25 because he "assert[s] a correlate injury -- not being able to buy, sell or gift firearms." *Id.* at 6-7. Plaintiffs fail, however, to identify where in the Complaint such injuries are alleged, and that is because they cannot be found in the Complaint. For example, Plaintiffs fail to identify in their Complaint what injury they have suffered as a result of the City's requirement that each firearm possessed within the City have a registration certificate. Compl. ¶ 25a.

Because Plaintiffs have not articulated a cognizable injury that they have suffered for each of the provisions of the Ordinance listed above, they have not stated a claim that their constitutional

rights have been violated, and their claims should be dismissed pursuant to Rule 12(b)(1).

### C. The Second Amendment Does Not Protect a Right to Sell or Transfer Firearms.

As set forth in Defendants' Memorandum, the Supreme Court has recognized that the Second Amendment, as construed in *District of Columbia v. Heller*, 128 S.Ct. 2783 (2008), protects "the right to possess a handgun in the home for the purpose of self-defense" only. *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3050 (2010). Indeed, *Heller* "warns readers not to treat [it] as containing broader holdings than the Court set out to establish." *United States v. Skoien*, 614 F.3d 638, 640 (7th Cir. 2010 (quoting *Heller,* 128 S. Ct. at 2816-17 & n.26 (cautioning that opinion should not be read to "cast doubt" on various "presumptively lawful" restrictions on arms use)). *See also McDonald*, 130 S. Ct. at 3047 (plurality opinion) ("repeat[ing]" *Heller*'s "assurances"). As a result, there is no Second Amendment right to sell or transfer a firearm, and to the extent Franzese and Zieman challenge the City's prohibition on the sale or transfer of firearms, their claim fails.

In their Opposition, Plaintiffs fail to identify where in *Heller*, or even *McDonald*, the Supreme Court recognized that the Second Amendment protects the right to sell or transfer a firearm. They assert that Defendants' position is "disingenuous, if not nonsensical, or preposterous," based on *McDonald*, but they fail to explain how this is so. *See* Pl. Opp. at 7. And the fact that the *Heller* Court cited *Andrews v. State*, 50 Tenn. 165 (1871), clearly does not mean that the Supreme Court recognized in *Heller* that the Second Amendment protects the right to sell or transfer a firearm. Indeed, the Court did not cite *Andrews* for the proposition that the Second Amendment protects the right to sell or transfer a firearm. *See Heller*, 128 S.Ct. at 2806, 2809, 218. In sum, Plaintiffs have offered no argument demonstrating that the reach of the Second Amendment extends to the sale or transfer of firearms.

### D. Plaintiffs Have Not Stated a First or Fourth Amendment Claim.

Although Plaintiffs state in the heading of Count I and in their prayer for relief that they are challenging the Ordinance under the First and Fourth Amendments, Plaintiffs make no allegation at all that any provision of the Ordinance violates either amendment. *See* Def. Mem. at 9. In their Opposition, Plaintiffs submit that they have stated a claim that the Ordinance denies them "the right to engage in the bearing, sale, purchase, transfer, gifting and practice use [sic] of a lawful product in Chicago." Pl. Opp. at 15. But Plaintiffs' Complaint – and also their Opposition – fail to allege how each provision of the Ordinance (assuming, of course, that they are challenging each and every provision) violates both the First and Fourth Amendments. Plaintiffs' conclusory claims, highlighted by their cursory treatment of Defendants' argument in their Opposition, warrants dismissal pursuant to Rule 12(b)(6).

### E. Plaintiffs Have Not Stated a Claim that the Ordinance Is Vague or Overly Broad.

Plaintiffs similarly fail in their Opposition to demonstrate that their Complaint properly states a claim that the Ordinance is vague or overly broad, as they state in paragraph 24 of Count I. As set forth in Defendants' Memorandum, Plaintiffs fail to allege which provisions of the Ordinance are unconstitutionally vague or overly broad or identify how such provisions are vague or overly broad. *See* Def. Mem. at 10. Nor do they even attempt to do so in their Opposition. *See* Pl. Opp. at 15. Plaintiffs simply have not stated a claim that any provision of the Ordinance is vague or overly broad, and such claims, to the extent they are included in Count I, should be dismissed pursuant to Rule 12(b)(6).

