IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECOND AMENDMENT ARMS, )<br>(a d/b/a of R. Joseph Franzese),)<br>R. JOSEPH FRANZESE, individually)<br>and d/b/a SECOND AMENDMENT ARMS,)<br>ROBERT M. ZIEMAN, SR., ICARRY,  )<br>an unincorporated Association   )<br>a d/b/a of Shaun Kranish), and  )<br>SHAUN A. KRANISH,                )<br>                                 )<br>           Plaintiffs,  )<br>                                 )<br>           v.                    ) Civil Case No: 1:10-cv-4257<br>                                 )<br>CITY OF CHICAGO, a municipal     ) Hon. Robert M. Dow, Jr.<br>corporation, RICHARD M. DALEY,   ) U.S. District Court Judge<br>individually and as the Mayor    )<br>of the City of Chicago, JODY     ) Hon. Sheila M. Finnegan<br>P. WEIS, Superintendent of       ) U.S. Magistrate Judge<br>Police of the City of Chicago,   )<br>MIGUEL DEL VALLE, City Clerk     )<br>of the City of Chicago, and      )<br>MARA GEORGES, individually and   )<br>as Corporation Counsel of the    )<br>City of Chicago,                 )<br>                                 )<br>           Defendants. )  | |

PLAINTIFFS' MOTION FOR LEAVE TO FILE
AND CITE SUPPLEMENTAL CASE AUTHORITY IN SUPPORT OF
MEMORANDUM IN OPPOSITION DEFENDANTS' MOTION TO DISMISS

    Now comes Plaintiffs, SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, ROBERT M. ZIEMAN, SR., ICARRY, an unincorporated Association (a d/b/a of Shaun Kranish), and SHAUN A. KRANISH, by and through their attorney, Walter P. Maksym and respectfully requests that he be granted leave to file and cite supplemental case authority in support of their previously filed Memorandum in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Memorandum"), stating as follows:

1. That Defendants' Motion to Dismiss (Doc. 18) is briefed and pending before this Court.

2. That since the filing of Defendants Memorandum in Opposition to Defendants' Motion to Dismiss (Doc. 29) in this cause, the Seventh Circuit (Chief Judge Easterbrook, Posner, J. and Bauer, J.) rendered a ruling in *National Rifle Association of America, Inc., et. al., v. City of Chicago, et. al.,* ___ F.3d ___ (Slip. Opin. June 2, 2011) *("N.R.A." – "the additional case authority")* relating to the high court decision in *McDonald v. City of Chicago*, ___ 561 U.S. ___, 130 S.Ct. 3020 (2010) *("McDonald")*.

3. In *McDonald*, the Supreme Court held that Chicago's handgun ban violated the Second Amendment rights established in the Court's landmark decision in *District of Columbia v. Heller,* 554 U.S. 570 (2008) *("Heller")*

4. Plaintiffs seek to cite *N.R.A.* in further opposition to the assertion argued in their Memorandum in Support of Defendants Motion to Dismiss ("Defendants' Assertion"):

> Contrary to Plaintiffs' assertions, however, no court has ever held that the City's prior firearms ordinance is unconstitutional. In *McDonald*, which challenged the City's prior firearms ordinance, the Supreme Court did not invalidate the City's ordinance; instead, it remanded the matter for further proceedings. *Id.* at 3050. Before the lower courts could determine the constitutionality of the City's ordinance, the City repealed the ban and enacted the Ordinance on July 2, 2010, and *McDonald* was dismissed as moot. (Doc. 19, p. 10)

5. In N.R.A. Chicago also similarly, but fallaciously and unrealistically asserted that, because the Supreme Court in *McDonald* ruled Chicago's handgun ban could not be sustained, it voluntarily amended its ordinance in the absence of any court order to make changes, the Supreme Court did not invalidate the its ordinance.

6. However, Chicago's assertion was misleadingly,

because, in rejecting Chicago's substantially identical spurious assertion, Judge Easterbrook wrote in N.R.A. (Slip. Opin. pp. 3-5):

> Chicago and Oak Park contend that *Zessar* controls: after the Supreme Court issued its opinion, but before the district court could enter a final judgment, they repealed their ordinances and the suits were dismissed as moot. That left plaintiffs without a favorable judgment, so *Buckhannon* disentitles them to attorneys' fees.
>
> The district court agreed with this line of argument. The district court was right to observe that plaintiffs did not receive a favorable judgment from it. *But they did better: They won in the Supreme Court, which entered a judgment in their favor.* When the Supreme Court rendered its decision, the controversy was live.
>
> Neither Chicago nor Oak Park contends that post-*McDonald* legislative action requires the Supreme Court to vacate its judgment. A litigant that surrenders or settles *after* a judgment is not entitled to vacatur. See *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994); *In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299 (7th Cir. 1988). Many a defendant gives up after a district court's final decision and does not appeal; some other parties settle to avoid the risk of reversal. If a cessation of hostilities after a district court's decision does not deprive the victor of prevailing party status, why should conceding defeat after a decision by the Supreme Court do so?
>
> *Plaintiffs achieved a decision that alters "the legal relationship of the parties." Buckhannon, 532 U.S. at 605. It has been established conclusively, and not just by a district court's opinion that never led to a valid judgment (as in Zessar), that the second amendment applies to the ordinances that Chicago and Oak Park then had in force, and to any successor ordinances.*
>
> The municipalities insist that the Supreme Court's decision addressed only "a preliminary legal issue that did not resolve plaintiffs' claims against Chicago or Oak Park." That's not realistic. Whether

> *the second amendment applies to the states and subsidiary units of government was the issue in this litigation. The Court's decision was not just a procedural skirmish.* Contrast *Hanrahan v. Hampton*, 446 U.S. 754 (1980) (an appellate holding that plaintiffs have presented a triable issue does not make them prevailing parties, because they may still lose at trial); *Sole v. Wyner*, 551 U.S. 74 (2007) (a preliminary injunction in plaintiffs' favor does not make them prevailing parties, when the case finally is resolved in defendants' favor on the merits). *After the Supreme Court held that the second amendment applies to the municipalities' ordinances, defendants' position was untenable; neither Chicago nor Oak Park contends that the ordinance in force in 2008 could have been sustained under Heller's substantive standards. This litigation was over except for the entry of an injunction by the district court.* Chicago and Oak Park capitulated, which made the exercise unnecessary. *By the time defendants bowed to the inevitable, plaintiffs had in hand a judgment of the Supreme Court that gave them everything they needed. If a favorable decision of the Supreme Court does not count as "the necessary judicial imprimatur" on the plaintiffs' position (Buckhannon, 532 U.S. at 605), what would?*
>
> The district court's decision is reversed, and the cases are remanded for awards of reasonable attorneys' fees under §1988. (Emphasis supplied.)

7. Plaintiffs' Memorandum cited *Heller* and *McDonald* but, obviously, could not cite *N.R.A.* therein because was not issued until June 2, 2011.

8. Attached hereto as Exhibit "A" a copy of the *N.R.A.* opinion is tendered and submitted for consideration as additional case authority to supplement their previously filed Plaintiffs' Memorandum and rebut the City's said disingenuous assertion.

WHEREFORE, Plaintiffs prays that this Court enter an order granting them leave to file and cite *instanter*, via this Motion, to file and cite said additional case authority in support of and to supplement their previously filed Plaintiffs' Memorandum

and grant such other further relief as this Court may deem fair, just and proper in the premises.

                              Respectfully submitted,

                              R. JOSEPH FRANZESE d/b/a/ SECOND AMENDMENT ARMS, ROBERT M. ZIEMAN, SR., ICARRY and SHAUN A. KRANISH, Plaintiffs,

                              By */s/ Walter Maksym*
                                 WALTER MAKSYM, their attorney

Walter Maksym
Attorney at Law
2056 N. Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (312) 218-4475
e-mail: wmaksym@gmail.com

EXHIBIT "A"

In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 10-3957, 10-3965 & 11-1016

NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., *et al.*,

*Plaintiffs-Appellants*,

*v.*

CITY OF CHICAGO, ILLINOIS, and VILLAGE OF OAK PARK, ILLINOIS,

*Defendants-Appellees*.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 08 C 3645 *et al.*—**Milton I. Shadur**, *Judge*.

SUBMITTED MAY 16, 2011—DECIDED JUNE 2, 2011

Before EASTERBROOK, *Chief Judge*, and BAUER and POSNER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. The Supreme Court held in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that a federal enclave's ban on operable handguns in the home violates the Constitution's second amendment. In 2008 the City of Chicago and the Village of Oak Park had ordinances that were functionally the same as the

law in *Heller*. After the Supreme Court's decision several plaintiffs, including Otis McDonald and the National Rifle Association, filed suits against the City and the Village, which defended by arguing that the second amendment does not apply to the states. The district court agreed and dismissed the suits; we affirmed. 567 F.3d 856 (7th Cir. 2009). The Supreme Court granted a petition for certiorari and concluded, to the contrary, that the second amendment applies to states and municipalities as a matter of due process. *McDonald v. Chicago*, 130 S. Ct. 3020 (2010).

The Supreme Court entered its judgment on June 28, 2010. On July 2 Chicago repealed its ordinance; Oak Park followed suit on July 19. We held that the repeals made the litigation moot and directed the district court to dismiss the suits for want of a case or controversy. 393 F. App'x 390 (7th Cir. Aug. 25, 2010) (nonprecedential order). Chicago has a new gun-control ordinance that has been contested in separate litigation; that did not keep the current suits alive.

Plaintiffs' requests for attorneys' fees under 42 U.S.C. §1988(b) remained for decision. The district court concluded that plaintiffs are not "prevailing parties" and thus are not entitled to fees. 2010 U.S. Dist. LEXIS 135538 (Dec. 22, 2010) (*NRA*), and 2011 U.S. Dist. LEXIS 349 (Jan. 3, 2011) (*McDonald*); both decisions supplemented by 2011 U.S. Dist. LEXIS 2051 (Jan. 7, 2011). The district court relied on *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), and *Zessar v. Keith*, 536 F.3d 788 (7th Cir.

2008). *Buckhannon* holds that a suit's role as a catalyst in inducing the defendant to change its policies does not support an award of attorneys' fees; a plaintiff "prevails" only by obtaining a judicial order altering its legal status *vis-à-vis* its adversary. *Zessar* applies *Buckhannon* to a case that became moot when the statute being contested was materially amended between a district court's opinion and its judgment. Mootness made it impermissible for the district court to enter a judgment in plaintiffs' favor, and we ordered the judgment's vacatur; that left the case in the same situation as *Buckhannon* and disallowed an award of fees under §1988.

Chicago and Oak Park contend that *Zessar* controls: after the Supreme Court issued its opinion, but before the district court could enter a final judgment, they repealed their ordinances and the suits were dismissed as moot. That left plaintiffs without a favorable judgment, so *Buckhannon* disentitles them to attorneys' fees. The district court agreed with this line of argument.

The district court was right to observe that plaintiffs did not receive a favorable judgment from it. But they did better: They won in the Supreme Court, which entered a judgment in their favor. When the Supreme Court rendered its decision, the controversy was live.

Neither Chicago nor Oak Park contends that post-*McDonald* legislative action requires the Supreme Court to vacate its judgment. A litigant that surrenders or settles *after* a judgment is not entitled to vacatur. See *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513

U.S. 18 (1994); *In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299 (7th Cir. 1988). Many a defendant gives up after a district court's final decision and does not appeal; some other parties settle to avoid the risk of reversal. If a cessation of hostilities after a district court's decision does not deprive the victor of prevailing-party status, why should conceding defeat after a decision by the Supreme Court do so?

Plaintiffs achieved a decision that alters "the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605. It has been established conclusively, and not just by a district court's opinion that never led to a valid judgment (as in *Zessar*), that the second amendment applies to the ordinances that Chicago and Oak Park then had in force, and to any successor ordinances.

The municipalities insist that the Supreme Court's decision addressed only "a preliminary legal issue that did not resolve plaintiffs' claims against Chicago or Oak Park." That's not realistic. Whether the second amendment applies to the states and subsidiary units of government was *the* issue in this litigation. The Court's decision was not just a procedural skirmish. Contrast *Hanrahan v. Hampton*, 446 U.S. 754 (1980) (an appellate holding that plaintiffs have presented a triable issue does not make them prevailing parties, because they may still lose at trial); *Sole v. Wyner*, 551 U.S. 74 (2007) (a preliminary injunction in plaintiffs' favor does not make them prevailing parties, when the case finally is resolved in defendants' favor on the merits). After the Supreme Court held that the second amendment applies

Nos. 10-3957, 10-3965 & 11-1016 5

to the municipalities' ordinances, defendants' position was untenable; neither Chicago nor Oak Park contends that the ordinance in force in 2008 could have been sustained under *Heller*'s substantive standards. This litigation was over except for the entry of an injunction by the district court. Chicago and Oak Park capitulated, which made the exercise unnecessary. By the time defendants bowed to the inevitable, plaintiffs had in hand a judgment of the Supreme Court that gave them everything they needed. If a favorable decision of the Supreme Court does not count as "the necessary judicial *imprimatur*" on the plaintiffs' position (*Buckhannon*, 532 U.S. at 605), what would?

The district court's decision is reversed, and the cases are remanded for awards of reasonable attorneys' fees under §1988.

6-2-11