**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SECOND AMENDMENT ARMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10-CV-4257 |
| ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, et al., ) | Magistrate Judge Sheila M. Finnegan |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
CITATION OF ADDITIONAL CASE AUTHORITY**

Defendants City of Chicago (the "City"), Mayor Richard M. Daley, Superintendent Jody P. Weis, Miguel Del Valle, and Mara S. Georges (collectively,"Defendants"), by their counsel, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby file this memorandum in response to Plaintiffs' citation of the United States Court of Appeals for the Seventh Circuit's decision in *National Rifle Association of America, Inc., et al. v. City of Chicago, et al.*, Nos. 10-3957, 10-3965 & 11-1016 (June 2, 2011), as supplemental authority in response to Defendants' Motion to Dismiss.

**ARGUMENT**

In Count II of Plaintiffs' First Amended Complaint ("Complaint" or "Compl."), Plaintiff Robert M. Zieman, Sr. ("Zieman") seeks restitution for the purported seizure of his firearms under the City's repealed former firearms ordinance and states that the "limitations, prohibitions, restrictions and requirements imposed upon him and weapons dealers" listed (presumably) in paragraph 24 and 25 violate the Second and Fourteenth Amendments. *Id.* ¶¶ 32-34. He also asks the Court to enjoin enforcement of the entire Ordinance as well as its now-repealed predecessor. *Id.*

at p. 19. Count III is a class action "mirror" of Count II, with Zieman acting as class representative. *Id.* ¶¶ 36-40.

Defendants moved to dismiss Counts II and III on several grounds, including that Zieman's claim for restitution (and therefore that of the purported class) fails because contrary to Plaintiffs' allegation, no court had ever held that the City's prior firearms ordinance was unconstitutional. Defendants noted that in *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3050 (2010), the Supreme Court did not invalidate the City's prior ordinance but instead remanded the matter for further proceedings. Before the lower courts could determine the constitutionality of the City's ordinance, the City repealed the ban and enacted the Ordinance on July 2, 2010, and *McDonald* was dismissed as moot. *See* Order dated October 12, 2010, a copy of which is attached to Defendants' Memorandum in Support of Their Motion to Dismiss, as Exhibit A. Zieman (and the purported class) therefore cannot maintain a claim for restitution for seizure and destruction of his firearms based on the supposed invalidity of the prior ordinance and this claim should be dismissed pursuant to Rule 12(b)(6).

Plaintiffs now cite the Seventh Circuit's recent decision in *National Rifle Association* to support their contention that the Supreme Court did rule that the City's prior ordinance was unconstitutional in *McDonald*. *See* Plaintiffs' Motion for Leave to File and Cite Supplemental Case Authority, ¶¶ 3-5. The Seventh Circuit, however, made no such ruling. The only issue before the Seventh Circuit in *National Rifle Association* was whether the plaintiffs in *McDonald* and in its companion case, *National Rifle Association*, were "prevailing parties" and therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988. In resolving that issue, the Seventh Circuit noted that the Supreme Court ruled in *McDonald* that "the second amendment applies to states and

municipalities as a matter of due process" and that "neither the City nor oak Park contends that the [prior gun ordinances] could have been sustained under *Heller*'s substantive standards." *National Rifle Association*, at 2, 5. The Seventh Circuit therefore only determined that the plaintiffs in *McDonald* and *National Rifle Association* met the standard for a prevailing party under *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), because under *Heller*, the City could not defend its ordinance. *See National Rifle Association*, at 5. But the Seventh Circuit does not state that any such ruling was ever made. To the contrary, the Seventh Circuit noted that the litigation "was over except for the entry of an injunction by the district court" but that legislative action by the City "made the exercise unnecessary."[1] *Id.* at 5. Thus, although the plaintiffs "had in hand everything they needed," *id.*, they never actually received a ruling from any court that the City's prior gun ordinance was unconstitutional. *National Rifle Association* therefore has no bearing on the issue before this Court on Defendants' motion to dismiss.

**CONCLUSION**

For these reasons and those set forth in Defendants' memorandum in support of their motion to dismiss and reply in support of their motion to dismiss, Defendants request that the Court dismiss Counts II and III, as well as the other claims contained in Plaintiffs' Complaint, and grant Defendants such further relief as it deems just and appropriate.

---

[1] Indeed, the Seventh Circuit notes that it ruled that subsequent legislative action repealing the prior gun ordinance and enacting a new ordinance "made the litigation moot," requiring "the district court to dismiss the suits for want of a case or controversy." *National Rifle Association*, at 2.

Date: June 16, 2011                    Respectfully submitted,

                                       STEPHEN R. PATTON,
                                       Corporation Counsel for the City of Chicago

                                       By:    /s/William Macy Aguiar
                                               Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendants