```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

SECOND AMENDMENT ARMS,            )
(a d/b/a of R. Joseph Franzese),  )
R. JOSEPH FRANZESE, individually  )
and d/b/a SECOND AMENDMENT ARMS,  )
ROBERT M. ZIEMAN, SR., ICARRY,    )
an unincorporated Association     )
a d/b/a of Shaun Kranish), and    )
SHAUN A. KRANISH,                 )
                                  )
              Plaintiffs,         )
                                  )
         v.                       )  Civil Case No: 1:10-cv-4257
                                  )
CITY OF CHICAGO, a municipal      )  Hon. Robert M. Dow, Jr.
corporation, RICHARD M. DALEY,    )  U.S. District Court Judge
individually and as the Mayor     )
of the City of Chicago, JODY      )  Hon. Sheila M. Finnegan
P. WEIS, Superintendent of        )  U.S. Magistrate Judge
Police of the City of Chicago,    )
MIGUEL DEL VALLE, City Clerk      )
of the City of Chicago, and       )
MARA GEORGES, individually and    )
as Corporation Counsel of the     )
City of Chicago,                  )
                                  )
              Defendants.         )
```

PLAINTIFFS' MOTION FOR LEAVE
TO FILE AND CITE SUPPLEMENTAL CASE AUTHORITY
IN SUPPORT OF THEIR MEMORANDUM IN OPPOSITION
DEFENDANTS' MOTION TO DISMISS AND FOR FINDING THAT
SAID AUTHORITY COLLATERALLY ESTOPS THEM FROM RELITIGATING
<u>THE ISSUES ACTUALLY AND NECESSARILLY DECIDED THEREIN</u>

Now comes Plaintiffs, SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, ROBERT M. ZIEMAN, SR., ICARRY, an unincorporated Association (a d/b/a of Shaun Kranish), and SHAUN A. KRANISH, by and through their attorney, Walter Maksym and respectfully requests that he be granted leave for the second time to file and cite supplemental case authority in support of

their previously filed Memorandum in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Memo in Opposition") and that this Court find that said supplemental authority collaterally estops Defendants from relitigating the issues actually and necessarily decided therein, stating as follows:

    1. Defendants' Motion to Dismiss "Motion" (Doc. 18) is fully briefed and pending before this Court.

    2. Since the filing of Plaintiffs' Memorandum in Opposition (Doc. 29) in this cause, the Seventh Circuit (Chief Judge Easterbrook, Posner, and Bauer, Circuit Judges) rendered a ruling in *National Rifle Association of America, Inc., et. al., v. City of Chicago, et. al.*, ___ F.3d ___ (Slip. Opin. June 2, 2011) *("N.R.A)* relating to the high court decision in *McDonald v. City of Chicago*, ___ 561 U.S. ___, 130 S.Ct. 3020 (2010) *("McDonald")*. On June 10, 2011 this Court entered an order granting Plaintiff's Motion for leave to file N.R.A. as additional authority. (Doc. 34)

    3. Thereafter, and also since the filing of Plaintiffs' Memo in Opposition, the Seventh Circuit (Kanne, Rovner and Sykes, Circuit Judges) rendered a ruling in *Ezell v. City of Chicago*, Appeal No. 10-3525, __ F.3d ___ (Slip Opin. July 6, 2011)("Ezell" – the "additional case authority") that Plaintiffs submit is not only highly pertinent to, but related[1] to the issues, a party and subject matter at bar and will serve to guide the proper the disposition of this cause.

    4. In *Ezell*, the Seventh Circuit unanimously held that the District Court erred in denying plaintiffs' request for

---

[1] The Seventh Circuit noted the pendency of the instant case in *Ezell* by referring to it, stating, "[o]ther lawsuits challenging these and other provisions of the Ordinance are currently pending in the District Court for the Northern District of Illinois. See, e.g., *Second Amendment Arms v. City of Chicago*, No. 10 C 4257 (N.D. Ill. filed July 9, 2010) …" See *Ezell*, Slip. Opin. p. 4, www.ca7.uscourts.gov/tmp/9C0NWF4M.pdf

issuance for preliminary injunction seeking to bar enforcement of portion of Defendant's so-called "Responsible Gun Owners Ordinance", the same ordinance challenged in the matter at bar, that prohibited all firing ranges within City. In so doing, it ruled that District Court erred in finding that certain organizational plaintiffs lacked standing to challenge instant ordinance, and in finding that instant ban did not violate anyone's Second Amendment rights. Moreover, the Seventh Circuit essentially raked Chicago and its Ordinance over the coals by holding that their blanket ban deliberately placed severe burden on core Second Amendment right of armed self-defense, especially where the ordinance tied issuance of required gun permit to required training at firing range, and that defendant bore burden of establishing but utterly failed to establish a strong public-interest for justifying the ban.

5. The Seventh Circuit further unanimously found in *Ezell*, *inter alia*, that issuance of preliminary injunction is appropriate where: (1) plaintiffs' challenge had strong likelihood of success on merits given that defendant failed to provide any evidence to establish that defendant's concerns about threats to public safety were realistic; (2) the balance of harms favored plaintiffs; and (3) the harm to plaintiffs' Second Amendment rights could not be fully remedied by damages. In so ruling, the Seventh Circuit reversed the District Court and directed it, on remand, to enter a preliminary injunction against the City. See *Ezell*, Slip. Opin. p. 51.

6. Judge Diane Sykes, writing in *Ezell* for the Seventh Circuit's unanimous panel applying a strict scrutiny standard, stated, "It's hard to imagine anyone suggesting that Chicago may prohibit the exercise of a free-speech or religious-liberty right within its borders on the rationale that those rights may be freely enjoyed in the suburbs. That sort of argument should

3

be no less unimaginable in the Second Amendment context." *Ezell*, Slip. Opin. p. 20.

7. In a concurring opinion, Judge Ilana Rovner wrote, "The city may not condition gun ownership for self-defense in the home on a prerequisite that the city renders impossible to fulfill within the city limits. …[I]f the ordinance both prohibits gun owners from transporting their own weapons and prevents ranges from lending weapons for practice, then those aspects of the ordinance must be enjoined. The ordinance admittedly was designed to make gun ownership as difficult as possible. The City has legitimate, indeed overwhelming, concerns about the prevalence of gun violence within City limits. But the Supreme Court has now spoken in *Heller* and *McDonald* on the Second Amendment right to possess a gun in the home for self-defense and the City must come to terms with that reality. Any regulation on firearms ownership must respect that right. For that reason, I respectfully concur in the judgment." *Ezell*, Slip. Opin. pp. 58-59.

8. The Seventh Circuit thus made it crystal clear in *Ezell* that making that cities cannot, as Chicago has done, adopt firearms ordinances that are, so deliberately restrictive that they make it impossible for citizens to exercise their rights under the Second Amendment as they have also done in the instant case by, *inter alia*, imposing not mere reasonable regulation but an outright, severe, absolute and total ban on any sale, purchase, gift or other transfer of firearms within its borders that impermissibly burdens the core of Plaintiffs' Second Amendment rights.

9. Since, as in *Ezell*, Plaintiffs in this matter are the law-abiding, responsible citizens, including one who is a federally licensed firearms dealer, whose Second Amendment rights are entitled to full solicitude under *Heller* and

4

*McDonald,* depriving them of all ability to sell, purchase or gift firearms within the City, a prohibition the ability to obtain the lawful product itself no doubt more onerous and burdensome than banning gun ranges and is, thus, undeniably unconstitutional. See *Ezell*, Slip. Opin. pp. 44-45.

10. Further, it is obvious that the right of law abiding citizens to sell, purchase and gift firearms is, to paraphrase Judge Rovner, so closely allied to "core" Second Amendment rights of law-abiding citizen, if not more so than a ban of gun ranges, because the prohibition of such right to obtain firearms in essence he equivalent of a reinstitution of the City's now declared unconstitutional ban on firearms, so that a standard akin to strict scrutiny should be applied. See *Ezell*, Slip. Opin. pp. 51-53.

11. Because the main thrust of Plaintiffs' Second Amended Complaint (Doc. 4) is a direct attack on the City's concomitant and deliberately restrictive total ban on the sale of any and all firearms contained in the very same Ordinance emasculated and chided in *Ezell* that makes it impossible for citizens to exercise their rights under the Second Amendment by also conditioning gun ownership for self-defense in the home on a prerequisite that the city renders impossible to fulfill within the city limits base on the identical, now adjudicated impermissible, rationale that those rights may be freely enjoyed in the suburbs, they therefore hereby seek to cite *Ezell* in further opposition to the assertion argued in their Memorandum in Support of Defendants Motion to Dismiss.

12. The Seventh Circuit's unanimously, resoundingly and unequivocally rejection in *Ezell* of essentially the very same spurious assertions Defendants have propounded to this Court, highlighted by Judge Rovner's characterization of the Chicago City Council's passing of the gun ordinance last year that was

"too clever by half" and amounted to "a thumbing of the municipal nose at the Supreme Court" mirror the analysis contained in Plaintiffs' Memo in Opposition (See and compare *Ezell*, Slip. Opin. pp. 51-52 and Doc. 29)

13. *In Chicago Truck Drivers, Helpers & Warehouse Union Independent Pension. Fund v. Century Motor Freight, Inc.*, 125 F.3d 526 (7th Cir. 1997) the Seventh Circuit held:

> Collateral estoppel (also called "issue preclusion") refers to the simple principle that "later courts should honor the first actual decision of a matter that has been actually litigated." 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4416, at 136 (1981 & Supp. 1997). *It ensures that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). The prerequisites for the application of collateral estoppel are satisfied when: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action. *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 906 (7th Cir. 1990). (Emphasis supplied)

*Accord*, *Firishchak v. Holder*, Appeal No. 09-2238, ___ F.3d ___ (Slip. Opin. February 14, 2011) wherein the Seventh Circuit more recently held:

> Under the doctrine of collateral estoppel, also referred to as issue preclusion, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979); see also *Bobby v. Bies*, ___ U.S. ___, 129

6

S.Ct. 2145, 2152 (2009); *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (the preclusive effect of a prior federal court decision is a matter of federal common law). The organizing principle is that courts should respect "the first actual decision of a matter that has been actually litigated." 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4416, at 386 (2d ed. 2002).

14. That because *Ezell* involved the City of Chicago and its same Ordinance involved in this subsequent suit and the criteria set forth by the Seventh Circuit in *Chicago Truck Drivers and Firishchak* are satisfied, the Seventh Circuit's rulings therein should be held conclusive in this case with respect to all issues actually and necessarily determined therein, particularly the applicability of the strict scrutiny standard pronounced therein to the matters and issues presented herein.

15. Plaintiffs respectfully submit that, in light of the insurmountable ruling rendered in *Ezell* and the other foregoing authorities, Defendants' assertions made in support of their Motion are unsustainable and the City's even more egregious and blatant bad-faith ban of all firearms sales, purchases and gifting contained in its inevitably doomed Ordinance, at issue in both Ezell and this case, was deliberately designed to undermine, deprive and violate Plaintiffs' fundamental Second Amendment rights.

16. Plaintiffs respectfully submit that the Seventh Circuit's common sense and scholarly analysis in *Ezell* of the relatively novel issues addressed therein are extremely relevant to many of the virtually identical, if not substantially similar and related claims and issues raised herein, as well as the relief sought by Plaintiffs in this proceeding.

17. Plaintiffs further respectfully submit that the grant of this Motion will substantially serve and assist this Court in

reaching a correct and fully informed decision with respect to Defendants' Motion, and will serve judicial economy and the interests of justice.

18. Plaintiffs' Memo in Opposition could not cite *Ezell* therein because was not issued until July 6, 2011; thus, this Motion is promptly brought at Plaintiffs' first opportunity.

19. Attached hereto as Exhibit "A" and incorporated by reference is a copy of the *Ezell* opinion that is hereby tendered and submitted for consideration as additional and binding case authority to supplement their previously filed Plaintiffs' Memorandum and rebut and estop the Defendants' disingenuous assertions contained in Defendants' Motion and Memo in support.

WHEREFORE, Plaintiffs prays that this Court enter an order granting them leave to file and cite *instanter*, via this Motion, to file and cite said additional case authority in support of and to supplement their previously filed Memorandum in Opposition to Defendants' Motion, find that Defendants are collaterally estopped to relitigate in this cause all issues actually and necessarily determined by the Seventh Circuit in *Ezell* and grant such other further relief as this Court may deem fair, just and proper in the premises.

                                      Respectfully submitted,

                                      R. JOSEPH FRANZESE d/b/a/ SECOND AMENDMENT ARMS, ROBERT M. ZIEMAN, SR., ICARRY and SHAUN A. KRANISH, Plaintiffs,

                                      By */s/ Walter Maksym*
                                          WALTER MAKSYM, their attorney

Walter Maksym
Attorney at Law
2056 N. Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (312) 218-4475
e-mail: wmaksym@gmail.com

# EXHIBIT "A"