**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SECOND AMENDMENT ARMS, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 10-CV-4257** |
| | ) | **Judge Robert M. Dow, Jr.** |
| **CITY OF CHICAGO, et al.,** | ) | **Magistrate Judge Sheila M. Finnegan** |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS
I, III, AND VIII-XVIII OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

**INTRODUCTION**

In their Motion, Defendants seek dismissal of Count I only to the extent it challenges the

City's Zoning Ordinance, the challenge to section 8-20-090 in Count III, and Counts VIII-XVIII of

Plaintiffs' Second Amended Complaint ("Complaint" or "Compl."). Plaintiffs, however, do not

limit themselves to responding to Defendants' arguments in their Memorandum in Opposition to

Defendants' Motion to Dismiss ("Plaintiffs' Opposition" or "Pl. Opp."). They instead make lengthy,

and oftentimes difficult to comprehend, arguments that are wholly irrelevant to the grounds upon

which Defendants seek dismissal. For example, Plaintiffs purport to demonstrate in the first six

pages of their Opposition what Defendants' "Motion is calculated to avoid" and argue at length that

under the Seventh Circuit's decision in *Ezell v. City of Chicago*, 641 F.3d 684 (7th Cir. 2011), the

City cannot justify its ban on gun stores.[1] *Ezell*, however, is not relevant to the arguments in

---

[1] There simply is no basis whatsoever for Plaintiffs to accuse Defendants of ignoring, in an "'ostrich
like tactic,'" dispositive authority in an "'unprofessional'" and "'pointless'" manner. Pl. Opp. at 1 n.1
(quoting *Del Carmen Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931 (7th Cir. 2011)). Defendants'
arguments are supported by authority and are made in good faith, and Plaintiffs' suggestions to the contrary
are not well-taken. Indeed, Plaintiffs' *ad hominem* attacks against Defendants and the tenor of many of their
arguments is unfortunate and unprofessional. *See, e.g., id.* at 20 ("Thereafter, rather than be a good loser,

Defendants' Motion. But even more problematic for Plaintiffs is their near-complete failure to address any of the bases on which Defendants seek dismissal. At bottom, Plaintiffs' Opposition is long on rhetoric but short on substantive reasons why this Court should not grant Defendants' Motion.

## ARGUMENT

### A.     Any Challenge to the Chicago Zoning Ordinance in Count I Should Be Dismissed.

Defendants moved to dismiss Count I to the extent it challenged the City's Zoning Ordinance as prohibiting "the reasonable availability of firearms through commercial firearms dealers," Compl., ¶ 48, because Plaintiffs failed to identify in their Complaint any provision of the Chicago Zoning Ordinance that would prohibit the commercial sales of firearms and that, in fact, there is no provision of the Chicago Zoning Ordinance that does so. *See* Def. Mem. at 3-4. In their Opposition, Plaintiffs respond that paragraph 20 of their Second Amended Complaint identifies section 17-9-0202-C(11)(q) as prohibiting the sale of firearms or ammunition as a "home occupation." Pl. Opp. at 8.[2] Count I is explicitly titled "Ban on Gun *Stores*," Compl. at 14 (emphasis added), however, and the ordinance cited in paragraph 20 concerns selling guns as a home occupation. If Plaintiffs wish to challenge section 17-9-0202-C(11)(q), their Complaint should contain specific allegations as to why that provision is unconstitutional. Because Count I contains no such allegations, their claim is deficient and should be dismissed.

_____

face responsibility and take their medicine, in what Defendants no doubt thought would be a slick end-run around the Seventh Circuit's pounding and their loss in *Ezell* appeal [sic] . . . .").

[2]  The remainder of Plaintiffs' response to Defendants' Motion on Count I is irrelevant to Defendants' bases for seeking dismissal and is therefore not addressed herein.

**B.     Plaintiffs' Claim in Count III that Section 8-20-090 Violates the Supremacy Clause Fails and Should Be Dismissed.**

Plaintiffs completely fail to address the grounds upon which Defendants seek dismissal of that part of Count III that challenges section 8-20-090 under the Supremacy Clause.  As noted in Defendants' Memorandum, Count III is difficult to decipher in that it challenges myriad provisions of the City's Ordinance and does not comply with Rule 10(b).  But among the claims in Count III appears to be a challenge to the definition of "lawful transportation" contained in section 8-20-010 to the extent a person is in compliance with it by virtue of compliance with section 8-20-090 because, Plaintiffs claim, section 8-20-090 violates the Supremacy Clause.  Compl. ¶ 57c.  Section 8-20-090 provides:

> It shall not be a violation of this chapter if a person transporting a firearm or ammunition while engaged in interstate travel is in compliance with 18 U.S.C. § 926A.  There shall be a rebuttable presumption that any person within the city for more than 24 hours is not engaged in interstate travel, and is subject to the provisions of this chapter.

Mun. Code of Chicago, § 8-20-090.  Plaintiffs claim that section 8-20-090 is unconstitutional under the Supremacy Clause because it "engrafts" onto 18 U.S.C. § 926A two requirements not contained therein: (i) that the transportation be interstate; and (ii) that there is a rebuttable presumption that any person within the City for more than 24 hours is not engaged in interstate travel.  Compl. ¶ 57c.

Under the Supremacy Clause, state or local legislation is preempted and invalidated by federal law under one of three situations: (1) express preemption, which occurs "when a federal statute explicitly states that it overrides state or local law;" (2) field preemption, which exists "when federal law so thoroughly occupies a legislative field as to make it reasonable to infer that Congress left no room for the states to act;" or (3) conflict preemption, in which it is impossible to comply

3

with both federal and state law. *Aux Sable Liquid Products v. Murphy*, 526 F.3d 1028, 1033 (7th Cir. 2008) (internal quotation marks and citations omitted). As Defendants demonstrate in their Memorandum, none of these is present here, *see* Def. Mem. at 5-7, and Plaintiffs fail to show otherwise. With respect to express preemption, Plaintiffs fail to address the fact that section 926A contains no preemption language and that section 927 of Title 18 of the United States Code specifically states that "[n]o provision of this *chapter* shall be construed as indicating an intent on the part of Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together." 18 U.S.C. § 927 (emphasis added). With respect to field preemption, Plaintiffs similarly fail to acknowledge that section 927's plain language demonstrates that Congress did not intend to occupy the field so as to preclude state or local action. And finally, Plaintiffs make no attempt to refute Defendants' argument that there is no conflict preemption because compliance with 8-20-090 and 18 U.S.C. § 926A is entirely possible. *See* Def. Mem. at 6-7.

Although Plaintiffs spend over two pages discussing the Supremacy Clause, they make no cogent argument demonstrating that section 8-20-090 has been preempted by 18 U.S.C. § 926A. None of the cases Plaintiffs cite state that section 926A preempts state or local law regarding lawful transportation under any theory nor do they address the plain language of section 927 which shows that Congress's intent was exactly the opposite. Morever, Plaintiffs' reference to the balancing test under *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970), is completely misplaced because *Pike* has no bearing on whether state or local action is barred under the Supremacy Clause. In short, Plaintiffs' arguments are irrelevant and do not support their challenge to section 8-20-090 under the

4

Supremacy Clause.  It should therefore be dismissed pursuant to Rule 12(b)(6).

**C.      Count VIII Fails Because Plaintiffs Do Not Have Standing and Otherwise Fail to State a Claim.**

Section 8-20-050 prohibits a person from keeping or possessing a firearm or ammunition in the home if that

> person knows or has reason to believe that a minor under the age of 18 years is likely to gain access to the firearm or ammunition, unless (1) the person is physically present in the home and the firearm is either being held by the person or is physically secured on the person's body; (2) the firearm is secured by a trigger lock or other mechanism, other than the firearm safety mechanism, designed to render a firearm temporarily inoperable; or (3) the firearm and ammunition are placed in a securely locked box or container.

Mun. Code of Chicago, § 8-20-050.  Defendants challenge Plaintiffs' standing to challenge the constitutionality of section 8-20-050 in Count VIII because they plead no facts demonstrating that section 8-20-050 applies to them by virtue of the presence of a minor in their house or that they have suffered -- or even are in imminent danger of suffering -- an injury as a result of section 8-20-050. In their Opposition, Plaintiffs mention -- at the end of a virtually incomprehensible footnote that includes an incomplete sentence, a run-on sentence, and, peculiarly, a citation to Charles Dickens's *Oliver Twist* -- that Plaintiff Zeiman has five minor children.  *See* Pl. Opp. at 11 n.3.  Zieman does not state that the children reside with him, however.  But even if they do, Zeiman still does not identify any injury he has suffered or is likely to suffer as a result of section 8-20-050.  His failure to plead how section 8-20-050 injures or is likely to injure him leaves him without standing, and Count VIII should be dismissed pursuant to Rule 12(b)(1).[3]

---

[3] Even if the Court rules that Zieman has standing to challenge section 8-20-050, that ruling should not apply to any other Plaintiff because, as discussed in Defendants' Memorandum, no other Plaintiff has made any claim to having minor children.  *See* Def. Mem. at 8-9.

5

Plaintiffs do not address Defendants' additional argument that Count VIII should be dismissed under Rule 12(b)(6) because Plaintiffs fail to plead any facts demonstrating that section 8-20-050 interferes with their core Second Amendment right to possess a firearm in the home for self-defense.[4] Under *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), a complaint must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* at 1949 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Absent *some* facts demonstrating that Plaintiffs have been or will be impacted by section 8-20-050, they have not stated "'a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Plaintiffs' Complaint states nothing more than the conclusory allegation that section 8-20-050 "makes it impracticable and impossible for them or other citizens to use arms for the core lawful purpose of self-defense." Compl. ¶ 76. This is insufficient under *Iqbal*, and for this reason, Count VIII fails to state a claim and should be dismissed.

**D.      Count IX Fails To Comply With Rules 8(a)(2) and 10(b), or in the Alternative, Various Claims Contained Therein Fail to State a Claim.**

   **1.      Count IX Violates Fed. R. Civ. P. 10(b) and 8(a)(2).**

Count IX should be dismissed because it does not comply with either Rule 10(b) or 8(a)(2). As argued in Defendants' Memorandum, *see* Def. Mem. at 10-11, Plaintiff SAA challenges the City's Ordinance, *in its entirety*, as violating not only its "right to act and do business as an FFL [federal firearms licensee]" under the Second and Fourteenth Amendments, but also: (i) Article I, section 8, clause 3 of the United States Constitution; (ii) Article VI of the United States Constitution;

---

[4]  Plaintiffs also fail to address in any way Defendants' argument that their claim cannot survive because even if the Court ruled in their favor on the merits, it would not entirely redress their purported injury. *See* Def. Mem. at 9 n.5

6

(iii) the Federal Firearms Act of 1938; (iv) 18 U.S.C. Chapter 44; and (v) 15 U.S.C. § 7901.  Compl.

¶¶ 78-83.  As Plaintiffs admit in their Opposition, the Ordinance has myriad sections which deal with

different components of gun regulation, such as citizen permits to possess firearms, licensing of

firearms, transportation of firearms, gun sales, and carrying of firearms.  *See* Pl. Opp. at 12 (arguing

that Count IX complies with Rule 10(b) because it "challenges the Ordinance that is comprised of

*a multitude of infirm sections* that are merely its parts")(emphasis added)).  Thus, it is impossible for

Defendants to know exactly which of the many different Ordinance provisions Plaintiffs are

challenging under which of the several laws listed above.  For example, Defendants cannot tell

whether the Ordinance's provisions relating to gun registration are being challenged under Article

VI or just under the Second Amendment.  At bottom, Plaintiffs have not "simplified" their

Complaint at all.  As Rules 10(b) and 8(a)(2) require, SAA must bring a separate claim for each

provision of the Ordinance it challenges. Its failure to do so requires dismissal of Count IX.[5]

## 2. No Claim Exists Under 15 U.S.C. § 7901, the Federal Firearms Act of 1938, or Under Chapter 44 of Title 18 of the United States Code.

In Count IX of their Second Amended Complaint, Plaintiffs assert three claims: (i) that the

entire Ordinance conflicts with and is pre-empted by 15 U.S.C. § 7901; (ii) that the entire Ordinance

is preempted by the Federal Firearms Act of 1938; and (iii) that the entire Ordinance violates 18

U.S.C. Chapter 44.  *See* Compl., p. 21.  Defendants demonstrate in their Memorandum that all three

claims fail on their face as a matter of law.  *See* Def. Mem. at 11.  Plaintiffs fail to address any of

---

[5] Plaintiffs take issue with Defendants' citation to *Stanard v. Nygren*, ---F.3d ---, No. 09-1487, 2011 WL 4346715 (7th Cir Sept. 19, 2011), in which Plaintiffs' counsel in this case was admonished by the Seventh Circuit for, *inter alia*, failing to file a complaint that complied with Rule 10(b), because he has filed a petition for rehearing *en banc*.  Defendants are aware of no law, and indeed Plaintiffs cite none, which calls into question the precedential value of an appellate decision simply because a petition for rehearing is pending.

Defendants' arguments regarding these claims, much less demonstrate that Defendants are incorrect. The inescapable conclusion is that Plaintiffs concede that these claims have no merit and should be dismissed pursuant to Rule 12(b)(6).

**3.      No Claim Lies Under the Dormant Commerce Clause.**

SAA's attempt to save its claim under the dormant Commerce Clause similarly fails.  First, they make no showing that the City's Ordinance constitutes a *per se* violation of the dormant Commerce Clause, which exists if a state or local law directly regulates interstate commerce or treats local economic interests differently from out-of-state interests in a manner "that benefits the former and burdens the latter." *Oregon Waste Sys., Inc. v. Dep't of Envtl. Quality*, 511 U.S. 93, 99 (1994). Nothing in the Ordinance regulates interstate commerce or favors local interests over out-of-state interests in any way, and Plaintiffs do not demonstrate in their Opposition anything to the contrary.

Second, there is no basis, and Plaintiffs provide none, for the Court to engage in the balancing test set forth in *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970), which is used to determine if a state or local law causes a burden on interstate commerce that is clearly excessive in relation to the putative local benefits.  That test is only employed if "the law discriminates against interstate commerce expressly or in practical effect," *Nat'l Paint & Coatings Ass'n v. City of Chicago*, 45 F.3d 1124, 1131 (7th Cir. 1995), which occurs if it "cause[s] local goods to constitute a larger share, and goods with an out of state source to constitute a smaller share, of the total shares in the market."  *Exxon Corp. v. Governor of Maryland*, 437 U.S. 117, 126 n.16 (1978).  In this instance, no part of the Ordinance, including the ban of the sale or transfer of firearms in the City, discriminates in this manner.  Because no firearms, whether manufactured in Illinois or elsewhere, may be sold in Chicago, there is no discrimination.

8

Plaintiffs' cases do not support their position. For example, in *Baldwin v. G.A.F. Seelig, Inc.*, 294 U.S. 511, 519 (1935), New York enacted a statute which established minimum prices that milk dealers had to pay to milk producers and prohibited the sale of milk in New York that was bought outside the state unless the price paid to the producers "was one that would be lawful upon a like transaction within the state." The New York statute on its face discriminated against interstate commerce by trying to protect New York dealers over out-of-state dealers, which is not the case with the City's Ordinance. Likewise, in *National Solid Wastes Management Ass'n v. Meyer*, 63 F.3d 652, 658 (7th Cir. 1995), the State of Wisconsin barred both in-state and out-of-state waste generators from using Wisconsin landfills unless those generators resided in a community that adopted a recycling program that met certain Wisconsin standards, even if the community did not dump waste in Wisconsin. The statute ran afoul of the dormant commerce clause because it "essentially controls the conduct of those engaged in commerce occurring wholly outside the State of Wisconsin." *Id.* Unlike the Wisconsin statute, the City's Ordinance does not impact how other states or municipalities conduct their business, and Plaintiffs' reliance on *Meyer* is misplaced.

Finally, Plaintiffs fail to distinguish *National Paint & Coatings Ass'n v. City of Chicago*, 45 F.3d 1124, 1131 (7th Cir. 1995) and *Procter & Gamble Co. v. City of Chicago*, 509 F.2d 69, 78 (7th Cir. 1975). Plaintiffs contend that because those cases only approved the City's ban on the sale of a *type* of paint and a *type* of detergent, respectively, they do not support the City's total ban on the sale of firearms. *See* Pl. Opp. at 16. But Plaintiffs do not cite any authority for the distinction they are attempting to make. Indeed, it does not matter that the City prohibits the sale of spray paint but allows the sale of "liquid' paint because the effect is that the City has closed off its markets to a specific type of product, and no store, whether it be Home Depot or a sole proprietorship that wants

9

to sell nothing but spray paint, can do so.[6]  That ban, upheld by the Seventh Circuit in *National Paint*, is no different from the ban on the sale of firearms in the City, and the Court should therefore dismiss Plaintiffs' claim.

## E.     Count X Fails Because No Claim Exists for Violating *Monell*.

Plaintiffs fail to demonstrate in their Opposition that there exists under federal law a claim for violating *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  As discussed in Defendants' Memorandum, *see* Def. Mem. at 15, *Monell* does not create an independent cause of action for challenging municipal action but instead clarifies that a unit of local government can only be held liable under section 1983 if the plaintiff establishes that the allegedly unconstitutional act was committed pursuant to an express municipal policy, a widespread municipal practice "so permanent and well settled as to constitute a custom or usage with the force of law," or the action of a person with "final policymaking authority."  *See Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998).  Plaintiffs can therefore proceed against the City under any of their substantive claims if they make the requisite showing under *Monell*.  But because there is no substantive claim called "*Monell*," and nothing in Plaintiffs' Opposition demonstrates anything to the contrary, Count X should be dismissed pursuant to Rule 12(b)(6).

## F.     Count XI Should Be Dismissed Because the Ordinance Does Not Violate the Sherman Antitrust Act.

Defendants moved to dismiss Count XI, in which Plaintiffs assert that the Ordinance violates the Sherman Antitrust Act, 15 U.S.C. § 1, because: (i) Plaintiffs do not identify in the Complaint

---

[6]  And in *Procter & Gamble*, 509 F.2d at 72, the Seventh Circuit noted that most detergents in this country contain phosphates.  Thus, the City's ban on the sale of detergents containing phosphates had a considerable impact on the sale of detergents.

which provisions of the Ordinance violate section 1 of the Sherman Antitrust Act, in violation of Rule 8(a)(2); (ii) Plaintiffs do not identify any agreement entered into by the City which is required for there to be any liability under section 1, s*ee Fisher v. City of Berkeley*, 475 U.S. 260, 266-67 (1986); and (iii) Plaintiffs fail to allege in their Complaint how any provision of the Ordinance actually restrains trade. *See* Def. Mem. at 16. Because Plaintiffs fail in their Opposition to offer any argument in support of Count XI, it should be dismissed for the aforementioned reasons.

**G.    Count XII Should Be Dismissed Because It Does Not Comply With Rule 8(a)(2).**

In Count XII, Plaintiff Kole brings individual and class claims for restitution, asserting that because the Ordinance is unconstitutional, the registration fees charged by the City for firearm permits and firearm registration certificates violate the Second and Fourteenth Amendments. Compl. ¶¶ 92-96. Defendants move to dismiss this claim for non-compliance with Rule 8(a)(2) because Kole does not specifically challenge the constitutionality of the ordinance requiring the payment of a fee to register a firearm. Defendants are therefore left guessing as to which provision of the Ordinance forms the basis of Kole's claim for restitution of firearm registration fees. In their Opposition, Kole contends that "Defendants ignore the specific prior common allegations (¶¶ 1-44) incorporated by reference via ¶ 92 of Count XIV as if fully set forth therein, as is permitted by Fed. R. Civ. 10(b)."[7] Pl. Opp. at 17. But those paragraphs contain no challenge to the registration fee.

**H.    Zieman's Individual and Class Claims in Count XIII Fail and Should Be Dismissed.**

Nothing stated in Plaintiffs' Opposition saves Count XIII from dismissal.[8] First, Plaintiffs

---

[7] Because the remainder of Plaintiffs' argument has nothing to do with whether Count XII complies with the requirements of Rule 8(a)(2), Defendants do not address it herein.

[8] Plaintiffs make no effort in their Opposition to establish when Zieman's firearms were confiscated and destroyed. But even if they had, Plaintiffs' argument that Zieman's claim is not time-barred defies logic.

ask the Court to decide a moot issue, and they fail in their Opposition to demonstrate otherwise. The City repealed the handgun ban on July 2, 2010 and enacted the Ordinance that same day, which expressly allows citizens to possess handguns in the home for the purpose of self-defense. Zieman did not file his claim until seven days later. Second, contrary to Plaintiffs' position, the former handgun ban was not declared unconstitutional by the Supreme Court in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010). The Supreme Court remanded the matter to the lower courts, but before they could determine the constitutionality of the City's ordinance, the City repealed the ban on July 2, 2010, and *McDonald* was dismissed as moot. Plaintiffs cite *N.R.A. v. City of Chicago*, 646 F.3d 992 (7th Cir. 2011) to support their position, but that case concerned whether the N.R.A. was a prevailing party and therefore entitled to fees under 42 U.S.C. § 1988. Nowhere therein did the court make any ruling to call into question the dismissal of *McDonald* as moot by the district court on remand. For these reasons, Count XIII should be dismissed pursuant to Rule 12(b)(6).

I.      **Count XIV Violates Rule 10(b)(6).**

In Count XIV, Plaintiffs ask this Court to declare all of the provisions of the Ordinance mentioned in paragraphs 1-44 of the Complaint to be invalid under Article I, sections 1, 2, 4, 6, 12, 22, and 24 of the Illinois Constitution, as well as the "Due Process and Takings Clauses" of the Illinois Constitution. Count XIV does not comply with Rule 10(b) because it challenges all of the different provisions of the Ordinance under multiple provisions of the Illinois Constitution, which either leaves Defendants guessing which provision of the Ordinance is challenged under what

---

(Continued) They appear to assert that his statute of limitations began to run when the Supreme Court issued its ruling in *McDonald*. That is incorrect. The two-year statute of limitations under section 1983 began to run when his firearms were seized, which is when his challenge to the constitutionality of the City's ordinance arose.

constitutional provision or with the impossible task of attempting to craft an answer. *See* Def. Mem. at 19. In their Opposition, Plaintiffs state that "Defendants do not maintain the Ordinance is constitutional," Pl. Opp. at 20, but that has absolutely nothing to do with Plaintiff's noncompliance with Rule 10(b). They also contend that Defendants "ignore the specific prior common allegations (¶¶ 1-44) incorporated by reference via ¶ 104 of Count XIV as if fully set forth therein, as is permitted by Fed. R. Civ. 10(b)." *Id.* at 21. But that also has nothing to do with whether Count XIV, as pled, complies with Rule 10(b), which it does not.

**J.     SAA Is Not Entitled to a Mandamus as Claimed in Count XV.**

SAA brings in Count XV a state law claim for mandamus which, if issued, would direct the City to issue SAA a license to operate as a gun store. Compl. ¶¶ 106-07. But that claim fails, however, because Plaintiffs cannot establish that the issuance of a license to sell firearms is a ministerial, non-discretionary duty or that the issuance of a license will not require a determination of whether SAA is entitled to a license. *See* Def. Mem. at 19-20. In their Opposition, Plaintiffs discuss the "old" ordinance versus the "new" ordinance, but their argument makes little sense. Surely, SAA cannot succeed on a claim that if the ban on the sale of firearms is invalidated, it would automatically be entitled to a permit without any review by the City.

**K.     SAA Has Not Stated a Claim for Tortious Interference with Prospective Business Advantage in Count XVI.**

Plaintiffs completely fail in their Opposition to address the merits of Defendants' argument that SAA fails to state a claim under Illinois law for tortious interference with prospective business advantage. First, Plaintiffs cannot point to any fact in the Complaint demonstrating the City knew or should have known about SAA's business expectancy and banned gun sales in the City in an effort

13

to intentionally and willfully interfere with SAA's expectancy. Plaintiffs instead baldly assert that "Defendants knew their intentional interference would cut off prospective business and customers as well as interstate trade – this was the intent, purpose and object of the Ordinance." This statement does nothing to show that the City knew of SAA's expectancy or enacted the Ordinance with the purpose of interfering with SAA's expectancy.[9] Second, Plaintiffs do not address the fact that even if SAA has properly alleged its claim, SAA would not be entitled to any damages because the City is immune from liability pursuant to 745 ILCS 10/2-103. Plaintiffs do attempt to discuss tort immunity, but their argument ignores 745 ILCS 10/2-103 and is otherwise incomprehensible. Count XVI fails to state a claim and should be dismissed pursuant to Rule 12(b)(6).

## L. Counts XVII and XVIII Fail to State a Claim.

Defendants move to dismiss Counts XVII (which is Kole's state-law equivalent of Count XII) and XVIII (which is Zieman's state-law equivalent of Count XIII) for failure to comply with Rules 8(a)(2) and 10(b). The arguments made by Defendants in support of their motion to dismiss Counts XII and XIII for failure to comply with Rule 8(a)(2) apply with equal force to Counts XVII and XVIII, and for purposes of judicial economy, Defendants incorporate the arguments in Parts G and H as if set forth fully herein. Similarly, Defendants argument contained in Part I regarding Rule 10(b) applies to Counts XVII and XVIII is therefore incorporated herein as well.

## M. Mayor Emanuel, Superintendent McCarthy, and Mendoza Should Be Dismissed as Defendants.

Plaintiffs do not substantively respond to the arguments made by Defendants for dismissing Mayor Emanuel, Superintendent McCarthy, and Mendoza as defendants because they are sued in

---

[9] Moreover, Plaintiffs' position, if accepted, would render the City vulnerable to tortious interference claims every time it legislated on an issue that impacted businesses in the City. That is absurd.

14

their official capacities, which renders the claims against them duplicative of those against the City. Instead, Plaintiffs posit that the Court should deny the motion to dismiss because they,

> like Mayor Daley before them, have thumbed their nose [sic] at the Supreme Court and Seventh Circuit by ignoring, defying, evading and denouncing their rulings in *McDonald*, *Ezell* and *N.R.A.* [sic] doing all they could to defeat the constitutional rights of those with whom they happen to personally disagree.

Pl. Opp. at 24. Plaintiffs' remarks are unnecessary and derogatory, have no basis in fact, and certainly do not address the merits of Defendants' motion. And there is no basis to keep Mayor Emanuel, Superintendent McCarthy, and Mendoza as defendants in order "to render them subject to mandamus," *id.*, when there is no viable mandamus claim in the Complaint that involves any of these defendants.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss that part of Count I that challenges the City's Zoning Ordinance, the challenge to section 8-20-090 in Count III, and Counts VIII-XVIII of Plaintiffs' Second Amended Complaint, and grant Defendants such further relief as this Court deems just and appropriate.

Date: February 7, 2012                          Respectfully submitted,

                                                STEPHEN R. PATTON,
                                                Corporation Counsel for the City of Chicago
Michael A. Forti
Mardell Nereim
Andrew W. Worseck                               By:    /s/William Macy Aguiar
William Macy Aguiar                                    Assistant Corporation Counsel
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975  / 7129 / 4216