**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SECONDAMENDMENT ARMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10-CV-4257 |
| ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, et al., ) | Magistrate Judge Sheila M. Finnegan |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
CITATION OF ADDITIONAL CASE AUTHORITY**

Defendants, by their counsel, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby file this memorandum in response to Plaintiffs' citation of three extra-territorial decisions as supplemental authority in opposition to Defendants' Motion to Dismiss Counts I, III, and VIII-XVIII of Plaintiffs' Second Amended Complaint.

**ARGUMENT**

Plaintiffs submit to this Court three recent memorandum opinions and orders from cases outside the jurisdiction of the Seventh Circuit as additional authority in opposition to Defendants' motion to dismiss: *Bateman v. Perdue*, No. 5:10-CV-265-H (E.D.N.C. Mar. 29, 2012);[1] *United States v. Weaver*, Crim. No. 2:09-cr-00222, 2012 WL 727488 (S.D. W. Va. Mar. 6, 2012); and *Woollard v. Sheridan*, Civil No. L-10-2068, 2012 WL 695674 (D. Md. Mar. 2, 2012). In those cases, the district courts ruled that the right recognized by the Supreme Court in *District of Columbia*

---

[1] Because Defendants' counsel could not locate a copy of the *Bateman* order on Westlaw and Plaintiffs did not attach it to their motion, it is attached hereto as Exhibit 1 for the Court's convenience.

*v. Heller*, 554 U.S. 570 (2008), to armed self-defense extends beyond the home.[2] *See Bateman* at 9-10 (ruling that North Carolina's restrictions on firearm possession outside the home during a declared emergency implicate the Second Amendment); *Weaver*, 2012 WL 727488 at *4 (holding that 18 U.S.C. §§922(h), to the extent it involves activity occurring outside the home, implicates the Second Amendment); *Woollard*, 2012 WL 695674 at **5-7 (ruling that the right to bear arms protected by the Second Amendment is not limited to the home). Plaintiffs' reliance on these decisions is, however, misplaced.

First, none of these orders are relevant to the grounds upon which Defendants seek dismissal. The only instance in which Defendants raised the scope of the Second Amendment as justification for dismissal relates to Count XV, which is Plaintiff Second Amendment Arms's ("SAA") state law claim for mandamus to direct the City to issue a license to SAA to operate a gun store. *See* Compl. ¶¶ 106-07. Defendants assert in their Memorandum in Support of Their Motion to Dismiss ("Defendants' Memorandum" or "Def. Mem.") that Count XV fails, *inter alia*, because the Second Amendment does not protect the right to sell or transfer a firearm. *See* Def. Mem. at 20. *Bateman*, *Weaver*, and *Woollard* do not discuss whether the Second Amendment protects such a right. Instead, as discussed above, they only hold that the individual right to armed self-defense announced in *Heller* extends beyond the home. As a result, Plaintiffs' cases are simply not relevant to the issues raised in the City's motion to dismiss.[3]

---

[2] In all three cases, the district court based its decision primarily on Judge Niemeyer's separate opinion as to Part III.B of the Fourth Circuit's decision in *United States v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011). *See Bateman* at 10; *Weaver*, 2012 WL 727488 at *4; *Woollard*, 2012 WL 695674 at *6.

[3] Indeed, the district court in *Weaver* noted that the United States Court of Appeals for the Fourth Circuit has expressly declined to recognize a Second Amendment right to keep and bear arms outside the home. *See Weaver*, 2012 WL 727488 at *4 (citing *United States v. Mahin*, --- F.3d ----, 2012 WL 336151,

Second, even if *Bateman*, *Weaver*, and *Woollard* are relevant to an argument made by Defendants, they are clearly not binding precedent on this Court. Moreover, in two recent decisions, judges in the United States District Court for the Central District of Illinois and the Southern District of Illinois ruled that the Second Amendment right to armed self-defense does not extend beyond the home. In *Moore v. Madigan*, --- F.Supp.2d ----, 2012 WL 344760 (C.D. Ill. Feb. 3, 2012), and *Shepard v. Madigan*, No. 11-CV-405-WDS, 2012 WL 1077146 (S.D. Ill. Mar. 30, 2012), the plaintiffs challenged Illinois's statutes prohibiting the carry of loaded and operable firearms in public as violating their rights under the Second Amendment.[4] In dismissing the plaintiffs' complaints and denying their motions for preliminary injunction, the courts held that *Heller* does not extend the individual right to armed self-defense beyond the home. *See Moore*, 2012 WL 344760 at *6-*7 (citing other decisions finding that the Second Amendment right in Heller is limited to bearing arms in the home for self defense); *Shepard*, 2012 WL 1077146 at *10. Thus, *Moore* and *Shepard* reached the opposite conclusion as the courts in *Bateman*, *Weaver*, and *Woollard*, a fact recognized by the court in *Woollard*. *See Woollard*, 2012 WL 695674 at *7 n.9. While *Moore* and *Shepard* clearly do not bind this Court, they address and interpret Seventh Circuit precedent in reaching their conclusion about the scope of the Second Amendment and are therefore more persuasive than *Bateman*, *Weaver*, and *Woollard*.

---

at *4 (4th Cir. Feb. 3, 2012)).

[4] Both *Moore* and *Shepard* are currently on appeal to the Seventh Circuit.

**CONCLUSION**

The supplemental authority cited by Plaintiffs is irrelevant to the issues raised by Defendants' motion to dismiss, but to the extent it is relevant, cases decided by district courts within the Seventh Circuit do not recognize a Second Amendment to possess firearms outside the home. For these reasons and those set forth in Defendants' Memorandum and their reply in support of their motion to dismiss, Defendants request that the Court dismiss Counts I, III, and VIII-XVIII of Plaintiffs' Second Amended Complaint and grant Defendants such further relief as it deems just and appropriate.

Date: May 15, 2012                                        Respectfully submitted,

                                                                            STEPHEN R. PATTON,
                                                                            Corporation Counsel for the City of Chicago

                                                                            By:   /s/William Macy Aguiar
                                                                                     Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendants