**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, ROBERT M. ZIEMAN, SR., ICARRY, an unincorporated Association (and d/b/a of Shaun Kranish), SHAUN KRANISH, individually and d/b/a ICARRY, and TONY KOLE, <br><br>　　　　　　　Plaintiffs, <br><br>v. <br><br>CITY OF CHICAGO, a municipal corporation, RAHM EMANUEL, in his official capacity as Mayor of the City of Chicago, GARRY McCARTHY, Superintendent of Police of the City of Chicago, and SUSANA MENDOZA, City Clerk of the City of Chicago, <br><br>　　　　　　　Defendants. | Case No: 1:10-CV-4257 <br><br><br>Hon. Robert M. Dow, Jr. <br>U.S. District Court Judge <br><br><br>Hon. Sheila M. Finnegan <br>U.S. Magistrate Judge |

## JOINT STATUS REPORT

Pursuant to the Court's Standing Order, Plaintiffs provide the following information:

A. The attorneys of record for each party, including the attorney(s) expected to try the case.

　　　　<u>　David G. Sigale　</u>　for Plaintiffs.

　　　　<u>　William Macy Aguiar　</u>　for Defendants.

B. The basis for federal jurisdiction.

　　　Federal claims including 42 U.S.C. 1983 and the Declaratory Judgment Act (28 U.S.C. 2201, 2202); pendant state jurisdiction.

C. The nature of the claims asserted in the complaint and any counterclaim.

　　　Plaintiffs have a pending Third Amended Complaint alleging the City is violating the Plaintiff's Second Amendment rights by:

Count I - banning firearms sales within City limits;
Count II - banning most purchases and transfers of firearms within City limits;
Count III - banning the possession of firearms outside Plaintiffs' homes;
Count IV - limiting the amount of firearms that may be possessed and registered with a City resident's home;
Count V - banning the possession of firearms within certain parts of a resident's home and property;
Count VI - banning the sale and possessions of certain handguns arbitrarily deemed to be "unsafe;"
Count VII - banning laser sighting devices within City limits
Count VIII - requiring, if minors are present in the resident's home, that any firearm be on the resident's person, rendered inoperable or locked in a box.

Plaintiffs also allege (Count IX) violations of substantive due process and (Count X) violations of the Dormant Commerce Clause in banning Plaintiff Franzese from operating a retail firearm sales business within City limits.

Plaintiff Kole (Counts XI and XIV) also seeks restitution individually and as a class representative for the unconstitutional collection of fees for firearms possession permits and firearms registration certificates.

Plaintiff Zieman also is suing individually and as a class representative (Count XII and XV) for restitution for firearms seized and fines paid and costs incurred due to the firearm ban in place in Chicago from 1982-2010.

Plaintiffs also seek a declaratory judgment (Count XIII) and an injunction against all complained-of unconstitutional City Ordinances.

Plaintiffs note that recently passed City Ordinances may impact their claims, though Plaintiffs have not been able to thoroughly review said Ordinances.

There are no counterclaims.

D. The name of any party who or which has not been served, and any fact or circumstance related to non-service of process on such party.

None.

E. The principal legal issues.

The constitutionality of the complained-of City Ordinances; the existence of an F.R.Civ.P. 23 class.

F. The principal factual issues.

    The damages suffered by Plaintiffs as a result of the complained-of City Ordinances.

  G. Whether a jury trial has been demanded by any party.

    Plaintiffs demand a trial on all triable issues.

  H. A brief description of any discovery that has been taken and of the discovery anticipated to be required, and suggested dates for discovery deadlines and cutoff. Parties are reminded of their discovery obligations under Fed. R. Civ. P. 26 and Local Rule 26.1.

    None taken.

  I. If reasonably ascertainable at this early stage of the case, the earliest date the parties would be ready for trial and the estimated length of trial.

    Despite the duration of time this matter has been pending, Plaintiffs believe it is not reasonably ascertainable to determine a potential trial date. Plaintiffs further answer that after the numerous legal issues are decided by the Court, the remaining factual issues will take approximately one week to try.

  J. Whether the parties consent unanimously to proceed before a Magistrate Judge.

    No.

  K. The status of any settlement discussions.

    None.

  L. Whether the parties request a settlement conference.

    Plaintiffs are not requesting a settlement conference at this time.

Date:  September 17, 2013      /s/ David G. Sigale
                  Attorney For Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547/Fax 630.596.4445
dsigale@sigalelaw.com

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

1. On September 17, 2013, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

2. Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                                                                         /s/ David G. Sigale
                                                                          Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547/Fax 630.596.4445
dsigale@sigalelaw.com