IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECOND AMENDMENT ARMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 10 CV 4257 |
| v. ) | Judge Robert M. Dow, Jr. |
| ) | Magistrate Judge Sheila M. Finnegan |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS IX, X, XII, AND XV OF PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendants City of Chicago (the "City"), Mayor Rahm Emanuel, Superintendent of Policy Gerry McCarthy, and City Clerk Susana Mendoza (collectively, "Defendants"), by their counsel, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby file this memorandum in support of their Motion to Dismiss Counts IX, X, XII, and XV of the Third Amended Complaint ("Complaint" or "Compl.") filed by Plaintiffs Second Amendment Arms ("SAA"), R. Joseph Franzese, Robert M. Zieman, Icarry, Shaun A. Kranish, and Tony Kole (collectively, "Plaintiffs").

### INTRODUCTION

The instant lawsuit challenges the City's efforts to regulate firearms within City limits on various grounds. After this Court ordered Plaintiffs to clarify these grounds on three separate occasions, Plaintiffs filed the current version of the Complaint. Four of the counts alleged in the Complaint, however, fail to state a valid claim and should be dismissed.

Count IX of the Complaint alleges that the current version of the City's firearm ordinance, which prohibits the sale, transfer, and purchase of firearms within City limits, violates

Plaintiffs' substantive due process rights, but the Supreme Court has repeatedly held that where a constitutional claim is covered by a specific constitutional provision, that provision, and not the more generalized notion of substantive due process, must be the guide for analyzing the claim. The Court should review challenges to the City's ordinance under the Second Amendment, which Plaintiffs cite as the basis for nearly every other count in their Complaint.

Count X alleges that the current version of the City's ordinance also violates the Dormant Commerce Clause, but Seventh Circuit precedent affirms that non-discriminatory local laws such as the City's current firearms ordinance do not run afoul of the Dormant Commerce Clause.

Counts XII and XV seek to recover, on behalf of Plaintiff Zieman and a putative class, the firearms (or value of the firearms) seized by the City pursuant to a former version of the firearms ordinance that banned possession of certain firearms altogether. Plaintiffs allege these claims under 42 U.S.C. § 1983 and Illinois unjust enrichment law, which have two- and five-year statute of limitations respectively, but Plaintiffs do not allege when the firearms were seized. Court documents publicly filed with the Circuit Court of Cook County in the legal action enforcing the City's ordinance against Zieman readily demonstrate that the City seized his firearms in 2001, which is approximately nine years before the instant lawsuit was filed. Defendants respectfully ask the Court to take judicial notice of this fact and dismiss Counts XII and XV are time-barred.

## LEGAL STANDARDS

Rule 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, the Court accepts as true all well-pleaded allegations, construing all such allegations in the light most favorable to the plaintiff and drawing all reasonable inferences in favor of the plaintiff. *See Thompson v. Ill.*

*Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). However, a complaint must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcrof v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Allegations that are mere conclusions are not entitled to the presumption of truth. *See id.* Moreover, a court "'may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (quoting *United States v. Wood,* 925 F.2d 1580, 1582 (7th Cir.1991)).

## ARGUMENT

**A.      Count IX of the Complaint Fails to State a Claim Under the Substantive Due Process Clause.**

In Count IX of the Complaint, Plaintiffs allege that they have fundamental rights protected by the Substantive Due Process Clause to "to sell firearms through retail sales [and] earn his livelihood in any lawful manner which he chooses." Compl. ¶ 80. According to Plaintiffs, the City's current firearms ordinance deprives them of these rights. Compl. ¶ 81.

The Supreme Court, however, has reiterated that "if a constitutional claim is covered by a specific constitutional provision[,] the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[The particular] Amendment, not the more generalized notion of 'substantive due process' must be the

3

guide for analyzing these claims."); *Doe v. Heck*, 327 F.3d 492, 519 (7th Cir. 2003) ("[S]ubstantive due process may not be called upon when a specific constitutional provision . . . protects the right allegedly infringed upon.").

Plaintiffs' claims in Count IX that City's ordinance violates their personal and occupational rights to sell firearms should be analyzed under the Second Amendment, which the Plaintiff raises in Counts I, II, III, IV, V, VI, VII, VIII, and XI of their Complaint. The Substantive Due Process Clause is an improper basis to evaluate Plaintffs' claims, and the Court should therefore dismiss Count IX.

**B.**     **Count X of the Complaint Fails to State a Claim Under the Dormant Commerce Clause.**

Count X of the Complaint alleges that the City's current firearms ordinance violates the Dormant Commerce Clause. Compl. ¶¶ 84-93. According to Plaintiffs, firearms move through channels of interstate commerce during stages of production and distribution. Compl. ¶¶ 85-88. Plaintiffs do not allege that the City's prohibition on sales, transfers, and purchases of firearms within City limits imposes any greater burden upon parties outside Illinois than parties inside Illinois, but that the regulation imposes a burden on interstate commerce generally. Compl. ¶ 91. Under the Seventh Circuit's tests for challenges under the Dormant Commerce Clause, Plaintiffs' allegations are insufficient to state a claim.

From the Commerce Clause of the U.S. Constitution, which states that "Congress shall have Power . . . to regulate Commerce . . . among the several states," Article I, Section 8, clause 3, the Supreme Court has interpreted a corollary principle limiting the extent to which states may legislate matters of interstate commerce. *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 272-73

4

(1984). This so-called Dormant Commerce Clause "prevents a State form jeopardizing the welfare of the Nation as a whole by plac[ing] burdens on the flow of commerce across its borders that commerce wholly within those borders would not bear." *Amer. Trucking Ass'n, Inc. v. Mich. Pub. Serv. Comm'n*, 545 U.S. 429, 433 (2005) (quoting *Okla. Tax Comm'n v. Jefferson Lines, Inc.*, 514 U.S. 175, 180 (1995)). Accordingly, states may not overreach into the regulation of interstate commerce by "establishing tariff walls or other harmful barriers to trade across state lines." *Midwest Title Loans, Inc. v. Mills*, 593 F.3d 660, 664-65 (7th Cir. 2010).

The Seventh Circuit articulated its standard for evaluating a local law under the Dormant Commerce Clause in *National Paint & Coatings Association v. City of Chicago*. 45 F.3d 1124 (1995). In that case, Plaintiffs claimed the City's prohibition on the sale and purchase of spray paint within City limits impermissibly burdened interstate commerce. *Id.* at 1124. The court directly considered whether the Supreme Court's balancing test announced in *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970), which considers whether a law's burden on interstate commerce is clearly excessive in relation to putative local benefits, is properly applied to all local laws affecting commerce. *Nat'l Paint*, 45 F.3d at 1131. The Seventh Circuit concluded it is not. *Id.* ("*Pike* is not universally applicable.").

Rather, the court distinguished three categories of local laws and the standards that courts should apply to them. The first category, which the court called disparate treatment, explicitly grants preferential treatment to in-state interests over out-of-state interests, and courts should regard these laws as "all but *per se* unconstitutional." *Id.* (citing *C & A Carbone, Inc. v. Clarkstown*, 511 U.S. 383 (1994) and *West Lynn Creamery, Inc. v. Healy*, 512 U.S. 186 (1994)). The second category, known as disparate impact, "appear[s] to be neutral among states but

5

[bears] more heavily on interstate commerce than on local commerce." *Id.* According to the Seventh Circuit, when such laws have "mild disparate effects and potential neutral justifications . . . [they] are analyzed under *Pike*, and the state must establish that reasonable persons who held all states' interests in equal regard could think that net benefits remained." *Id.* The third category includes "laws that affect commerce without any reallocation among jurisdictions–that do not give local firms any competitive advantage over those located elsewhere." *Id.* The court held that these laws that are non-discriminatory in purpose and effect do not implicate the Dormant Commerce Clause and that the *Pike* balancing test was unnecessary to evaluate them. *Id.* at 1132 ("Unless the law discriminates against interstate commerce expressly or in practical effect, there is no reason to require special justification."). Because the spray paint ban applied universally and plaintiffs offered nothing to suggest the existence of discriminatory extraterritorial effects, the court held the ban did not violate the Dormant Commerce Clause. *Id.* at 1132 ("No disparate treatment, no disparate impact, no problem under the dormant commerce clause.").

Similar citywide bans likewise have been upheld. *See e.g., Procter & Gamble v. City of Chicago*, 509 F.2d 69 (7th Cir. 1975) (rejecting challenge to Chicago's ban on detergents containing phosphates); *Ill. Restaurant Ass'n v. City of Chicago*, 492 F. Supp. 2d 891 (N.D. Ill. 2007) (rejecting challenge to Chicago ban on foie gras), *vacated as moot,* No. 06-C-7014, 2008 WL 8915042, at *1 (N.D. Ill. Aug. 7, 2008). In *Illinois Restaurant Association*, this Court recognized some confusion over the appropriate standard that has led others to apply the *Pike* balancing test even to non-discriminatory laws. 492 F. Supp. 2d at 898, 903. The Court then examined several applications of *Pike* by the Supreme Court and found each instance to

implicate some concern regarding discrimination in interstate commerce. *Id.* at 904 ("It thus appears that the Supreme Court has itself recognized (albeit in a less than straightforward way) that the dormant Commerce Clause applies to nondiscriminatory laws only where the law has some sort of discriminatory effect or when judicial intervention is necessary to promote national uniformity and thereby prevent discrimination."). Although this Court vacated its opinion in *Illinois Restaurant Association* once the City voted to repeal its foie gras ban, this Court's analysis remains sound that *National Paint* states the appropriate standard of Dormant Commerce Clause review for non-discriminatory laws.

In the instant matter, Plaintiffs have not alleged that the City's ordinance discriminates–either expressly or incidentally–against out-of-state interests for the benefit of in-state interests. Accordingly, the ordinance falls within *National Paint*'s third category of local laws that do not raise a problem with the Dormant Commerce Clause. The Court should approach the ban on the sale and purchase of firearms in City limits in the same manner that this Court and the Seventh Circuit have approached bans on other commodities like spray paint, phosphate detergent, and foie gras. Therefore, the Court should dismiss Plaintiffs' Dormant Commerce Clause claim in Count X.

C. **Counts XII and XV of the Complaint Seeking Restitution Under 42 U.S.C. § 1983 and Illinois Unjust Enrichment Laws Respectively Are Time-Barred And Should Be Dismissed.**

In Count XII of the Complaint, Plaintiff Zieman, on behalf of himself and a putative class, claims that under 42 U.S.C. § 1983, the City's seizure of his firearms pursuant to the City's former firearms ordinance violated his Second Amendment rights. Compl. ¶ 100. He seeks the return of his firearms or restitution for the value thereof, as well as expungement of his criminal

records and compensation for any fines, court costs, or legal fees accrued as a result of the City's actions. Compl. ¶¶ 101-03. Count XV alleges a corresponding unjust enrichment claim under Illinois law on behalf of Zieman and a putative class based upon the seizure of firearms by the City. Compl. ¶ 113. Documents filed with the Illinois Circuit Court show that the City seized Zieman's firearms in 2001–approximately nine years before Plaintiffs filed this lawsuit.[1] The Court should dismiss both claims for his failure to raise them within the statute of limitations period applicable to each type of claim.

The statute of limitations period for a federal Section 1983 claim "is governed by the personal injury laws of the state where the injury occurred." *Hilemand v. Maze*, 367 F.3d 694, 696 (7th Cir. 1993) ("every constitutional tort actionable under § 1983 is treated as a personal injury"). Illinois is the state of injury because Zieman's firearms were seized in Illinois, where "[a]ctions for damages for injury to the person . . . shall be commenced within 2 years next after the cause of action accrued . . . ." 735 ILCS 5/13-202; *see also Hileman*, 367 F. 3d at 696 (two year statute of limitations applies to Section 1983 claim). Federal law, however, governs the date of accrual, *Hileman*, 367 F. 3d at 696, and a Section 1983 claim accrues "when the plaintiff knows or should have known that his or her constitutional rights have been violated," *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (quoting *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)). A state law claim for unjust enrichment is subject to a five-year statute of limitations period under 735 ILCS 5/13-205. *See Mann v. Thomas Place, LP*, 2012 IL App. (1st) 110625, ¶ 1 (2012). Similar to federal law, the statute of limitations period for an Illinois unjust

---

[1] As discussed below, the court may take judicial notice of facts contained within documents publicly filed during an earlier court proceeding in deciding Defendants' motion to dismiss. *See infra* p. 9.

enrichment claim begins to run when the plaintiff knew or should have known of the facts supporting its cause of action. *Frederickson v. Blumenthal*, 271 Ill. App. 3d 738, 742-43 (1995).

Zieman's claims therefore accrued when the City seized his firearms. *See Hameed v. Lambert*, 94 C 7570, 1996 WL 65996 (N.D. Ill. Feb. 12, 1996) (claim accrued when plaintiff became aware that his firearms were seized). At that time, Zieman knew or should have known the facts to support his allegations that his constitutional rights were violated and that the City was unjustly enriched by the seizure and possession of his firearms.

Although Plaintiffs do not allege in their Complaint on what date Zieman's firearms were seized, a fact readily discoverable by Plaintiffs' counsel,[2] records filed with the Circuit Court of Cook County during the enforcement action against Zieman for violating the City's ordinance, clearly indicate that the Chicago Police Department seized Zieman's firearms on September 17, 2001. *See* "Class 'C' Misdemeanor/Ordinance Violation Form," attached hereto as Exhibit 1. The court may take judicial notice of facts contained within documents publicly filed during an earlier court proceeding in deciding Defendants' motion to dismiss. *Henson*, 29 F.3d at 28; *see also Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) ("This exception has allowed courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard.").

Based upon the seizure date of September 17, 2001 and the relevant statute of limitations periods, Zieman had until September 18, 2003, to file his Section 1983 claim and September 18, 2006, to file his unjust enrichment claim. He did neither, and thus, Zieman's claims, and

---

[2] Defendants' counsel wrote to Plaintiffs' counsel on October 31, 2013, informing him of the statute of limitations issue and asking Plaintiffs to voluntarily withdraw Counts XII and XV of their Complaint. Defendants have not received a response from Plaintiffs on this matter.

necessarily those of the putative classes fail. *See Garnett v. Millennium Med. Mgmt. Res., Inc.*, No. 10 C 3317, 2010 WL 5140055, at *1 n.1 (N.D. Ill. Dec. 9, 2010) ("Since named plaintiff's individual claims are being dismissed, a class will not be certified and the claims of the putative class will be dismissed without prejudice.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Counts IV, X, XII, and XV of Plaintiffs' Third Amended Complaint and grant Defendants such further relief as this Court deems just and appropriate.

Dated: November 15, 2013

Respectfully submitted,

STEVEN R. PATTON,
Corporation Counsel, City of Chicago


BY:     /s/ David M. Baron
        Assistant Corporation Counsel

Mardell Nereim
William Macy Aguiar
David M. Baron
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-6975 / 744-4216

Attorneys for Defendants