**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, ROBERT M. ZIEMAN, SR., ICARRY, an unincorporated Association (and d/b/a of Shaun Kranish), SHAUN KRANISH, individually and d/b/a ICARRY, and TONY KOLE, ) ) ) ) ) ) ) ) | Case No: 1:10-CV-4257 |
| Plaintiffs, ) ) | |
| v. ) ) | Hon. Robert M. Dow, Jr. U.S. District Court Judge |
| CITY OF CHICAGO, a municipal corporation, RAHM EMANUEL, in his official capacity as Mayor of the City of Chicago, GARRY McCARTHY, Superintendent of Police of the City of Chicago, and SUSANA MENDOZA, City Clerk of the City of Chicago, ) ) ) ) ) ) ) | Hon. Sheila M. Finnegan U.S. Magistrate Judge |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS IX, X, XII AND XV OF PLAINTIFFS' THIRD AMENDED COMPLAINT**

Plaintiffs, Second Amendment Arms (a d/b/a of R. Joseph Franzese), R. Joseph Franzese, individually and d/b/a Second Amendment Arms, Robert M. Zieman, Sr., ICarry, an unincorporated Association (and d/b/a of Shaun Kranish), Shaun Kranish and d/b/a ICarry, and Tony Kole, by and through undersigned counsel, and for their Response to Defendant's Motion to Dismiss Counts IX, X, XII and XV of Plaintiffs' Third Amended Complaint, state the following:

**INTRODUCTION**

Defendant challenges four of the Counts in Plaintiffs' Third Amended Complaint: Count IX (Substantive Due Process), Count X (Dormant Commerce Clause), while Counts XII and XV

contest Plaintiff Zieman's claim under federal and state law, respectively, against the City for unjust enrichment under the City's previous handgun ban, repealed following the Supreme Court's decision in *McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010).

## ARGUMENT

F.R.Civ.P. 12(b)(6) Standard

"[W]hen considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts -- as well as any inferences reasonably drawn therefrom -- in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.*, 127 S.Ct. at 1955 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1 [ ] (2002). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S.Ct. at 1973-74 & n.14." *Manuel v. Lyles*, 2008 U.S. Dist. LEXIS 51433, 5-6 (N.D.IL June 30, 2008).

Plaintiffs' Substantive Due Process claim (Count IX) states a proper alternative cause of action.

"A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). What's more, '[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.' Fed. R. Civ. P. 8(d)(2)." *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 597 (7th Cir. 2012). This Court has noted that "two legal theories sufficiently distinct that

they call for proof of substantially different facts may be separate 'claims.'" *NAACP v. American Family Mutual Insurance Company*, 978 F.2d 287, 292 (7th Cir. 1992).

Defendant argues Count IX should be dismissed since Plaintiffs also plead a Second Amendment claim. If Defendant is conceding the Second Amendment applies to Plaintiffs' right to sell firearms, and that the infringement on the sale of firearms should be analyzed under the Second Amendment, then its argument may have merit. Until that time, Plaintiffs are entitled to plead in the alternative should the Court rule there is no Second Amendment right to sell firearms.[1] Therefore, in the absence of a specific finding or stipulation that the Second Amendment protects a right to sell firearms, and since Defendant has raised no other objection to the cause of action, Count IX should not be dismissed.

Plaintiff's Dormant Commerce Clause claim (Count X) states a cause of action.

As Judge Durkin noted in a similar claim and similar Motion to Dismiss, "The Constitution generally gives Congress the power to regulate interstate commerce. U.S. Const. Art. I, § 8 ("The Congress shall have power . . . To regulate Commerce . . . and among the several States."). Although the Commerce Clause does not expressly limit state power over interstate commerce, courts have long recognized that in certain circumstances, state and local laws imposing substantial burdens on interstate commerce are not allowed. This 'negative' aspect of the Commerce Clause is often referred to as the 'Dormant Commerce Clause' and is invoked to invalidate overreaching provisions of state regulation of commerce." *Alliant Energy Corp. v. Bie*, 330 F.3d 904, 911 (7th Cir. 2003)." *See Kole v. Village of Norridge*, 11-CV-3871, Dkt. #79, pp.24-25 (April 19, 2013).

---

[1] The identical gun sales/transfer ban was just found unconstitutional as violating the Second Amendment by Judge Chang (*Illinois Association of Firearms Retailers v. City of Chicago*, 10 CV 4184 (January 6, 2014).

Under the Dormant Commerce Clause, state and local laws are generally analyzed under a two-tier approach. First it is determines whether the law "regulates evenhandedly with only 'incidental' effects on interstate commerce, or discriminates against interstate commerce." *Oregon Waste Sys., Inc. v. Dept of Envtl. Quality*, 511 U.S. 93, 99 (1994) (quoting *Hughes v. Oklahoma*, 441 U.S. 322, 336 (1979)).

Plaintiffs are not alleging the gun store ban discriminates against interstate commerce, but are instead arguing the ban unconstitutionally burdens interstate commerce with no local purpose. Therefore, the Court should apply the balancing test from *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970):

> Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, an on whether it could be promoted as well with a lesser impact on interstate activities.
> (Citation omitted, emphasis added.)

*See also Department of Revenue v. Davis*, 553 U.S. 328, 338-339 (2008).

Though the Seventh Circuit has held that "a plaintiff has a steep hill to climb" to meet this standard, *Midwest Title Loans, Inc. v. Mills*, 593 F.3d 660, 665 (7th Cir. 2010), and likened it to "normal rational-basis" review, *Nat'l Paint & Coatings Assn. v. City of Chicago*, 45 F.3d 1124, 1131-32 (7th Cir. 1995). *See also Cavel, Int'l, Inc. v. Madigan*, 500 F.3d 551, 556 (7th Cir. 2007); *Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F. Supp. 2d 929, 938 (N.D.IL 2012), Plaintiffs' Count X meets this pleading standard.

As Judge Durkin noted: "Plaintiffs argue that the Agreement and Revised Ordinance impose a substantial burden on interstate commerce without any legitimate local benefit. Defendants respond that the Court should rule on the face of the Amended Complaint that Plaintiffs cannot satisfy the *Pike* test. This is a close call on a motion to dismiss. Plaintiffs undoubtedly face an uphill battle to show that the burden imposed on interstate commerce is clearly excessive in relation to the putative local benefits. But at this stage, they have stated a plausible claim. Just as with the Second Amendment claims, the Court can better assess the burdens and benefits based on a thorough and complete factual record. The Court cannot meaningfully balance these factors based on the very limited record currently before the Court on Defendants' motion to dismiss." *See Kole v. Village of Norridge*, 11-CV-3871, Dkt. #79, p.27 (April 19, 2013).

Similar to the nearly identical situation currently being litigated in *Kole*, for F.R.Civ.P. 8 and 12 purposes, Count X of the Third Amended Complaint sufficiently pleads a cause of action. <u>Plaintiffs should be granted the opportunity to substitute Plaintiffs in Counts XII and XV.</u>

Upon review, Defendant is correct that Plaintiff Zieman's claim arose in 2001 and ran in 2003. Nevertheless, the claim that the City was unjustly enriched by seizing firearms and monies under an unconstitutional scheme is valid. Even if Plaintiff Zieman is ineligible to serve as class Plaintiff, the Plaintiffs request leave to substitute a different individual as class Plaintiff.

At worst, Plaintiffs request the matter be dismissed without prejudice with leave to reinstate, if and when a suitable substitute Plaintiff is named.

**CONCLUSION**

In light of the above, Plaintiffs request this Honorable Court to deny Defendant's Motion in its entirety, and order Defendant to answer the subject Counts of Plaintiffs' Third Amended Complaint within a time certain. Plaintiffs also request any and all further relief as this Court deems just and proper.

Dated: January 6, 2014                                                  Respectfully submitted,


                                                                        By:      /s/ David G. Sigale
                                                                                 David G. Sigale



David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com

## **CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

1. On January 6, 2014, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

2. Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.


      /s/ David G. Sigale
    Attorney for Plaintiffs


David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547/Fax 630.596.4445
dsigale@sigalelaw.com