IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECOND AMENTMENT ARMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 10 CV 4257 |
| v. ) | Judge Robert M. Dow, Jr. |
| ) | Magistrate Judge Sheila M. Finnegan |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
COUNTS IX, X, XII, AND XV OF PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendants City of Chicago (the "City"), Mayor Rahm Emanuel, Superintendent of Police Gerry McCarthy, and City Clerk Susana Mendoza (collectively, "Defendants"), by their counsel, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby file this reply in support of their Motion to Dismiss Counts IX, X, XII, and XV of the Third Amended Complaint ("Motion") filed by Plaintiffs Second Amendment Arms, R. Joseph Franzese, Robert M. Zieman, Icarry, Shaun A. Kranish, and Tony Kole (collectively, "Plaintiffs").[1]

---

[1] Subsequent to the filing of Defendants' Motion, Judge Edmund Chang issued his opinion in *Illinois Association of Firearms Retailers v. City of Chicago*, No. 10-CV-4184 (N.D. Ill. Jan. 6, 2014) (Dkt. No. 238), which held that the City's ban on the transfer and sale of firearms violated the Second Amendment. The City filed a motion indicating that it would not appeal the decision but requested six months to amend its firearms ordinance to allow the City to adequately consider, draft, and enact appropriately tailored regulations regarding gun sales and transfers. The court granted the City's request and entered an injunction prohibiting the City from enforcing its ban but stayed its order until July 14, 2014. *See* January 14, 2014 Minute Order, attached hereto as Exhibit A.

Should the Court not dismiss Counts IX and X for the reasons stated by Defendants in their Motion and Memorandum and this Reply, Defendants intend to seek a stay of those claims, as well as Counts I, II, and XIII, until at least July 14, 2014. Those claims challenge the City's ban on the transfer and sale of firearms, and because the City, consistent with Judge Chang's order, will be enacting legislation by July 14 that permits gun transfers and sales, a stay of those claims is appropriate. It would be inefficient and a waste of the parties' and the Court's resources to litigate claims that will be moot once the City Council does enact new legislation by July 14, 2014.

## INTRODUCTION

In their Response to Defendants' Motion to Dismiss ("Response" or "Resp."), Plaintiffs either misstate or ignore the applicable law in their efforts to save Counts IX, X, XII, and XV from dismissal. Plaintiffs contend that their substantive due process claim in Count IX is acceptable as an alternative legal theory, but they ignore the repeated direction from the Supreme Court that courts should, when possible, review constitutional challenges to a government practice under a specific provision of the constitution like the Second Amendment, rather than under the Substantive Due Process Clause. With respect to their claim under the Dormant Commerce Clause in Count X, Plaintiffs overlook Seventh Circuit precedent holding that non-discriminatory local laws simply do not implicate the Dormant Commerce Clause. Finally, Plaintiffs admit in their Response that Zieman's individual claims in Counts XII and XV are barred by the applicable statute of limitations and that they therefore do not have a class representative, which is a requirement under the Federal Rules of Civil Procedure for sustaining a class action. Contrary to Plaintiffs' suggestion, the class claims cannot proceed at this juncture absent a class representative and should therefore be dismissed.

For these reasons, set forth more fully below and in Defendants' Memorandum in Support of Their Motion to Dismiss Counts IX, X, XII, and XV of Plaintiffs' Third Amended Complaint ("Memorandum"), this Court should dismiss Counts IX, X, XII, and XV pursuant to Rule 12(b)(6).

## ARGUMENT

**I.  Count IX Fails To State A Claim Under The Substantive Due Process Clause.**

Count IX, in which Plaintiffs assert that the City's ban on the sale or transfer of firearms violates their substantive due process rights, should be dismissed because the Supreme Court has

repeatedly held that when a claim falls under a specific constitutional provision, "the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *see also Turner v. City of Chicago, Ill.*, No. 12-C-9994, 2013 WL 4052607, at *5 (N.D. Ill. Aug. 12, 2013) ("[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.") (citations omitted). Here, as Counts I and II of Plaintiffs' Third Amended Complaint demonstrate, there can be no question that the City's ban on the sale and transfer of firearms implicates the Second Amendment, thereby eliminating Plaintiffs' claim under the Substantive Due Process Clause.

The cases cited by Plaintiffs, which do not concern alleged violations of the Substantive Due Process Clause and a more specific constitutional provision, hold no differently. In *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594 (7th Cir. 2012), the court stated that a plaintiff may plead alternative *facts* in a complaint—in that case, facts that an individual actually knew of a fraud or was negligently unaware of the fraud. It said nothing about the propriety of a substantive due process claim when a more specific constitutional provision is available. Similarly, the court in *N.A.A.C.P. v. American Family Mutual Insurance Company*, 978 F.2d 287 (7th Cir. 1992), considered the concurrent pleading of claims under state and federal anti-discrimination statutes, which is not the issue presented here. Thus, Plaintiffs' cases identify the general principle that a plaintiff may plead alternative theories of recovery in a complaint, but they do not address the specific rule that a substantive due process claim cannot lie when a more precise constitutional provision provides explicit protection. *See McKinley v. Murphy*, 974 F.2d 1340, 1340 (7th Cir. 1992) (where a plaintiff

challenges governmental action under both a specific constitutional provision and the substantive due process clause, the issue is "subsumed by the [claim under the constitutional provision] and [the plaintiff therefore cannot] state a claim of substantive due process").

Moreover, contrary to Plaintiffs suggestion, which is wholly unsupported by any authority, this Court need not adjudicate Plaintiffs' Second Amendment claims before dismissing their substantive due process claim. The court need only recognize that Plaintiffs' challenge to the City's firearms ordinance should be analyzed under the standards of the Second Amendment.[2] *See Lanier*, 520 U.S. at 272 n.7; *McKinley*, 974 F.2d at 1340. Accordingly, Count IX should be dismissed.

## II. Count X Fails to State a Claim Under the Dormant Commerce Clause.

In their Response, Plaintiffs admit that they have not alleged the City's Ordinance discriminates in any manner against interstate commerce. Resp. at 4. Count X therefore fails as a matter of law because the Seventh Circuit has repeatedly held that non-discriminatory local measures do not violate the Dormant Commerce Clause. As Defendants argued in their Memorandum, the Seventh Circuit in *National Paint & Coatings Association v. City of Chicago,* 45 F.3d 1124, 1132 (1995), distinguished local laws that disparately treat or impact out-of-state interests to the benefit of in-state interests from local laws that do not treat or impact those interests differently. The Seventh Circuit clearly held that the latter type of laws do not implicate the Dormant Commerce Clause. *Id.* ("No disparate treatment, no disparate impact, no problem under the dormant commerce clause."). The court held further that the *Pike* balancing test, which considers whether a measure's

---

[2] Judge Chang's holding in *Illinois Association of Firearms Retailers*, that the City's ban on the sale of firearms violated the Second Amendment, further confirms the Second Amendment as the appropriate source for reviewing Plaintiffs' claims. *See* No. 10-CV-4184, Dkt. No. 238, at *35.

burden on interstate commerce clearly exceeds its local benefits, applies solely to local laws imposing a discriminatory impact, but not apply to non-discriminatory laws. *Id.* at 1131.

Plaintiffs fail to address *National Paint*, except to concede that the case likens the scrutiny applied to non-discriminatory local laws to the minimal requirements of a rational basis review. Resp. at 4. Thus, they ignore the law as stated by the Seventh Circuit, as well as this Court, that non-discriminatory bans on the sales of particular products do not violate the Dormant Commerce Clause as a matter of law.³ *See, e.g., Nat'l Paint*, 45 F.3d at 1131-32 (spray paint); *Procter & Gamble v. City of Chicago*, 509 F.2d 69 (7th Cir. 1975) (phosphate detergents); *Ill. Restaurant Ass'n v. City of Chicago*, 492 F. Supp. 2d 891 (N.D. Ill. 2007) (foie gras), *vacated as moot,* No. 06-C-7014, 2008 WL 8915042, at *1 (N.D. Ill. Aug. 7, 2008). And as this Court noted in *Illinois Restaurant*, 492 F. Supp. 2d at 898, 903, although Supreme Court jurisprudence on the issue has led to some confusion regarding the appropriate standard for non-discriminatory laws, the clarification of that standard in *National Paint* remains the binding law in this Circuit. Therefore, because the ban on the sale and transfer of firearms does not discriminate against out of state interests differently from those in-state (and Plaintiffs fail to show that it does), *National Paint* directs the dismissal of Count X.

**III.    Plaintiffs Concede That Zieman's Claims Are Time-Barred, Requiring Dismissal of Both The Individual And Class Claims Contained In Counts XII And XV.**

In their Response, Plaintiffs concede that Plaintiff Zieman's claims under Counts XII and XV arose in 2001 and that they are now barred by the appropriate statute of limitations. Resp. at 5. Zieman therefore cannot bring his claims, and they should be dismissed. With respect to the putative

---

³ Plaintiffs cite to one order from this Court applying the *Pike* test to a municipal ban on gun sales, *Kole v. Vill. of Norridge*, No. 11-C-3871, 2013 WL 1707951 (Apr. 19, 2013). But that order does not squarely address the holding of *National Paint* that non-discriminatory laws do not implicate the Dormant Commerce Clause.

class claims, however, Plaintiffs suggest that even though Zieman is ineligible to serve as class representative, the Court should allow the class claim to proceed indefinitely until such time as they identify a proper class representative. But as this Court has repeatedly held, where there is no class representative, the claim should be dismissed. *Garnett v. Millennium Med. Mgmt. Res., Inc.*, No. 10 C 3317, 2010 WL 5140055, at *1 n.1 (N.D. Ill. Dec. 9, 2010) ("Since named plaintiff's individual claims are being dismissed, a class will not be certified and the claims of the putative class will be dismissed without prejudice."); *Boston v. City of Chicago*, No. 86-C-5534, 1988 WL 31532, at *1 (N.D. Ill. Mar. 28, 1988) (dismissing claim of the named plaintiff "and, consequently, that of the putative class"). Thus, the class claims in Counts XII and XV should be dismissed without prejudice, and Plaintiffs can seek leave to amend their complaint to add those claims if a proper plaintiff steps forward.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Counts IV, X, XII, and XV of Plaintiffs' Third Amended Complaint and grant Defendants such further relief as this Court deems just and appropriate.

Dated: January 27, 2014                     Respectfully submitted,

                                                                STEVEN R. PATTON,
                                                                Corporation Counsel, City of Chicago

                                                      BY:    /s/ David M. Baron
                                                                         Assistant Corporation Counsel

Mardell Nereim
William Macy Aguiar
David M. Baron
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-6975 / 744-4216

Attorneys for Defendants