**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, ROBERT M. ZIEMAN, SR., ICARRY, an unincorporated Association (and d/b/a of Shaun Kranish), SHAUN KRANISH, individually and d/b/a ICARRY, and TONY KOLE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, a municipal corporation, RAHM EMANUEL, in his official capacity as Mayor of the City of Chicago, GARRY McCARTHY, Superintendent of Police of the City of Chicago, and SUSANA MENDOZA, City Clerk of the City of Chicago, <br><br> Defendants. | Case No: 1:10-CV-4257 <br><br><br> Hon. Robert M. Dow, Jr. <br> U.S. District Court Judge <br><br><br> Hon. Sheila M. Finnegan <br> U.S. Magistrate Judge |

## JOINT STATUS REPORT

Pursuant to the Court's Standing Order, Plaintiffs provide the following information:

A.  The attorneys of record for each party, including the attorney(s) expected to try the case.

   David G. Sigale    for Plaintiffs.

   William Macy Aguiar and David M. Baron    for Defendants.

B.  The basis for federal jurisdiction.

  Federal claims including 42 U.S.C. 1983 and the Declaratory Judgment Act (28 U.S.C. 2201, 2202); pendant state jurisdiction.

C.  The nature of the claims asserted in the complaint and any counterclaim.

  <u>Plaintiffs' Position</u>: Plaintiffs have a pending Third Amended Complaint, which will need to be amended due to recent changes to some of the challenged

ordinances. It is anticipated a Fourth Amended Complaint will allege the City is violating the Plaintiff's Second Amendment rights by (Counts numbered according to the Third Amended Complaint):

Count I - banning firearms sales within City limits *via* zoning requirements and location restrictions, and seeking damages for the recently-repealed ban;

Count II - seeking damages for the recently-repealed ban of most purchases and transfers of firearms within City limits;

Count VII - banning laser sighting devices within City limits

Count VIII - requiring, if minors are present in the resident's home, that any firearm be on the resident's person, rendered inoperable or locked in a box.

Plaintiffs also seek damages for past violations of (Count IX) substantive due process and (Count X) the Dormant Commerce Clause over the recently-repealed ban on Plaintiff Franzese from operating a retail firearm sales business within City limits.

Plaintiff Kole (Counts XI and XIV) also seeks restitution individually and as a class representative for the unconstitutional collection of fees for firearms possession permits and firearms registration certificates.

Plaintiffs also seek a declaratory judgment (Count XIII) and an injunction against all complained-of unconstitutional City Ordinances.

There are no counterclaims.

<u>Defendants' Position:</u> Until the Fourth Amendment Complaint is filed, Defendants cannot state with certainty how they will respond to the claims contained therein. However, based on the foregoing descriptions, Defendants anticipate that they will move to dismiss that part of Count I seeking damages for the repealed ban on gun sales and Count II. Defendants will likewise seek to dismiss Counts IX and X to the extent they seek damages and for the reasons previously stated in Defendant's motion to dismiss certain counts of Plaintiff's Third Amended Complaint, which the Court did not reach in light of the recent legislative action permitting gun sales in Chicago. Defendants may also move to dismiss other counts.

D. The name of any party who or which has not been served, and any fact or circumstance related to non-service of process on such party.

None.

E. The principal legal issues.

The constitutionality of the complained-of City Ordinances and availability of damages; the existence of an F.R.Civ.P. 23 class (should those Counts be re-pleaded).

F. The principal factual issues.

The amount of any damages suffered by Plaintiffs as a result of the complained-of City Ordinances.

G. Whether a jury trial has been demanded by any party.

Plaintiffs demand a trial on all triable issues.

H. A brief description of any discovery that has been taken and of the discovery anticipated to be required, and suggested dates for discovery deadlines and cutoff. Parties are reminded of their discovery obligations under Fed. R. Civ. P. 26 and Local Rule 26.1.

Defendants have propounded discovery requests, the answering of which was stayed by agreement pending the amendment of the pleadings. Defendants anticipate submitting new discovery requests based on the forthcoming Fourth Amended Complaint.

I. If reasonably ascertainable at this early stage of the case, the earliest date the parties would be ready for trial and the estimated length of trial.

Despite the duration of time this matter has been pending, Plaintiffs believe it is not reasonably ascertainable to determine a potential trial date. Plaintiffs further answer that after the numerous legal issues are decided by the Court, the remaining factual issues will take approximately one week to try.

J. Whether the parties consent unanimously to proceed before a Magistrate Judge.

No.

K. The status of any settlement discussions.

None.

L. Whether the parties request a settlement conference.

The parties are not requesting a settlement conference at this time.

Date:   July 31, 2014                           /s/ David G. Sigale
                                                Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547/Fax 630.596.4445
dsigale@sigalelaw.com

# CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING

The undersigned certifies that:

1. On July 31, 2014, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

2. Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                                                       /s/ David G. Sigale
                                                      Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547/Fax 630.596.4445
dsigale@sigalelaw.com