IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, ROBERT M. ZIEMAN, SR., and TONY KOLE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, a municipal corporation, RAHM EMANUEL, in his official capacity as Mayor of the City of Chicago, GARRY McCARTHY, Superintendent of Police of the City of Chicago, and SUSANA MENDOZA, City Clerk of the City of Chicago, <br><br> Defendants. | Case No. 10-CV-4257 <br><br><br> Hon. Robert M. Dow, Jr. <br> U.S. District Court Judge <br><br><br> Hon. Sheila M. Finnegan <br> U.S. Magistrate Judge |

**FOURTH AMENDED COMPLAINT**

Plaintiffs, Second Amendment Arms (a d/b/a of R. Joseph Franzese), R. Joseph Franzese, individually and d/b/a Second Amendment Arms, Robert M. Zieman, Sr., and Tony Kole, by and through undersigned counsel, and for their Fourth Amended Complaint against the Defendants, City of Chicago, a municipal corporation (hereinafter "the City"), Rahm Emanuel, in his official capacity as Mayor of the City of Chicago, Garry McCarthy, Superintendent of Police of the City of Chicago, and Susana Mendoza, City Clerk of the City of Chicago, allege as follows:

**INTRODUCTION**

1. In this action Plaintiffs bring their claims against the Defendant seeking the recovery of their lost profits and damages, as well as equitable, declaratory, and other relief under, *inter alia*, 42 U.S.C. § 1983, 42 U.S.C. § 1988, *et. seq.*, the First, Second, Fifth and Fourteenth Amendments to the United States Constitution, and the Illinois Constitution, as the

result of various sections of the Municipal Code of Chicago, as well as the Chicago Zoning Ordinance. The complained-of laws deprive Plaintiffs of their constitutional rights to keep, bear and sell arms for lawful purposes including self-defense, as well as directly causing Plaintiffs to suffer monetary damages. Additionally, Plaintiffs seek restitution for infringements of their rights stemming from the wrongful enforcement of, and penalties for, previous unconstitutional City ordinances.

**THE PARTIES**

**<u>Plaintiffs</u>**

   2.  R. Joseph Franzese, individually and d/b/a Second Amendment Arms (hereinafter "Franzese" or collectively as "Second Amendment Arms"), is a citizen of the United States who resides and does business as Second Amendment Arms in Lake Villa, Illinois, as a firearms dealer pursuant to a federal firearms license ("FFL").

   3.  Plaintiff Robert M. Zieman, Sr. (hereinafter "Zieman") is a citizen of the United States, and a life-long resident and long-time employee of the City of Chicago. He also has a minor child who lives in his residence. He is an honorably discharged veteran of the United States Marine Corps, who is extensively trained and experienced in the safety and use of various firearms, including but not limited to side-arms, and has also been trained and designated by the Marine Corps in special weapons safety and usage.

   4.  Plaintiff Kole (hereinafter "Kole") is a natural person and a citizen of the United States residing in Chicago, Illinois. Kole currently owns and possesses several firearms at his Chicago residence, pursuant to a Chicago firearms permit ("CFP") and firearm registration certificates ("FRC") for which he paid the City of Chicago's required fees. He also is the President, Manager, and sole owner of Ghost Industries LLC, which is a federally licensed

firearms dealer with its principal place of business in Norridge, Illinois. At all times relevant Kole possessed a valid State of Illinois Firearms Owner Identification Card (the "FOID Card") and is trained and experienced in the safety and use of various firearms or ammunition products.

**Defendants**

5. Defendant City of Chicago (hereinafter "City") is a municipal entity organized under the Constitution and laws of the State of Illinois.

6. Defendant Rahm Emanuel (hereinafter "Emanuel") is the City's Mayor and as such is responsible for executing, and administering its laws, customs, practices, and policies. In that capacity, he also presently enforces the laws, customs, practices and policies complained of in this action. He is sued in official capacity as Mayor.

7. Defendant Garry McCarthy ("McCarthy") is the City's Superintendent of Police, and as such is responsible for executing, and administering its laws, customs, practices, and policies. In that capacity, he also presently enforces the laws, customs, practices and policies complained of in this action. Among other duties, he was and/or is responsible for administering the now-defunct firearms registration and permitting system in the City, and enforcing previous and current City ordinances relating to possession, sale, transfer, transportation, and carrying of firearms. He is sued in his official capacity as Superintendent.

8. Defendant Susana Mendoza (hereinafter "Mendoza") is the City's Clerk, and as such is responsible for executing, and administering its laws, customs, practices, and policies. In that capacity, she is responsible for the issuance of business licenses and enforcing the laws, customs, practices and policies complained of in this action in connection therewith. She is sued in her official capacity as City Clerk.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983. The Court has jurisdiction over pendant state law claims pursuant to 28 U.S.C. § 1367.

10. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

**STATEMENT OF FACTS**

**Ordinance History**

11. On or about March 19, 1982, the City enacted an ordinance that banned possession of handguns within its municipal limits, and imposed restrictive requirements on firearms ownership, possession, and use within the City ("Old Gun Ban Ordinance").

12. Owing to certain Supreme Court decisions, the Chicago City Council passed a revised ordinance on July 2, 2010 (the "New Gun Ban Ordinance"), which removed the ban on possessing handguns in City residents' homes, and replaced the ban with a number of restrictions and requirements for home firearms possession.

13. More specifically, the New Gun Ban Ordinance, which became effective on July 12, 2010, removed the complete ban on possession of handguns, but limited possession to one operable firearm, and only in the home. It also imposed or continued numerous restrictions that severely burdens/burdened or eliminates/eliminated the Second Amendment rights of law-abiding City residents to acquire, own, possess, transport, and transfer firearms and associated lawful products, such as laser sight accessories, within the City.

14. The New Gun Ban Ordinance prohibited the operation of any firearm stores or dealers in the City. Section 4-144-010 of the Municipal Code of Chicago (MCC § 4-144-010) required that any person who engages in the business of selling certain weapons, including any

"deadly weapon which can be carried or concealed on the person," which would include any ordinary firearm, must obtain a "weapons dealer license." Under the prior version of MCC § 4-144-010, a person who obtained a weapons dealer license could sell firearms. Title 4, Businesses, Occupations and Consumer Protection, Chapter 4-144, Weapons (the "Weapons Dealer Ordinance"). Under the revised MCC § 4-144-010, it is unlawful for persons licensed as weapons dealers to "engage in the business of selling, or to sell, give away or otherwise transfer, any firearm...." Thus, it was impossible to sell firearms at wholesale or retail in the City.

15. Furthermore, MCC § 8-20-100 provided that "no firearm may be sold, acquired or otherwise transferred within the city, except through inheritance of the firearm." There were exceptions for transfers to police officers, which much take place at police department facilities, and for officers to sell firearms to each other. MCC § 8-20-100(e); MCC § 2-84-075. There were also limited exceptions involving licensees and patrons of licensed shooting range facilities while on the premises (*See* MCC § 4-151-070), but they are not applicable to this suit. In short, MCC § 8-20-100 operated as a ban on gun stores, but also operated to ban all sales, acquisitions, and transfers of firearms between law-abiding citizens outside of commercial channels as well.

16. Taken together, these provisions operated as a complete ban on gun stores within the City; as a complete ban on firearms dealers operating within the City; and as a complete ban on the sale, gift, purchase, acquisition, or other transfer of any firearm by any person within the City (except to police or by inheritance, or for limited use in licensed shooting range facilities). In short, firearms could not legally be sold or obtained within City.

17. It was not apparent whether the City's zoning ordinance specifically allowed or forbade gun stores, except that "the sale of firearms or ammunition" was (and still is) forbidden as a "home occupation" pursuant to § 17-9-0202-C(11)(q). On information and belief, City

5

would not have issued a zoning permit for any use it deemed may violate the City's penal ordinances, including MCC § 8-20-100.

18. MCC § 8-20-060(a) made, and still makes, it "unlawful for any person to carry, possess, display for sale, or otherwise transfer any laser sight accessory...." Laser sight accessory is defined by MCC § 8-20-010 to mean "a laser sighting device which is either integrated into a firearm or capable of being attached to a firearm." Laser sight accessories are declared contraband, and "shall be seized by and forfeited to the city" pursuant to MCC § 8-20-060(c). The owner of record of any vehicle containing a laser sight accessory is subject to a penalty of $2,000.00-3,000.00 plus towing and storage fees, and the vehicle is subject to seizure and impoundment. *See* MCC § 8-20-070.

**The July, 2014 Ordinance**

19. In January, 2014, the City's ban on gun sales was struck down as unconstitutional by Judge Chang in *Illinois Association of Firearms Retailers v. City of Chicago*, 1:10-CV-4184 (N.D.Ill. 2014). In response, the City amended its Ordinances that banned gun stores and now allows them under certain conditions. A copy of the July, 2014, Ordinance is attached hereto as Exhibit "A."

20. The July 2014 Ordinance purports to allow gun stores to open and operate in the City, but a variety of its sections work to effectively prohibit gun stores from opening and operating by unjustifiably burdening their construction, operation and use. In the alternative, to the extent gun stores might be technically feasible under the ordinance, their construction, operation and use is unjustifiably burdened by the challenged provisions. These include:

- MCC § 4-144-750 prohibits gun stores from locating 500 feet from a pre-existing primary or secondary school, or a park owned or leased by any unit of local, state or federal government.

- MCC § 4-144-790(g) prohibits the display of firearms or ammunition in any window.

- MCC § 17-9-0128 – Gun stores are only permitted in Commercial 2, Commercial 3 and Downtown Service Districts, with special use approval. This restriction is unduly burdensome with no governmental purpose.

21. Plaintiffs have a fundamental constitutional right under the Second Amendment to the United States Constitution to sell, keep and bear arms, and a fundamental constitutional right under the First Amendment to display them for sale, and Defendants have infringed on those rights, or burdened or prevented the exercise of those rights, under color of the City's laws, ordinances, regulations, customs and usages, by enacting, enforcing and threatening to enforce the ordinance provisions described above. Said ordinance provisions, and the enforcement or threatened enforcement of them, are a proximate cause of injury to Plaintiffs, and have caused and will continue to cause Plaintiffs to suffer irreparable harm.

**Ordinance History As Affecting the Plaintiffs**

22. On or about June 30, 2010, and July 2, 2010, Second Amendment Arms caused to be filed and submitted two applications with Mendoza's office in accordance with and pursuant the Weapons Dealer Ordinance and paid the required fees therefore. The applications sought to obtain weapons dealer business licenses to permit Franzese, as a licensed federal firearms dealer, to open and operate two gun shops at two separate locations within the City. The City accepted and retained the fees paid for said applications, but rejected and refused to process or grant them

because of the prohibition on gun stores in the New Gun Ban Ordinance. Franzese has suffered damages and lost profits as a result and still desires, plans and intends to submit additional applications to open gun stores at locations within the City, and would have opened such shops prior to July 2014, except that he, like all other ordinary citizens, was barred from selling firearms within the City by the provisions of the New Gun Ban Ordinance.

23. Even if Plaintiff Franzese had been permitted by the terms of the Weapons Dealer Ordinance to open a gun store in the City, establishment of such a store would have been obstructed or made impossible by the provisions of MCC §§ 8-20-020, 8-20-30, 8-20-180(c), and the definition of "lawful transportation" of a firearm in MCC § 8-20-010, which make it illegal to possess a firearm outside the home (or fixed place of business, in the case of long guns), limit possession of firearms to the address listed on the registration certificate, and contain a restrictive and vague definition of "lawful transportation." Such provisions, as written, would have prohibited Franzese from possessing handguns, at least, at his gun store. They would also have prevented prospective customers from having firearms in their possession at his gun store, and in many cases would have made it difficult and perhaps impossible for customers who wished to purchase from, or sell firearms to, Second Amendment Arms to transport firearms to and from the store, due to the "lawful transportation" provision requiring guns to be transported in a "broken down" condition.

24. As part of his proposed gun shop, Franzese as Second Amendment Arms intends to possess and offer for sale in the City laser sighting devices, but is prohibited from doing so by MCC §§ 8-20-060.

25. Plaintiffs Zieman and Kole desire to purchase within the City a laser sighting device, either separately or as an integral part of a firearm, and would do so but for the prohibitions in MCC § 8-20-060.

## COUNT I
### RIGHT TO SELL, DISPLAY, KEEP AND BEAR ARMS
### U.S. CONST., AMENDS. I, II AND XIV, 42 U.S.C. § 1983

26. Paragraphs 1 through 25 are incorporated as though fully restated herein.

27. The Second Amendment, which applies against Defendant City of Chicago by operation of the Fourteenth Amendment, secures the right of Second Amendment Arms to sell firearms through retail sales.

28. The Second Amendment, which applies against Defendant City of Chicago by operation of the Fourteenth Amendment, also secures the right of Second Amendment Arms' would-be customers, such as Zieman and Kole, to purchase firearms through retail sales from locations within the City.

29. The First Amendment, which applies against Defendant City of Chicago by operation of the Fourteenth Amendment, secures the right of Second Amendment Arms to display firearms, ammunition and related products for sale.

30. City's laws effectively prohibit the operation of firearms dealers who wish to sell lawful firearms to the law-abiding public, both through its Municipal Code and Zoning Ordinance. The functional firearms retail sales ban and associated laws also impede gun ownership itself by barring permission to Second Amendment Arms to market and sell its products, and inhibit the ability of Second Amendment Arms' would-be customers, such as Zieman and Kole, to purchase lawful firearms inherently necessary to the exercise of Second Amendment rights.

31. City currently under color of law deprives individuals and businesses, including the Plaintiffs, of their right to keep and bear and/or sell arms, in violation of the Second and Fourteenth Amendments to the United States Constitution. Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983.

32. City currently under color of law deprives individuals and businesses, including the Plaintiffs, of their right to display arms and ammunition for sale, in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983.

33. Plaintiffs are therefore entitled to declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of City's unconstitutional customs, policies, and practices. Second Amendment Arms is also entitled to its actual monetary damages suffered as a result of City's previous and continued enforcement and maintenance of its unconstitutional customs, policies, and practices.

WHEREFORE, Plaintiffs request judgment be entered in their favor and against Defendant City of Chicago as follows:

1. An order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing all offending sections of the Municipal Code of Chicago and the Chicago Zoning Ordinance listed above, or any other law, as against the ordinary operation and use of retail firearms sales businesses;

2. Declaratory relief consistent with the requested injunction;

3. Monetary damages in an amount to fully compensate Franzese and Second Amendment Arms for the lost business due to the deprivation of their civil rights under all previous and current versions of City ordinances;

4. Attorney's Fees and Costs pursuant to 42 U.S.C. § 1988;

    5.    Costs of suit; and

    6.    Any other further relief as the Court deems just and appropriate.

## COUNT II
### DENIAL OF SUBSTANTIVE DUE PROCESS
### U.S. CONST., AMEND. XIV, 42 U.S.C. § 1983

34.    Paragraphs 1 through 33 are incorporated as though fully stated herein.

35.    The Fourteenth Amendment, which applies against the City, secures Franzese's fundamental property rights to a business license to own a retail sales firearms establishment, which also includes the fundamental rights to sell firearms through retail sales, and to display those firearms and ammunition for sale. The Fourteenth Amendment also protects Plaintiffs' fundamental right to earn his livelihood in any lawful manner in which he chooses.

36.    Through arbitrary and capricious action on the part of the City, Franzese is unable to sell firearms through in-person sales, or display them for sale. These City actions have resulted in a denial of Plaintiffs' Fourteenth Amendment substantive due process rights.

37.    Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices.

38.    Franzese is also entitled to his actual monetary damages suffered as a result of City's previous and continued enforcement and maintenance of its unconstitutional customs, policies, and practices.

WHEREFORE, Plaintiffs request judgment be entered in their favor and against Defendants as follows:

    1.    An order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from

enforcing all offending sections of the Municipal Code of Chicago and the Chicago Zoning Ordinance listed above, or any other law, as against (A.) the lawful transfer, possession and use of firearms for self-defense inside and outside of Plaintiff's homes; and (B.) the ordinary operation and use of retail firearms sales businesses;

2. Declaratory relief consistent with the requested injunction;

3. Monetary damages in an amount to fully compensate Franzese and Second Amendment Arms for the lost business due to the deprivation of their civil rights under all previous and current versions of City ordinances;

4. Attorney's Fees and Costs pursuant to 42 U.S.C. § 1988;

5. Costs of suit; and

6. Any other further relief as the Court deems just and appropriate.

## COUNT III
## BAN ON SALE AND POSSESSION OF LASER SIGHTING DEVICES
## U.S. CONST., AMENDS. II AND XIV, 42 U.S.C. § 1983

39. The allegations contained in paragraphs 1 through 38 are incorporated as if fully restated herein.

40. Laser sighting devices as defined in MCC § 8-20-010 may either be "integrated into a firearm or capable of being attached to a firearm." Firearms equipped with laser sighting devices, either as part of the firearm itself, or added to a firearm, are "typically possessed by law-abiding citizens for lawful purposes," and are thus protected by the Second Amendment. Indeed, laser sighting devices are designed to facilitate the Second Amendment's core purpose of self-defense by increasing the practical accuracy of a firearm for defensive purposes, especially in low light conditions.

41. The ban in MCC § 8-20-060(a) on carrying, possessing, displaying for sale, or otherwise transferring any laser sight unduly burdens, impedes, and infringes upon the Second Amendment rights of Plaintiff Franzese, who wishes to display for sale, sell, and transfer such

laser sighting devices. § 8-20-060(a), and the seizure, forfeiture, penalty, and impoundment provisions of § 8-20-060(c) and § 8-20-070, unduly burden, impede, and infringe upon the Second Amendment rights of Plaintiffs Zieman and Kole, who wish to purchase and possess laser sighting devices.

42. Accordingly, MCC §§ 8-20-060(a), 8-20-060(c) and 8-20-070 are unconstitutional facially and as applied to Plaintiffs, and void *ab initio*.

WHEREFORE, Plaintiffs request judgment be entered in their favor and against Defendant City of Chicago as follows:

1. An order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing all offending sections of the Municipal Code of Chicago and the Chicago Zoning Ordinance listed above, or any other law, as against (A.) the lawful transfer, possession and use of firearms and laser sights for self-defense inside and outside of Plaintiff's homes; and (B.) the ordinary operation and use of retail firearms sales businesses;

2. Declaratory relief consistent with the requested injunction;

3. Monetary damages in an amount to fully compensate Franzese and Second Amendment Arms for the lost business due to the deprivation of their civil rights;

4. Attorney Fees and Costs pursuant to 42 U.S.C. § 1988;

3. Costs of suit; and

6. Any other further relief as the Court deems just and appropriate.

### COUNT IV
### PHYSICAL PRESENCE, SECURITY,
### TRIGGER LOCK AND LOCK BOX REQUIREMENTS
### U.S. CONST., AMENDS. II AND XIV, 42 U.S.C. § 1983

43. The allegations contained in paragraphs 1 through 42 are incorporated as if fully restated herein.

13

44. The requirements of MCC § 8-20-050(1) that because Zieman has a minor under age 18 living in his residence he must be physically present in the home and the firearm is either being held by him or is physically secured on his body; (2) that a firearm be secured by a trigger lock or other mechanism, other than the firearm safety mechanism, designed to render a firearm temporarily inoperable; or (3) the firearm and ammunition are placed in a securely locked box or container makes it impractical and impossible for him or other citizens to use arms for the core lawful purpose of self-defense.

45. Accordingly, MCC § 8-20-050 is unconstitutional facially and as applied to Plaintiffs, and void *ab initio*.

WHEREFORE, Plaintiffs request judgment be entered in their favor and against Defendant City of Chicago as follows:

1. An order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing all offending sections of the Municipal Code of Chicago and the Chicago Zoning Ordinance listed above, or any other law, as against the lawful possession and use of firearms for self-defense inside and outside of Plaintiff's homes;

2. Declaratory relief consistent with the requested injunction;

3. Attorney Fees and Costs pursuant to 42 U.S.C. § 1988;

4. Costs of suit; and

5. Any other further relief as the Court deems just and appropriate.

## COUNT V
### PLAINTIFF KOLE'S INDIVIDUAL AND CLASS ACTION CLAIM FOR RESTITUTION UNDER THE NEW GUN BAN ORDINANCE
### U.S. CONST., AMENDS. II AND XIV, 42 U.S.C. § 1983

46. Plaintiff Kole, individually and as class representative, incorporates Paragraphs 1 through 45 as if fully restated herein and states individually and as class representative:

47. By requiring law-abiding citizens and residents, including Kole and his fellow class members, to register all firearms prior to their acquisition under the unconstitutional New Gun Ban Ordinance, Defendants under color of law unlawfully deprived them of monies by wrongfully charging and collecting fees thereunder to obtain firearms permits and firearm registration certificates in violation of the Second and Fourteenth Amendments to the United States Constitution. Plaintiff and the class have thus been damaged and are therefore entitled to declaratory relief and restitution of all such fees.

48. The class on whose behalf this action is brought on behalf of Kole individually, and all other citizens and residents and other entities who paid the City fees to obtain firearms permits and firearm registration certificates under the New Gun Ban Ordinance since the date of its adoption.

49. Kole, as class representative, will adequately represent the claims of each of these natural citizens.

50. A class action may be maintained in this action because:

   (a) the class is so numerous that joinder of all members is impractical. While the exact number and identities of the class members are unknown at this time, Kole believes the number to be substantial and that they can be determine through discovery and full disclosure and accounting of Defendants and their legal counsel's records, that are within their possession and control;

   (b) there are questions of fact or law, including but not limited to the above issues of constitutionality of said ordinances that are common to the class. Such

questions predominate over any questions affecting only individual class members.

(c) Kole is best situated to, and will, fairly and adequately represent the interest of the class and other members, who like them, have been intimidated, and may, like them, be fearful of retaliation so as to step forward to vindicate and protect their right.

(d) a class action is an appropriate method for the fair and efficient adjudication of the controversy and will serve the interests of judicial economy.

WHEREFORE, Plaintiff Kole, individually and as class representative, prays for judgment against the Defendant City of Chicago:

1. certifying the class and declaring that the upon the City's above-referenced ordinances be found, declared, adjudged, an decreed to be unconstitutional and null and void, *ab initio*;

2. ordering Defendants, their officers, agents, servants, employees, attorneys and assigns, and all persons having acted or acting in active concert or participation with them, jointly and severally, to account for, refund and pay over any and all moneys and fees paid or collected by the City to obtain firearms permits and firearm registration certificates under the New Gun Ban Ordinance since its date of adoption to Kole and the Class;

3. awarding Kole, as class representative, and the class damages against said Defendants, their officers, agents, servants, employees, attorneys and assigns, and all persons having acted or acting in active concert or participation with them, jointly and severally, for their unlawful enforcement and application and prosecution of New Gun Ban Ordinance;

4. awarding the class representative and the class equitable relief against each Defendants, jointly and severally, including but not limited to temporary, preliminary and permanent injunctive relief, declaring all said sums to be accounted for, disgorged and refunded to the class representative and class with prejudgment interest thereon;

5. awarding the class representative and the class civil and equitable appropriate remedies including an equitable accounting;

6. awarding the class representative, fair and appropriate other compensation for serving as class representative, class costs, disbursements and reasonable attorney's fees; and

    7.    awarding the class representative and the class any and all further relief, as this Court deems just and proper.

## COUNT VI
## PLAINTIFF KOLE'S PENDANT
## INDIVIDUAL AND CLASS ACTION STATE LAW
## CLAIM FOR RESTITUTION - UNJUST ENRICHMENT

51.    Plaintiff Kole, individually and as class representative, and complaining of City, incorporates Paragraphs 1 through 50 as if fully restated herein.

52.    That as a result of the foregoing and said ordinances violating the Illinois Constitution, Article I, §§ 1, 2, 4, 6, 12, 22 and 24, City has been unjustly enriched and therefore Kole and the Class are entitled to restitution.

WHEREFORE, Plaintiff KOLE, individually and as class representative, prays for judgment against the City of Chicago:

    1.    certifying the class and declaring that the City's above-referenced Code Sections and Ordinances be found, declared, adjudged, an decreed to be unconstitutional and null and void, *ab initio*;

    2.    ordering Defendants, their officers, agents, servants, employees, attorneys and assigns, and all persons having acted or acting in active concert or participation with them, jointly and severally, to account for, refund and pay over any and all moneys and fees paid or collected by the City to obtain firearms permits and firearm registration certificates under the New Gun Ban Ordinance since its date of adoption to Kole and the Class;

    3.    awarding Kole, as class representative, and the class damages against said Defendants, their officers, agents, servants, employees, attorneys and assigns, and all persons having acted or acting in active concert or participation with them, jointly and severally, for their unlawful enforcement and application and prosecution of the New Gun Ban Ordinance;

    4.    awarding the class representative and the class equitable relief against each Defendants, jointly and severally, including but not limited to temporary, preliminary and permanent injunctive relief, declaring all said sums to be accounted for, disgorged and refunded to the class representative and class with prejudgment interest thereon;

5. awarding the class representative and the class civil and equitable appropriate remedies including an equitable accounting;

6. awarding the class representative, fair and appropriate other compensation for serving as class representative, class costs, disbursements and reasonable attorney's fees; and

7. awarded the class representative and the class such other and further relief, as may be appropriate, necessary, just and proper in the premises.

## COUNT VII
## DECLARATORY JUDGMENT
## 28 U.S.C. § 2201

53. Paragraphs 1 through 52 are incorporated as though fully restated herein.

54. The complained-of sections of the Municipal Code of Chicago and the Chicago Zoning Ordinance are against public policy and violative of Article I, §§ 1, 2, 12, 15, 22, 24, and Due Process, Equal Protection and takings clauses of the Illinois Constitution, thus rendering them unconstitutional, null and void *ab initio*, and unenforceable.

55. The Defendants should be enjoined preliminarily and permanently, as well as all persons in active concert or participation with them who receive actual notice of the injunction, from directly or indirectly by any means enforcing or prosecuting all of the complained-of provisions of the Municipal Code of Chicago and Chicago Zoning Ordinance;

56. That by reason of the foregoing an actual controversy exists and Plaintiffs are therefore entitled to a judicial declaration of their rights and declaratory relief pursuant to 28 U.S.C. § 2201 in connection therewith because said Code Sections and Ordinances are oppressive, illegal as violating Plaintiffs' fundamental constitutional rights, are against public policy, forced on Plaintiffs and adopted by Defendants in bad faith and are therefore null and void *ab initio*, and therefore unenforceable.

WHEREFORE, Plaintiffs pray that this Honorable Court enter a declaratory judgment in their favor against all Defendants pursuant to 28 U.S.C § 2201, as follows:

1. declaring that City's above referenced Code Sections and Ordinances be adjudged and decreed, inter alia, not to constitute reasonable or permissible regulations, but rather, violate Article I. §§ 1, 2, 4, 6, 12, 22, 24, and Due Process and takings clauses of the Illinois Constitution, thus rendering them unconstitutional, null and void *ab initio*, and unenforceable;

2. awarding them damages as the proofs will show at trial;

3. awarding them reasonable attorney's fees and costs; and

4. granting them such other and further relief as this Court may deem just and proper in the premises.

**PLAINTIFFS DEMAND TRIAL BY JURY PURSUANT TO F.R.CIV.P. 38(b).**

Dated: October 22, 2014　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　David G. Sigale (Atty. ID# 6238103)
　　　　　　　　　　　　　　　　　　　　LAW FIRM OF DAVID G. SIGALE, P.C.
　　　　　　　　　　　　　　　　　　　　799 Roosevelt Road, Suite 207
　　　　　　　　　　　　　　　　　　　　Glen Ellyn, IL 60137
　　　　　　　　　　　　　　　　　　　　630.452.4547/Fax 630.596.4445
　　　　　　　　　　　　　　　　　　　　dsigale@sigalelaw.com


　　　　　　　　　　　　　　　　　　　　By:　　/s/ David G. Sigale
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs