# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SECOND AMENDMENT ARMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10-CV-4257 |
| ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, et al., ) | Magistrate Judge Sheila M. Finnegan |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS COUNTS I-VI
## OF PLAINTIFFS' FOURTH AMENDED COMPLAINT

Defendants City of Chicago (the "City"), Mayor Rahm Emanuel, Superintendent of Police Gerry McCarthy, and City Clerk Susana Mendoza (collectively, "Defendants"), by their counsel, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby move this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts I-VI of the Fourth Amended Complaint ("Complaint" or "Compl.") filed by Plaintiffs Second Amendment Arms ("SAA"), R. Joseph Franzese, Robert M. Zieman, and Tony Kole (collectively, "Plaintiffs"). In support of their motion, Defendants state as follows:

1. Plaintiffs Zieman and Kole are Chicago residents who own or wish to purchase firearms and laser sight accessories in the City, while SAA is a firearms dealer that wishes to operate a firearms store in Chicago. Compl. ¶¶ 22, 24, 25.

2. In Count I of their Complaint, Plaintiffs challenge three ordinances that apply to firearms dealers: (i) Section 4-144-750 of the Municipal Code of Chicago ("MCC"), which provides that "[n]o license shall be issued for a location that is within 500 feet from any pre-existing primary or secondary school or any park owned or leased by any unit of local, state or federal government"; (ii) Sections 17-3-0207 and 17-4-0207, which allow firearms dealers to

operate, with special use approval, in Chicago's Commercial 2, Commercial 3, and Downtown Service zoning districts; and (iii) Section 4-144-790(g), which prohibits a gun store from displaying "firearms or ammunition in any window." Plaintiffs assert that the zoning provisions violate the Second Amendment because they "effectively prohibit gun stores from opening and operating," Compl. ¶ 20, and that the limitation on the display of firearms in store windows violates the First Amendment, *id.* ¶ 32. Count I also seeks damages allegedly suffered by SAA as a result of the City's previous but now-repealed ban on gun stores. *Id.* ¶ 33.

3.  In Count II, Franzese alleges that the Fourteenth Amendment protects his rights to a business license to sell firearms and to earn a living in "any lawful manner in which he chooses," and that the City's treatment of gun stores deprives him of those rights. *Id.* ¶¶ 35-38. Plaintiffs challenge in Count III the constitutionality of Chicago's ban on the possession and sale of laser sight accessories, codified in MCC §§ 8-20-060(a), (c). *Id.* ¶¶ 40-42. Count IV is a Second Amendment challenge to MCC § 8-20-050, which mandates storage requirements for firearms in homes with minor children. *Id.* ¶¶ 44-45. Kole claims in Count V that the City's firearm registration requirements, now repealed, were unconstitutional under the Second Amendment and seeks restitution on behalf of himself and a putative class of all citizens who paid the registration fees. *Id.* ¶¶ 47-50. And Count VI is Kole's state law equivalent of Count V. *Id.* ¶¶ 51-52.

4.  These claims fail as a matter of law and should be dismissed. Plaintiffs fail in Count I to plead any facts demonstrating that the City's zoning requirements for gun stores violate the Second Amendment, and they have no First Amendment right to display firearms in gun store windows. Likewise, the Second Amendment does not entitle SAA to seek lost profits as damages for the City's purportedly unconstitutional treatment of gun stores. Franzese's

2

substantive due process claim in Count II should be dismissed because the claim is already covered by the Second Amendment and, in any event, he fails to allege a property interest protected by due process.  Count III's challenge to Chicago's ban on laser sight accessories under the Second Amendment fails because laser sight accessories are outside its established scope.  Plaintiffs fail to state a claim in Count IV against the storage requirements of MCC § 8-20-050 because those requirements do not violate the Second Amendment.  Likewise, Kole's attempt in Counts V and VI to recoup firearm registration fees, on his behalf and that of a putative class, cannot survive under Second Amendment jurisprudence.

5. For these reasons, discussed more fully in Defendants' Memorandum of Law in Support of Their Motion to Dismiss Counts I-VI of Plaintiffs' Fourth Amended Complaint, which Defendants incorporate as if set forth herein, Counts I-VI of the Complaint fail to state a valid claim and should be dismissed pursuant to Rule 12(b)(6).

**WHEREFORE**, Defendants respectfully request that this Court dismiss Counts I-VI of Plaintiffs' Fourth Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and grant Defendants such further relief as the Court deems just and proper.

Date: January 2, 2015                    Respectfully submitted,

                                         STEPHEN R. PATTON,
                                         Corporation Counsel for the City of Chicago

                                         By:    William Macy Aguiar
                                                Senior Counsel

William Macy Aguiar
David M. Baron
Ellen W. McLaughlin
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7686 / 744-9018 / 742-5147
Attorneys for Defendants