IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), *et al*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No: 1:10-CV-4257 |
| v. | ) ) | |
| CITY OF CHICAGO, a municipal corporation, *et al*, | ) ) ) | Hon. Robert M. Dow, Jr. U.S. District Court Judge |
| Defendants. | ) | |

### **PLAINTIFFS' RESPONSE TO DEFENDANTS' CITATION TO ADDITIONAL AUTHORITY**

Plaintiffs, Second Amendment Arms (a d/b/a of R. Joseph Franzese), R. Joseph Franzese, individually and d/b/a Second Amendment Arms, Robert M. Zieman, Sr., and Tony Kole, by and through undersigned counsel, and for their Response to Defendants' Citation to Additional Authority, states as follows:

The City is reading way too much into *Friedman*, which addresses only a certain class of weapons. The City wishes to expand this ruling into laser sights and storage requirements, neither of which is addressed in *Friedman*, and the latter of which is explicitly prohibited by *Heller*. Further, part of the laser sight issue involves the right to sell them, and the issue of sales was deliberately not addressed in *Friedman* (2015 WL 1883498 at *10 ("Plaintiffs do not challenge the provisions associated with the manufacture or sale of such weapons in Highland Park and so we need not address the scope of those rights.") (Manion, J., dissenting).

The *Friedman* Court stated that "[w]e think it better to ask whether a regulation bans weapons that were common at the time of ratification or those that have 'some reasonable relationship to the preservation or efficiency of a well regulated militia,' *see Heller*, 554 U.S. at

622–25; *Miller*, 307 U.S. at 178–79, and whether law-abiding citizens retain adequate means of self-defense." *Id.* at *3. In addition to the fact that this statement does not abrogate the two-part analysis required for restrictions on the Second Amendment as stated in *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011), as well as many other cases in this Circuit and across the Country, the statement simply has nothing to do with any of the issues in this case, as none of them involve banning a weapon.

*Friedman* adds nothing to *Heller*'s general proposition that government may constitutionally regulate firearms. However, "[a] law's existence can't be the source of its own constitutional validity." 2015 WL 1883498 at *2. Yet, with the *Friedman* citation, the City is asking this Court to do exactly that. "This does not imply that a law about firearms is proper if it passes the rational-basis test . . . ." *Id.* at *3. With that said, a brief review of the actual claims in this suit is appropriate.[1]

*Friedman* does not change anything about Counts I or II, which challenges restrictions that amount to a *de facto* ban on gun stores in the City, the restrictions on advertising and displays of gun stores and their merchandise (assuming one ever is allowed to open in the City), which is a violation of Plaintiffs' First Amendment rights, and damages for past violations. Banning gun stores was already held unconstitutional in *Illinois Association of Firearms Retailers v. City of Chicago*, 961 F.Supp.2d 928 (N.D.Ill. 2014), and there is nothing about *Friedman* changing that, or any of the other claims in Count I. Nor does the decision affect the substantive due process claims in Count II.

As for Count III, even taking the *Friedman* analysis at face value, laser sights are protected under the Second Amendment. As Plaintiffs noted in their original Response to

---

[1] Counts V through VII do not appear to be the subject of Defendants' *Friedman* argument, so Plaintiffs likewise will not address them in this submission.

2

Defendants' Motion to Dismiss, laser sights are a modern improvement on something that has aided shooters with their accuracy since the 1830's. It is completely disingenuous of the Defendants to argue that laser sights did not exist in 1791 – of course they did not. Neither did many types of constitutionally-protected weapons, as well as computers, the Internet, cars, GPS devices, mobile phones, and the like, in all of which persons have been found to have constitutionally-protected liberty interests. That technology advances and improves is why *Heller* protects the possession of handguns and not just muskets, and why the First Amendment protects blog posts and not just newspaper columns.

The Defendants must stay within constitutional guidelines instead of irrationally banning something for no reason. The Courts in *Heller*, *McDonald*, *Ezell*, and *Moore* have all made clear that there must be actual evidence linking a constitutional restriction to the alleviation of whatever social problem allegedly exists. The City cannot constitutionally speculate either on the existence of the problem, or on its apparent hypothesis that its restriction would cure it. The justification for banning laser sights is ephemeral and imaginary. *Friedman* does not change that.

In Count IV, *Friedman*'s holding allowing a municipal ban on assault weapons speaks nothing to the issue of prohibiting operable and immediately available handguns for self-defense in the home. Just as in the Count III discussion, besides apparently allowing a ban on assault weapons *Friedman* does not expand or loosen a City's ability to regulate firearms; before and after *Friedman* a municipality has to act within constitutional limits.

The *Friedman* majority may believe that "feeling safer" is a public benefit, but that is really just another way of saying it is a governmental interest, which, along with public safety, is simply part of the analysis for the Court to consider. The City has correctly declared public

3

safety a compelling governmental interest on numerous occasions, but that did not save its home handgun ban (*McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010)), firing range ban (*Ezell*), or gun store ban (*Illinois Association of Firearms Retailers*) from being struck down as unconstitutional. There is no good reason why the sensation of "feeling safer" should be afforded any more deference. The *Friedman* Court may have given in to manufactured justification based on isolated horror stories of madmen with assault weapons (while disregarding the millions of such firearms owned and operated lawfully and responsibly), but even that does not exist here. *Friedman* simply adds nothing to this case.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court deny Defendants' pending Motion to Dismiss in its entirety, order Defendants to file an Answer to Plaintiffs' pending Fourth Amended Complaint, as well as any and all further relief as this Court deems just and proper.

Respectfully submitted,

    /s/ David G. Sigale    
Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547/Fax 630.596.4445
dsigale@sigalelaw.com

## CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING

The undersigned certifies that:

1.	On June 10, 2015, the Plaintiffs electronically filed the attached <u>Plaintiffs' Statement of Status</u> with the District Court Clerk via CM/ECF filing system;

2.	Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                                                                /s/ David G. Sigale  
                                                                Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)  
LAW FIRM OF DAVID G. SIGALE, P.C.  
799 Roosevelt Road, Suite 207  
Glen Ellyn, IL 60137  
630.452.4547/Fax 630.596.4445  
dsigale@sigalelaw.com