IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | No. 10-CV-4257 |
| | ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| **Defendants.** | ) | |

## JOINT STATUS REPORT

Defendants City of Chicago ("City"), Mayor Rahm Emanuel, Superintendent of Police Garry McCarthy, and City Clerk Susana Mendoza (collectively, "Defendants"), by their attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, and Plaintiffs Second Amendment Arms ("SAA"), R. Joseph Franzese, Robert M. Zieman, and Tony Kole (collectively, "Plaintiffs"), by their attorney, Law Firm of David G. Sigale, P.C., hereby file this status report pursuant to the Court's order dated November 13, 2015.

## BACKGROUND

1. On October 22, 2014, Plaintiffs filed their Fourth Amended Complaint ("Complaint" or "Compl."). In Count I, Plaintiffs challenge three ordinances that apply to firearms dealers: (i) Section 4-144-750 of the Municipal Code of Chicago ("MCC"), which provides that "[n]o license shall be issued for a location that is within 500 feet from any pre-existing primary or secondary school or any park owned or leased by any unit of local, state or federal government"; (ii) Sections 17-3-0207 and 17-4-0207, which allow firearms dealers to operate, with special use approval, in Chicago's Commercial 2, Commercial 3, and Downtown Service zoning districts; and (iii) Section 4-144-790(g), which prohibits a gun store from

displaying "firearms or ammunition in any window." Plaintiffs assert that the zoning provisions violate the Second Amendment because they "effectively prohibit gun stores from opening and operating," Compl. ¶ 20, and that the limitation on the display of firearms in store windows violates the First Amendment, *id.* ¶ 32. Count I also seeks damages allegedly suffered by SAA as a result of the City's previous but now-repealed ban on gun stores. *Id.* ¶ 33.

      2.      In Count II, Franzese alleges that the Fourteenth Amendment protects his rights to a business license to sell firearms and to earn a living in "any lawful manner in which he chooses," and that the City's treatment of gun stores deprives him of those rights. *Id.* ¶¶ 35-38. Plaintiffs challenge in Count III the constitutionality of Chicago's ban on the possession and sale of laser sight accessories, codified in MCC §§ 8-20-060(a), (c). *Id.* ¶¶ 40-42. Count IV is a Second Amendment challenge to MCC § 8-20-050, which mandates storage requirements for firearms in homes with minor children. *Id.* ¶¶ 44-45. Kole claims in Count V that the City's firearm registration requirements, now repealed, were unconstitutional under the Second Amendment and seeks restitution on behalf of himself and a putative class of all citizens who paid the registration fees. *Id.* ¶¶ 47-50. Count VI is Kole's state law equivalent of Count V. *Id.* ¶¶ 51-52. And in Count VII, Plaintiffs seek a declaratory judgment that the provisions challenged in Counts I-VI violate various provisions of the Illinois Constitution. *Id.* ¶¶ 54-56.

      3.      Defendants moved to dismiss Counts I-VI in their entirety pursuant to Fed. R. Civ. P. 12(b)(6). Defendants did not seek dismissal of Count VII because the Court previously denied their motion to dismiss an identical version of that count in Plaintiffs' Second Amended Complaint.

      4.      On September 28, 2015, the Court issued its Memorandum Opinion and Order ("Order") on Defendants' motion to dismiss. The Court granted Defendants' motion on all

counts except: (i) SAA's as-applied challenge in Count I to the City's 2010 ordinance banning all gun stores from operating in Chicago; (ii) Plaintiffs' claim for injunctive relief in Count III against the ban on the possession and sale of laser sight accessories; and (iii) Plaintiffs' challenge in Count IV to the City's safe firearms storage requirements for homes with minor children. As stated above, the Court did not dismiss Count VII because Defendants did not move for its dismissal.

5. In its Order, the Court granted Plaintiffs 28 days to amend their Complaint, *see* Order at 40 n.13, and at the status on October 22, 2015, Plaintiffs indicated that they may file an amended complaint. The Court therefore continued the matter for further status on November 13, 2015.

6. At the status on November 13, 2015, Plaintiffs explained that they did not presently intend to file an amended complaint. Defendants explained that in light of the Court's comment on Count VII and its dismissal of several of Plaintiffs' claims, Defendants needed clarification as to what ordinances are challenged in Count VII and under what provisions of the Illinois Constitution those challenges lie. Additionally, the parties briefly discussed with the Court their views on what discovery will be needed to present their cases on the merits.

7. The Court therefore continued the status until December 11, 2015, and ordered the parties to meet and confer with respect to Count VII and to prepare and file a joint status report by December 4, 2015.

**COUNT VII**

8. On November 24, 2015, the parties discussed their respective positions with respect to Count VII.

9.      In light of this Court's dismissal of certain of Plaintiffs' federal claims, Plaintiffs have agreed to limit their claims under the Illinois Constitution to those ordinances still being challenged under the U.S. Constitution.  Those counts are: (i) SAA's as-applied challenge in Count I to the City's 2010 ordinance banning all gun stores from operating in Chicago; (ii) Plaintiffs' claim for injunctive relief in Count III against the ban on the possession and sale of laser sight accessories; and (iii) Plaintiffs' challenge in Count IV to the City's safe firearms storage requirements for homes with minor children.  Plaintiffs' agreement is without prejudice to their right to reinstate a claim under the Illinois Constitution if any of their federal challenges are reinstated.

10.     Plaintiffs have also stated that they will limit the provisions of the Illinois Constitution under which they will bring their challenges to Article I, Sections 2 and 22.

11.     Plaintiffs assert that Section 2 of the Illinois Constitution (equal protection and procedural due process) weigh on the claims being brought and therefore Plaintiffs decline to withdraw claims based on that Section.  Also, Section 22 is the State version of the Second Amendment.

12.     Defendants agree that Plaintiffs may proceed under Article I, Section 22, but do not agree that Plaintiffs can proceed under the Illinois Constitution's due process and equal protection clauses, as contained in Article I, Section 2.  First, this Court dismissed Plaintiffs' federal substantive due process claim (Count II), and to the extent Plaintiffs seek relief under the Illinois Constitution's counterpart, there is no basis for such a claim.  Second, Plaintiffs did not bring either an equal protection or procedural due process challenge under the federal constitution, and their Complaint contains no facts that would give rise to either claim against any of the ordinances that are still being challenged.  Defendants therefore maintain that there is

no basis for Plaintiffs to proceed with either a due process or equal protection claim under the Illinois Constitution.

## DISCOVERY

13. As anticipated by the Federal Rules of Civil Procedure, Defendants will issue targeted and meaningful discovery to Plaintiffs in order to develop a proper factual record to support their defenses to the remaining claims. As to Count I (and its state law corollary alleged in Count VII), Defendants intend to issue written discovery related to Plaintiffs Second Amendment Arms and R. Joseph Franzese's efforts to open a gun store in the City and their claims of lost profits. Defendants mean to depose Mr. Franzese as to the lost profit claims and to develop expert testimony on this issue. Regarding Plaintiffs' remaining claims in Counts III and IV (and their state law counterparts), Defendants intend to issue written discovery and to depose the named Plaintiffs regarding those claims, including, but not limited to, discovery to ascertain whether their Second Amendment rights have been burdened by the City's laser sight accessory ban and firearm storage restrictions and the extent of any such burden. Defendants will also develop expert testimony on the City's justifications for these regulations. Such discovery is relevant and necessary for Defendants to present their defense to Plaintiffs' claims to this Court and to create an appropriate record for any potential appeal. Defendants further reserve the right to seek additional discovery relevant to Plaintiffs' claims.

14. Plaintiffs acknowledge Defendants wish to serve discovery requests. Plaintiffs reserve the right to object to improper discovery requests, and seek Court intervention if necessary, upon receipt and review of the requests themselves. Plaintiffs likewise reserve the right to issue discovery requests to the Defendants if relevant to the case.

5

| | |
|---|---|
| Date: December 4, 2015 | Respectfully submitted, |
| STEPHEN R. PATTON<br>Corporation Counsel for the City of Chicago | By:   /s/    David G. Sigale |
| By:   /s/    David M. Baron | David G. Sigale<br>Law Firm of David G. Sigale, P.C.<br>799 Roosevelt Road, Suite 207 |
| Andrew W. Worseck<br>William Macy Aguiar<br>David M. Baron<br>Ellen W. McLaughlin<br>City of Chicago, Department of Law<br>Constitutional and Commercial<br>Litigation Division<br>30 North LaSalle Street, Suite 1230<br>Chicago, Illinois 60602<br>(312) 744-7129 / 7686 / 9018 / 2-5147 | Glen Ellyn, IL 60137<br>630.452.4547<br>dsigale@sigalelaw.com<br><br>*Attorney for Plaintiffs* |
| *Attorneys for Defendants* | |