IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 10-CV-4257 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON
COUNT I OF PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendants City of Chicago (the "City"), Mayor Rahm Emanuel, Superintendent of Police Eddie Johnson, and City Clerk Susana Mendoza (collectively, "Defendants"), by their counsel, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby respectfully move this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment on Count I of Plaintiffs' Fourth Amended Complaint. In support of their motion, Defendants state as follows:

1. Following the Court's order on Defendants' motion to dismiss Plaintiffs' Fourth Amended Complaint ("Complaint"), all that remains of Plaintiffs' Count I is the as-applied claim of Plaintiff Second Amendment Arms ("SAA") for lost profits based upon the now-repealed ban on firearms stores within the City. Second Amendment Arms v. City of Chicago, 135 F. Supp. 3d 743, 769 (N.D. Ill. 2015).

2. In allowing SAA's lost profits claim to proceed, the Court held that SAA had standing to pursue the claim because the Complaint alleged that SAA had submitted applications to open a firearms store in the City while the former version of the firearms ordinance was in effect. Id. at 760.

3. Discovery has since confirmed that SAA applied to open a firearms store only at a property zoned exclusively for residential uses, thereby prohibiting commercial activity of all types. Thus, regardless of the now-repealed ban on firearms stores that Plaintiffs challenge, an entirely separate zoning restriction would have prevented SAA from opening a firearms store.

4. Under Seventh Circuit precedent, a party lacks standing to challenge the denial of its administrative application where the application was also denied, or could have been denied, based on a separate, unchallenged regulation. Harp Advertising Ill., Inc. v. Vill. of Chicago Ridge, 9 F.3d 1290, 1291-92 (7th Cir. 1993). SAA therefore lacks standing to pursue what remains of Count I.

5. Because SAA lacks standing to bring an as-applied challenge to Count I, summary judgment should be granted on that count in Defendants' favor.

**WHEREFORE**, for the foregoing reasons, and those in Defendants' Memorandum of Law in Support, which Defendants incorporate as if set forth fully herein, Defendants respectfully request that the Court grant Defendants summary judgment on Count I of Plaintiffs' Fourth Amended Complaint and grant Defendants such further relief as this Court deems just and appropriate.

Date: November 29, 2016 Respectfully submitted,

                                                STEPHEN R. PATTON,
                                                Corporation Counsel of the City of Chicago

                                        By:    /s/    David M. Baron
                                                              Assistant Corporation Counsel

William Macy Aguiar
David M. Baron
Ellen McLaughlin
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7686 / 744-9018 / 742-5147

*Attorneys for Defendants*

3