IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 10-CV-4257 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT ON COUNT I
OF PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendants City of Chicago (the "City"), Mayor Rahm Emanuel, Superintendent of Police Eddie Johnson, and City Clerk Susana Mendoza (collectively, "Defendants"), by their counsel, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby submit this memorandum of law in support of their motion pursuant to Federal Rule of Civil Procedure 56 for summary judgment on Count I of Plaintiffs' Fourth Amended Complaint.

**INTRODUCTION**

Plaintiff Second Amendment Arms ("SAA") cannot prevail as a matter of law on its as-applied challenge in Count I to the City's now-repealed ban on gun stores.[1] On July 2, 2010, SAA applied to the City for a business license to operate a gun store at 415 W. Armitage

---

[1] Plaintiffs originally challenged in Count I the constitutionality of not only the 2010 prohibition on gun sales in the City as applied to Plaintiffs, but also provisions regulating gun sales that were enacted in 2014. Plaintiffs specifically claimed that the 2014 ordinances prohibiting gun sales within 500 feet of any school or park and limiting firearms retailers to certain commercially-zoned districts in the City and within the downtown area were unconstitutional. On the City's motion, the Court dismissed Plaintiffs' challenges to the 2014 ordinances, ruling that Plaintiffs did not have standing to bring their claims because they did not allege that SAA submitted an application for a gun store under those ordinances. See Second Amendment Arms v. City of Chicago, 135 F. Supp. 3d 743, 759-60 (N.D. Ill. 2015) (Dow, J.). The Court held that SAA had standing to pursue its claim for lost profits under the 2010 ordinance because the Complaint alleged that SAA had submitted applications to open a firearms store in the City while that version of the firearms ordinance was in effect. Id. at 760.

Avenue, Unit 1, Chicago, IL. That property, however, was zoned residential at the time of SAA's application and has been residential ever since. The City's Zoning Ordinance prohibits business or retail activity of any kind in a residential zoning district. As a result, even if the City had not prohibited gun stores at the time SAA filed its application, SAA's application could not have been approved because it failed to meet the requirements of the City's Zoning Ordinance. Accordingly, under well-established Seventh Circuit precedent and this Court's ruling on Defendants' motion to dismiss Plaintiffs' Fourth Amended Complaint ("Complaint"), SAA lacks standing to bring its as-applied challenge to the 2010 ordinance banning gun sales in Chicago. Summary judgment should therefore be entered in Defendants' favor on Count I.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

On July 2, 2010, the Chicago City Council enacted the Responsible Gun Owner's Ordinance. Defendants' Local Rule 56.1(a)(3) Statement of Undisputed Material Facts ("SOF") ¶ 13 & Ex. E. Two provisions of that ordinance are relevant here. Section 4-144-010 of the Municipal Code of Chicago ("MCC") provided that "[i]t shall be unlawful for any person licensed under this chapter to engage in the business of selling, or to sell, give away or otherwise transfer, any firearm as that term is defined in Section 8-20-010." SOF Ex. E at 96239. Section 8-20-100(a) of the MCC provided that "[e]xcept as authorized by section 2-84-075, no firearm may be sold, acquired or otherwise transferred within the city, except through inheritance of the firearm."[2] Id. at 96247. As a result of sections 4-144-010 and 8-20-100(a), retail firearm sales were prohibited in the City. Both provisions were repealed by the City on June 25, 2014. SOF ¶ 13 & Ex. F.

---

[2] Section 2-84-075 formerly stated that "[n]otwithstanding any other provision of this code to the contrary, the superintendent [of police] may authorize the sale of firearms or ammunition by a person issued a federal firearms license to a member of the police department, if that member is authorized to carry such firearm or ammunition. Such sales shall be conducted at department of police facilities." SOF Ex. E at 96238.

On July 2, 2010, SAA applied to the City for a business license to sell firearms at 415 W. Armitage Avenue, Unit 1, Chicago, Illinois. SOF ¶ 10. At the time SAA submitted its application, 415 W. Armitage was zoned RM-5, and it has been zoned RM-5 ever since. SOF ¶¶ 11-12. RM-5 is a residential zoning classification. See MCC §§ 17-2-0101, 17-2-0104-C (copies of which are attached to the SOF as Exhibit D). Under the City's Zoning Ordinance in effect at the time SAA filed its application and at all times since, retail and business uses are expressly prohibited in properties zoned residential, including the RM-5 zoning classification. See MCC § 17-2-0207 (a copy of which is included in SOF Exhibit D). During the period when retail firearm sales were prohibited in the City, neither SAA nor Franzese filed an application to the City to open a firearm store at any address other than 415 W. Armitage. SOF ¶ 14.

## LEGAL STANDARD

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). While the moving party has the burden of showing that the evidence, taken in the light most favorable to the non-moving party, demonstrates that the movant is entitled to judgment, the non-movant "must do more than baldly deny the reasonable inferences and facts presented by" the movant. Lorillard Tobacco Co. v. A & E Oil, Inc., 503 F.3d 588, 594 (7th Cir. 2007). Thus, Plaintiffs cannot rest on bare allegations or a mere claim that an issue of fact exists; they must provide evidence showing that a genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A material fact is one that is outcome determinative and "significantly probative" under governing law, not "merely colorable." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

## ARGUMENT

The City is entitled to summary judgment on Count I of the Complaint because the undisputed facts show that, apart from the City's prior ban on gun stores, the City's zoning ordinance would have prevented SAA from opening a firearms store at the location for which it submitted a business license application. SAA therefore lacks standing to bring an as-applied challenge to the City's former ban on firearms stores because it did not suffer a concrete, redressable injury as a result of the ban.

Article III, section 2 of the United States Constitution "limits the 'judicial power' to the resolution of 'cases' and 'controversies.'" Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). A necessary element of the case or controversy requirement is "that a litigant have 'standing' to challenge the action sought to be adjudicated in the lawsuit." Id. "Standing exists when the plaintiff suffers an actual or impending injury, no matter how small; when that injury is caused by the defendant's acts; and when a judicial decision in the plaintiff's favor would redress that injury." Brandt v. Vill. of Winnetka, 612 F.3d 647, 649 (7th Cir. 2010). See also Booker–El v. Superintendent, Indiana State Prison, 668 F.3d 896, 899 (7th Cir. 2012); Derfus v. City of Chicago, 42 F. Supp. 3d 888, 894-95 (N.D. Ill. 2014) (Dow, J.). Plaintiffs must demonstrate standing for each form of relief sought. Friends of the Earth v. Laidlaw Environmental Servs., 528 U.S. 167, 180-81 (2000).

As this Court explained earlier in this case, "[w]hile a plausible statement of intent to engage in statutorily proscribed conduct can create standing for a facial challenge, an actual injury is needed for an as-applied challenge." Second Amendment Arms v. City of Chicago, 135 F. Supp. 3d 743, 760 (N.D. Ill. 2015) (Dow, J.). Furthermore, even if a plaintiff has suffered a legally cognizable injury, that injury must be redressable, meaning that there must be a

4

"'substantial likelihood' that the relief requested will redress the injury claimed." Duke Power Co. v. Carolina Envtl. Study Grp., 438 U.S. 59, 75 n. 20 (1978). See also Swan v. Bd. of Educ. of City of Chicago, 956 F. Supp. 2d 913, 919 (N.D. Ill. 2013) (explaining that a claim was not redressable because the court could not "order the City to act in a manner that [the] law prohibits").

Under Seventh Circuit precedent, a party lacks standing to challenge the denial of its administrative application where the application was also denied, or could have been denied, based on a separate, unchallenged regulation. In Harp Advertising Illinois, Inc. v. Village of Chicago Ridge, 9 F.3d 1290, 1291-92 (7th Cir. 1993), the village had denied the plaintiff's sign applications based on provisions of the village sign and zoning ordinances that the plaintiff then challenged as violating the First Amendment. Id. The village pointed to a separate provision of its zoning code that provided an independent basis for rejecting the plaintiff's sign—a provision capping sign size below the size of plaintiff's proposed sign. Id. The Seventh Circuit held that the plaintiff lacked standing to raise its constitutional challenge to the provisions it was challenging "because it could not put up its sign even if it achieved total victory in this litigation." Id. at 1291. In other words, even if the plaintiff had been able to show that the provisions it challenged violated the First Amendment, the existence of a separate ordinance prohibiting the plaintiff's sign meant that the plaintiff had not suffered the "concrete" and "redressable" injury required for standing. Id. at 1292. See also KH Outdoor, L.L.C. v. Clay Cnty., 482 F.3d 1299 (11th Cir. 2007); Midwest Media Prop., L.L.C. v. Symmes Twp., 503 F.3d 456, 461-62 (6th Cir. 2007).

Courts in this district have applied Harp to constitutional claims for monetary damages like that of SAA. For example, in Covenant Media of Ill., L.L.C. v. City of Des Plaines, 476 F.

5

Supp. 2d 967, 984-85 (N.D. Ill. 2007) (Lefkow, J.), the plaintiff sought damages, attorneys' fees, and costs based on alleged substantive and procedural due process violations during the evaluation of its sign applications. The court granted summary judgment on the claim, holding that apart from these alleged violations, rules prohibiting signs beyond a certain distance from a highway would have been a distinct basis for denying the plaintiff's applications. Id.[3] Similarly, Lockridge v. Village of Alsip, 2005 WL 946880, at *1 (N.D. Ill. Apr. 18, 2005) (Gottschall, J.), involved a claim for injunctive relief and damages for what the plaintiff argued was an unconstitutional denial of his sign applications. The court held that "under Harp [the plaintiff] lacks standing to pursue his case against [the defendant]" since its proposed signs would have exceeded a separate restriction on sign height. Id. at *2.

Under Harp and its progeny, SAA lacks standing to pursue its as-applied Second Amendment claim for damages resulting from the City's ban on firearms stores. SAA's sole application for a City business license was for a store at 415 W. Armitage Avenue, which was (and remains today) zoned RM-5. SOF ¶¶ 10-11, 14. RM-5 is a residential zoning classification that does not permit retail and business uses; indeed, all residential zoning classifications bar retail and business uses. See MCC § 17-2-0207. Thus, even if the City had not previously prohibited gun stores, or even if SAA were able to show that the prior ban on gun stores violated the Second Amendment, SAA still would have been prohibited from conducting firearms sales at 415 W. Armitage due to the Chicago Zoning Ordinance. SAA therefore did not suffer a concrete

---

[3] Although the district court in Covenant Media subsequently vacated its order with respect to one application for a sign within the allowed proximity of a highway, see Covenant Media of Ill. L.L.C. v. City of Des Plaines, 496 F. Supp. 2d 960 (N.D. Ill. 2007), it did not disturb the earlier holding that the plaintiff lacked standing to pursue the claim for the signs outside the proximity restriction.

and redressable injury as a result of the now-repealed firearms store ban.[4]  Summary judgment should therefore be granted on that count in the City's favor.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants summary judgment on Count I of Plaintiffs' Complaint and grant Defendants such further relief as the Court deems just and appropriate.

Date: November 29, 2016                    Respectfully submitted,

                                           STEPHEN R. PATTON,
                                           Corporation Counsel of the City of Chicago

                                    By:    /s/    David M. Baron
                                                  Assistant Corporation Counsel

William Macy Aguiar
David M. Baron
Ellen McLaughlin
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7686 / 744-9018 / 742-5147

*Attorneys for Defendants*

---

[4] Nor can SAA establish such an injury merely by relying upon an alleged "desire, plan, or inten[t]" to submit an application to locate a firearms store elsewhere in the City. See Second Amendment Arms, 135 F. Supp. 3d at 759-60; Harp, 9 F.3d at 1292-93.