IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-CV-4257 |
| | ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' STATUS REPORT

Defendants, by their attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby file this status report pursuant to the Court's Order dated December 6, 2016.[1]

### Introduction

Following the Court's ruling on Defendants' motion to dismiss Plaintiffs' Fourth Amended Complaint on September 28, 2015, all that remains of Count I is Plaintiff's as-applied challenge to two provisions of the 2010 Responsible Gun Owners Ordinance ("2010 Ordinance"), since repealed, that prohibited gun stores from operating in Chicago. Defendants answered Plaintiff's Fourth Amended Complaint on January 15, 2016. On November 29, 2016, following the close of written fact discovery, Defendants filed a motion for summary judgment on Count I. At the presentment of Defendants' motion on December 6, 2016, Plaintiffs stated that they wished to engage in additional discovery to respond to Defendants' motion, but required additional time to identify what discovery they would require. Defendants objected to any further discovery on the ground that Plaintiffs did not need any discovery to address the

---

[1] Defendants attempted to prepare a report jointly with Plaintiffs, but Plaintiffs were not able to submit their portion of the report to Defendants by the close of business on January 17, 2017. Plaintiffs stated that they would file their report separately.

issue presented by their motion. In lieu of requiring Plaintiffs to file a motion for discovery pursuant to Federal Rule of Civil Procedure 56(d), the Court ordered the parties to meet and confer and, to the extent the parties could not reach agreement, to prepare a joint status report setting forth their positions. The parties conferred on December 19, 2016, and although they made a good faith effort to reach accord on the scope of what discovery, if any, would be necessary for Plaintiffs to respond to Defendants' motion, they could not agree.

### Defendants' Position

In Count I of their Fourth Amended Complaint, Plaintiffs originally challenged not only the application of the now-repealed 2010 Ordinance but also the 2014 Ordinance that allowed gun stores in Chicago but prohibited them in certain zoning districts and within 500 feet of specified uses. On Defendants' motion, the Court dismissed Plaintiffs' challenge to the 2014 Ordinance, finding that Plaintiffs did not have standing to bring their claims because they did not allege that Plaintiff Second Amendment Arms ("SAA") submitted an application for a gun store under the 2014 Ordinance. The Court denied Defendants' motion to dismiss Plaintiffs' as-applied challenge to the 2010 Ordinance because Plaintiffs alleged that SAA submitted applications to the City for gun stores while that version of the ordinance was still in effect.

The written discovery in this case revealed the following undisputed facts: (i) SAA submitted only one application to the City for a gun store in Chicago under the 2010 Ordinance; (ii) the address for the proposed gun store was 415 W. Armitage Avenue; (iii) 415 W. Armitage, at the time of the application, was zoned RM-5 and has been zoned RM-5 ever since; and (iv) RM-5 is a residential zoning classification, and the Chicago Zoning Ordinance bars all retail and business uses on properties zoned residential, including those zoned RM-5.

Based on these undisputed facts—and only these facts—Defendants seek summary

judgment on Plaintiffs' as-applied challenge to the 2010 Ordinance. This Court previously held in dismissing Plaintiffs' challenge to the 2014 Ordinance that "while a plausible statement of intent to engage in statutorily proscribed conduct can create standing for a facial challenge, an actual injury is needed for an as-applied challenge." *Second Amendment Arms v. City of Chicago*, 135 F. Supp. 3d 743, 760 (N.D. Ill. 2015) (Dow, J.). Moreover, the Seventh Circuit has held that a party lacks standing to challenge the denial of its administrative application where the application was also denied, or could have been denied, based on a separate, unchallenged regulation. *See Harp Advertising Ill., Inc. v. Vill. of Chi. Ridge*, 9 F.3d 1290, 1291-92 (7th Cir. 1993). *See also Covenant Media of Ill., L.L.C. v. City of Des Plaines*, 476 F. Supp. 2d 967, 984-85 (N.D. Ill. 2007) (Lefkow, J.) Thus, the City submits that SAA lacks standing to pursue its as-applied claim because: (i) it submitted only one application to the City; (ii) the address for which it submitted its application—415 W. Armitage—was zoned RM-5 at the time; and (iii) because RM-5 is a residential zoning classification, the Chicago Zoning Ordinance would not have allowed SAA to operate a gun store at 415 W. Armitage even if the City's 2010 Ordinance did not prohibit them.

Because Defendants' motion rests solely on the aforementioned four facts—all undisputed—no additional discovery is necessary in order for Plaintiffs to respond to Defendants' motion. Defendants are raising purely a legal issue: whether its four undisputed facts require entry of judgment for Defendants under the applicable law. Plaintiffs are entitled to argue that those facts are insufficient to warrant judgment for Defendants as a matter of law, but there is no need for discovery when the four facts upon which Defendants' motion is based are undisputed.

Moreover, the discovery Plaintiffs proposed to Defendants in their conference on

December 19, 2016, is expansive and wholly unrelated to the four undisputed facts which Defendants claim entitle them to judgment. For example, Plaintiffs stated that they wished to depose employees of the Bureau of Alcohol Tobacco and Firearms and the Department of Justice and a former attorney for the City who discussed over e-mail SAA's application for a federal firearms license at 415 W. Armitage Avenue. Plaintiffs could not articulate, however, how such discovery would reveal any facts that would call into question any of the City's undisputed facts or possibly reveal additional facts that would be germane to the City's motion. Plaintiffs also propose deposing the property owner of 415 W. Armitage, but again, such discovery is unnecessary because it is undisputed that the property was not zoned for a retail or business use at the time the application was submitted or at any time thereafter. Whether the owner was mistaken about the permitted uses of his property or misrepresented the permitted uses to SAA does not change the fact that the property was zoned residential. And finally, Plaintiff wishes to conduct discovery on whether the City ever issued a denial letter to SAA for 415 W. Armitage, yet Defendants fail to understand how that information bears on whether SAA has standing to bring its claim.

      Defendants do not dispute that if their motion is denied, discovery into the aforementioned areas may be appropriate. But Defendants submit that at this juncture, such discovery would be irrelevant to resolution of Defendants' motion for summary judgment. At bottom, Defendants submit that four undisputed facts—and those facts alone—entitle it to judgment under the applicable law. Plaintiffs therefore do not need additional discovery to respond to the motion. To allow Plaintiffs to conduct the discovery they propose would unnecessarily delay resolution of Count I and potentially force the parties to incur unnecessary expenses.

**Conclusion**

For these reasons, Defendants request that the Court deny Plaintiffs further discovery at this time and set a briefing schedule on their motion.

Date: January 17, 2017			Respectfully submitted,

				STEPHEN R. PATTON
				Corporation Counsel for the City of Chicago

			By:	/s/ William Macy Aguiar
				Senior Counsel

William Macy Aguiar
David M. Baron
Ellen W. McLaughlin
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7686 / 9018 / 2-5147

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I, William Macy Aguiar, an attorney, hereby certify that on this, the 17th day of January, 2017, I caused a copy of **Defendants' Status Report**, to be served by electronic filing (ECF) on

>David G. Sigale
>Law Firm of David G. Sigale, P.C.
>799 Roosevelt Road, Suite 207
>Glen Ellyn, Illinois 60137

>/s/William Macy Aguiar
>William Macy Aguiar