IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, and TONY KOLE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, a municipal corporation, RAHM EMANUEL, in his official capacity as Mayor of the City of Chicago, GARRY McCARTHY, Superintendent of Police of the City of Chicago, and SUSANA MENDOZA, City Clerk of the City of Chicago,<br><br>Defendants. | Case No: 1:10-CV-4257<br><br>Hon. Robert M. Dow, Jr.<br>U.S. District Court Judge<br><br>Hon. Sheila M. Finnegan<br>U.S. Magistrate Judge |

**SUPPLEMENTAL STATEMENT TO STATUS REPORT**

Plaintiffs, SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, and TONY KOLE, by and through LAW FIRM OF DAVD G. SIGALE, P.C., and for their supplemental statement to the Status Report filed on January 17, 2017 (Dkt. # 208), state as follows:

Plaintiffs deny that any of the Defendants' case citations in their Motion for Summary Judgment (Dkt. #204) involve situations of a total ban of a constitutionally-protected activity. Contrary to the factual situations in those case, no location chosen by Second Amendment Arms would have been approved by the Defendant City. In all the cases cited by Defendant, the applicant sued over denials of various permit applications when at the same time there was some other deficiency, unique to the individual application/plaintiff, beyond the challenged

restriction. Thus, even without the challenged restriction, the plaintiffs in those cases would not qualify for the requested license or permit.

Here, however, the gun store ban was the only thing holding back Second Amendment Arms. Even if there was a zoning issue, without the ban Second Amendment Arms would have found a different location. With the ban, Second Amendment Arms could have filled out a hundred applications covering every zone and every neighborhood, and would have still been denied. It is arguable whether Plaintiffs even needed to complete a business license application at all, given the futility of the gesture.

However, given these issues, as far as Plaintiffs' F.R.Civ.P. 56(d) request for discovery, Plaintiffs need to inquire as to the following topics:

- The actual use of the location at 415 West Armitage. According to the attached photograph and e-mail from the U.S. Department of Justice, with whom the City Law Department was regularly communicating regarding the best way to deny Plaintiffs' FFL and business license application, the location which Franzese listed on his City Business License application, despite being reportedly zoned R-5, was being advertised for commercial lease;

- The impact of accidentally choosing a location not commercially zoned, even of it is advertised as commercial, and the difficulty of simply amending the location on the business license application;

- Whether changing the location would have mattered, given the gun store ban;

- Conversations between the City and the Bureau of Alcohol Firearms Tobacco and Explosives, with whom the City was communicating regarding Plaintiffs' simultaneous efforts to obtain a business license and an FFL, regarding the processing of Plaintiffs' applications;

- Whether there is anything in writing denying Plaintiffs' business license application on zoning grounds, and if not, the circumstances of how this was allegedly communicated to Plaintiffs.

Oral fact discovery was originally to be completed by January 10, 2017 (Dkt. #201), but the discovery schedule was stayed as of December 6, 2016 (Dkt. #206). While Defendants are certainly able to file a Motion for Summary Judgment, under F.R.Civ.P. 56(d), Plaintiffs' counsel declares that Plaintiffs require the above-referenced discovery in order to fully respond to the Motion. *See generally Groover v. Magnavox Co.*, 71 F.R.D. 638, 639 (W.D. Pa. 1976) ("In the event that additional time to secure the evidentiary material by way of discovery or otherwise is required [in order to respond to a motion for summary judgment], the Rule provides for an allowance of time to secure these materials.")

There is a strong public policy in favor of disclosure of relevant materials. *See Patterson v, Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir, 2002). The information sought is not cumulative, duplicative, or obtainable from another source that is less burdensome, more convenient or less expensive. *Id.* In light of the fact that these situations (judging from Defendants' case citations) are heavily fact specific, Plaintiffs respectfully request they be able to conduct the above-referenced limited discovery before being required to file a Response to the pending Motion for Summary Judgment as to Count I.

WHEREFORE, the Plaintiffs, SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, and TONY KOLE, pursuant to F.R.Civ.P.56(d), respectfully request that this Court grant the limited discovery necessary to respond to Defendants' pending Motion for Partial Summary Judgment as to Count I of Plaintiffs' pending Complaint, and grant such other and further relief as this Court deems just and proper.

Dated: January 18, 2017                                    Respectfully submitted,


                                                            _____/s/ David G. Sigale_____
                                                            Attorney for Plaintiffs


David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com