IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS, *et al.*, | ) | |
| | ) | Case No. 10-cv-4257 |
| Plaintiff, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court are the parties' supplemental status reports [208, 209], which the Court requested in lieu of a motion under Federal Rule of Civil Procedure 56(d) in an effort to resolve what further discovery, if any, Plaintiffs should be entitled to before filing a response to Defendants' motion for partial summary judgment. After considering the written record as well as the arguments of counsel at the most recent status hearing [see 210], the Court sets out below the discovery that will be ordered at this time. The parties will have until April 7, 2017 to complete the discovery. Briefing on the motion for partial summary judgment will proceed as follows: Plaintiffs' response brief and accompanying materials due on May 5, 2017; Defendants' reply brief and accompanying materials due on May 19, 2017. The Court will issue a ruling by mail.

## **STATEMENT**

By way of brief background, over the several years that this case has been pending, it has proceeded in fits and starts due to a variety of factors, including the illness of prior Plaintiffs' counsel and a variety of amendments to the challenged city ordinances that have required both sides to recalibrate their arguments from time to time. The Court has issued two lengthy opinions [86, 182] on motions to dismiss prior iterations of the complaint.

With fact discovery now winding down and expert discovery on the horizon, Defendants filed a motion for partial summary judgment [204] on Count I of the fourth amended complaint. Defendants insist that no additional discovery is warranted because the following undisputed facts show that Plaintiff Second Amendment Arms lacks standing to pursue its as-applied claim: "(i) it submitted only one application to the City; (ii) the address for which it submitted its application—415 W. Armitage—was zoned RM-5 at the time; and (iii) because RM-5 is a residential zoning classification, the Chicago Zoning Ordinance would not have allowed SAA to operate a gun store at 415 W. Armitage even if the City's 2010 Ordinance did not prohibit them." [See 208, at 3.] Plaintiffs insist that they require additional discovery in order to properly respond and have identified five specific categories of information [see 209, at 2-3] on which they seek additional information.

- The actual use of the location at 415 West Armitage. According to the attached photograph and e-mail from the U.S. Department of Justice, with whom the City Law Department was regularly communicating regarding the best way to deny Plaintiffs' FFL and business license application, the location which Franzese listed on his City Business License application, despite being reportedly zoned R-5, was being advertised for commercial lease;

- The impact of accidentally choosing a location not commercially zoned, even if it is advertised as commercial, and the difficulty of simply amending the location on the business license application;

- Whether changing the location would have mattered, given the gun store ban;

- Conversations between the City and the Bureau of Alcohol Firearms Tobacco and Explosives, with whom the City was communicating regarding Plaintiffs' simultaneous efforts to obtain a business license and an FFL, regarding the processing of Plaintiffs' applications;

- Whether there is anything in writing denying Plaintiffs' business license application on zoning grounds, and if not, the circumstances of how this was allegedly communicated to Plaintiffs.

Plaintiffs are somewhat opaque as to precisely why they think they need this information, but it appears that they seek it, at least in part, in support of an argument that completing additional business license applications would have been futile in view of the City's total ban on gun stores.

After considering the written record as well as the arguments of counsel at the most recent status hearing [see 210], the Court denies Plaintiffs' fourth request and grants its first, second and third requests as set forth below. The fifth request is denied as moot as defense counsel agreed to provide any pertinent responsive information from the City's files.

As to the first request for information regarding the actual historical or advertised uses of the location in question (415 West Armitage), Defendants need only provide any information in their records as to the actual uses of the location over the past ten years. Defendants are not required to address any advertising for the space.

In regard to the second request, although the Court believes that it would have been incumbent on Plaintiffs to do sufficient due diligence on the location to determine whether the advertised purpose differed from the permissible purpose(s) under the zoning regulations, Defendants must answer whether it would have been permissible to "simply amend[] the location on the business license application" without submitting an entirely new application (as that seems to be the gist of Plaintiffs' request).

Defendants also must respond to Plaintiffs' third request by stating whether amending the application to a location with a different zoning classification might have made a difference to the disposition of the application.

      The fourth request for information regarding conversations between the City and the ATF is denied as Plaintiffs have made no showing that anyone other than City officials was the ultimate decision-maker as to the business license application at issue in Count I; thus, the minimal probative value of the information sought is outweighed by the burden on the City and the ATF to scour their files and electronic communications this late in the fact discovery process.

      Finally, as to the fifth request, the Court's recollection is that at the last status hearing defense counsel agreed to provide information to Plaintiffs in regard to any information in the City's files concerning any written denial of the application and/or any information concerning the circumstances in which the denial was communicated to Plaintiffs. Assuming that the Court's recollection is accurate, the fifth request is moot.

Date: March 6, 2017

                                        Robert M. Dow, Jr.
                                        United States District Judge