### III. Counts II and III Fail to State a Claim Upon Which Relief Can Be Granted.

In response to Defendants' arguments that Counts II and III fail to state a claim, Plaintiffs assert that Zieman (and the purported class) has stated a restitution for the seizure and destruction of his firearms under the City's now-repealed ordinance because the Supreme Court held in *McDonald* that the prior ordinance was unconstitutional. *See* Pl. Opp. at 16. This is simply incorrect. As set forth in Defendants' Memorandum, no court has ever held that the City's prior firearms ordinance is unconstitutional. *See* Def. Mem. at 10-11. In *McDonald*, which challenged the City's prior firearms ordinance, the Supreme Court did not invalidate the City's ordinance; instead, it remanded the matter for further proceedings. 130 S.Ct at 3050. Before the lower courts could determine the constitutionality of the City's ordinance, the City repealed the ban and enacted the Ordinance on July 2, 2010, and *McDonald* was dismissed as moot. *See* Def. Mem, Ex. A. Because the City's prior firearms ordinance was valid at *all* times prior to its repeal -- and thus was valid whenever Zieman's firearms were seized and destroyed[4] – Zieman (and the purported class) cannot maintain a claim for restitution for seizure and destruction of his firearms based on the supposed invalidity of the ordinance. Contrary to Plaintiffs' assertion, Defendants are not "split[ting] hairs," because if the *McDonald* Court wanted to invalidate the City's prior ordinance, it certainly knew how to do so. The fact that the Court did not do so -- coupled with the City's Council's repeal of that ordinance -- dooms this claim (contained in both Counts II and III) to dismissal pursuant to Rule 12(b)(6).

---

[4] Defendants reiterate that depending upon when the seizure and destruction occurred, Zieman's claim for restitution could be time-barred. At a minimum, Count III, which seeks to certify a class back to 1982, would fail because there is a two year statute of limitation on claims under 42 U.S.C. § 1983. *See Ashafa v. City of Chicago*, 146 F.3d 459, 461-62 (7th Cir. 1998).

The other claim contained within Counts II and III -- a repeat of Zieman's broad challenge to the Ordinance contained in Count I -- also fails, and Plaintiffs offer no real argument to the contrary. Defendants argue in their Memorandum that although Zieman asks this Court to declare invalid *every* provision of the Ordinance, he does not articulate how each of the provisions of the Ordinance has injured him. Absent an identifiable injury for every provision of the Ordinance, Zieman does not have standing to bring his broad challenge to the entire Ordinance. His claim, as well as that of the purported class, must therefore be dismissed pursuant to Rule 12(b)(1).

## IV. Plaintiffs' State Law Claims Should Be Dismissed for Failure to State a Claim.

Plaintiffs offer no argument in their Opposition as to why this Court should not dismiss their three state law claims. Defendants maintain that SAA's request that this Court issue a mandamus directing the City to issue SAA a license to operate as a gun store fails because no mandamus can issue until such time as the Court declares the ban on gun stores unconstitutional and then only if such an application is denied. *See* Def. Mem. at 11-12. Moreover, SAA does not have Second Amendment rights to bring such a claim and even if it did, the Second Amendment does not protect the right to sell or transfer a firearm. *See id.* Plaintiffs respond that SAA has Second Amendment rights but fails to explain how that is so. *See* Pl. Opp. at 17. Plaintiffs do not address the substance of Defendants' argument that the second state-law claim brought by Zieman, both individually and on behalf of a putative class, is the state-law equivalent of Counts II and III. and fails for the same reasons discussed in part III of Defendants' Memorandum. Finally, Plaintiffs also fail to address Defendants argument that their state law declaratory judgment claim fails because Plaintiffs have not demonstrated an injury sufficient to confer standing to bring the claim.

9

### V. Plaintiffs' Challenge to the Predecessor Ordinance Should Be Dismissed as Moot.

Defendants contend that Plaintiffs' request that the Court invalidate the City's prior firearms ordinance is moot and should be dismissed because that ordinance has been repealed. *See* Def. Mem. at 12. Plaintiffs assert in response that "Plaintiffs were denied rights existence and enforcement [sic] of its unconstitutional 'Predecessor Ordinance' when" that ordinance was enforced against them. *See* Pl. Opp. at 19. It does not matter, however, that the City's prior ordinance was allegedly enforced against Plaintiffs. That ordinance has been repealed by the City Council and is therefore not a law. As a result, there is no controversy for this Court to decide, and Plaintiffs' claims against the constitutionality of the predecessor ordinance are moot and should be dismissed.

### VI. Defendants Mayor Daley, Weis, Del Valle, and Georges Should Be Dismissed As Defendants, Both Individually and in Their Official Capacities.

#### A. Official Capacity.

Plaintiffs offer this Court no proper reason to permit them to proceed against Mayor Daley, Wies, Del Valle, and Georges as defendants in their official capacity. They cite no authority to counter that cited by Defendants in their Memorandum establishing that "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent,'" *see, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985), and that such "official capacity" claims are routinely dismissed where, like here, the municipality is also a defendant. *See* Def. Mem. at 12-13. Plaintiffs assert that none of Defendants' cases concern the situation in which Plaintiffs seeks the performance of a ministerial act, *see* Pl. Opp. at 20, but that distinction is of no moment. Plaintiffs cite no authority to support their argument that a claim for the performance of a ministerial act is a recognized exception to the aforementioned body of law. Moreover, no

mandamus claim can lie against any of the individual defendants unless and until the Court declares the Ordinance unconstitutional, and then only if a City official declines to perform a ministerial act.

Because the City is already a defendant in this case, and, as pled by Plaintiffs, Mayor Daley, Wies, Del Valle, and Georges are officers and agents of the City, the claims against Mayor Daley, Wies, Del Valle, and Georges in their official capacity are duplicative of claims against the City and should be dismissed.

**B.     Individual Capacity**.

Plaintiffs also fail to demonstrate in their Opposition that there is a basis in their Complaint for proceeding against Mayor Daley, Wies, Del Valle, and Georges in their individual capacities. As discussed in Defendants' Memorandum, the doctrine of *respondeat superior* does not apply to section 1983 claims; to be held liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995); *see Kelly v. Municipal Courts of Marion Cty.*, 97 F.3d 902, 909 (7th Cir. 1996). Plaintiffs do not allege in their Complaint any facts demonstrating that Mayor Daley, Wies, Del Valle, and Georges took any actions that led to a deprivation of Plaintiffs' constitutional rights. With respect to Mayor Daley, Plaintiffs state in their opposition that "Mayor Daley's defiant and contemptuous statement so disrespectful of the Supreme Court's McDonald set forth in the Complaint constitute an executive action that inevitably led to the deprivation Plaintiffs of a constitutional right [sic]." Pl. Opp. at 20. Assuming that Plaintiffs are referring to Mayor Daley's purported comments at a July 1, 2010 press conference, such comments do not constitute an action that deprived Plaintiff of a constitutional right. Plaintiffs do not allege -- nor can they -- that Mayor Daley's statements were directed at Plaintiffs or directly caused a deprivation of their constitutional rights.

For these reasons, Plaintiffs cannot proceed with their individual claims against Mayor Daley, Wies, Del Valle, and Georges and such claims should be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons and those in Defendants' Memorandum, Defendants respectfully request that the Court dismiss Plaintiffs' First Amended Complaint and grant Defendants such further relief as this Court deems just and appropriate.

Date: March 4, 2011                                    Respectfully submitted,

                                                         MARA S. GEORGES,
                                                         Corporation Counsel for the City of Chicago

                                                         By:    /s/William Macy Aguiar
                                                                   Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendants