**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, and TONY KOLE, | ) ) ) ) ) | |
| Plaintiffs, | ) | Case No: 1:10-CV-4257 |
| | ) | |
| v. | ) | Hon. Robert M. Dow, Jr. |
| | ) | U.S. District Court Judge |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, RAHM EMANUEL, in his official capacity as Mayor of the City of Chicago, GARRY McCARTHY, Superintendent of Police of the City of Chicago, and SUSANA MENDOZA, City Clerk of the City of Chicago, | ) ) ) ) ) ) ) | Hon. Sheila M. Finnegan U.S. Magistrate Judge |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' L.R.56(b)(3)(C) STATEMENT OF ADDITIONAL UNDISPUTED FACTS**

NOW COME the Plaintiffs, SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a Second Amendment Arms, and TONY KOLE, by and through undersigned counsel, and, pursuant to L.R. 56(b)(3)(C), submits their Statement of Additional Undisputed Facts in Response to Defendant's F.R.Civ.P. 56(a) Motion for Summary Judgment, and therefore states as follows:[1]

1.      Plaintiff R. Joseph Franzese ("Franzese") is a citizen of the United States residing in Chicago, Illinois.  I am the sole proprietor of Second Amendment Arms.  At all times relevant he possessed a valid State of Illinois Firearms Owner Identification card (the "FOID card") and

---

[1] Plaintiffs incorporate all Exhibits listed in their *Plaintiffs' List of L.R. 56.1(b)(1) Exhibits*, filed simultaneously with this document.

he is trained and experienced in the safety and use of various firearms or ammunition products (*See* par. 1 of Declaration of R. Joseph Franzese, attached hereto as Exhibit "A").

2.      Second Amendment Arms ("SAA") is a sole proprietorship that in 2010, following the United Stastes Supreme Court's decisions in *District of Columbia v. Heller* and *McDonald v. City of Chicago* wished to open a firearms store within the City of Chicago geographical limits.  SAA wanted to do business and engage in local, internet and interstate commerce as a duly federally licensed firearms and ammunition products dealer by the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") pursuant to Title I, Gun Control Act of 1968 (the "GCA") and pursuant to other applicable regulations and federal law.  Franzese had applied for a valid Federal Firearms License ("FFL"), the granting of which was in part contingent on his finding a valid business location in Chicago from which to operate SAA ((Declaration of R. Joseph Franzese at par. 2).

3.      However, despite the above-listed Supreme Court decisions, the City of Chicago, on July 2, 2010, passed an Ordinance that removed the long-standing ban on home handgun possession, but replaced it with a number of restrictions and requirements for those who wished to possess a handgun (or other type of firearm) in their home (Declaration of R. Joseph Franzese at par. 3; Dkt. #204-3 at p.33).

4.      The Ordinance, specifically MCC § 4-144-010 and MCC § 8-20-100, which was effective as of July 12, 2010, also prohibited the operation of any firearm stores or dealers within the City limits by prohibiting the selling or transferring of any firearm, except to police officers or through inheritance (Declaration of R. Joseph Franzese at par. 4; Dkt. #204-3 at p.39).

5.      On June 30, 2010, Franzese (d/b/a SAA) filed Application #7270 with the City of Chicago for a business license to open a gun store.  He listed the proposed business address as

415 West Armitage Street, Floor 1, in Chicago, which he had recently seen as advertising for commercial lease. Two days later, he applied for an FFL, listing the Armitage address as the planned business address (Declaration of R. Joseph Franzese at par. 5; Dkt. #204-3 at pp.12-13; City Rule 34 Response Bate Stamp No. 000829, attached hereto as Exhibit "B").

6.      The Defendants knew of the zoning concern in 2010, and discussed it with the U.S. Department of Justice (City Rule 34 Response Bate Stamp No. 000818-21, attached hereto as Exhibit "C")).

7.      The Defendants also knew in 2010 that Franzese's requested location was advertised commercial (*See* Exhibit "B"; *See also* City Rule 34 Response Bate Stamp No. 000830, attached hereto as Exhibit "D").

8.      As of January 31, 2011, the Defendants and the U.S. Department of Justice were *still* trying to figure out how to deny Franzese's business license application, and the Defendants settled on the gun store ban of MCC § 8-20-100 (City Rule 34 Response Bate Stamp No. 000832-33, attached hereto as Exhibit "E").

9.      No one working for, or representing, the City of Chicago ever told Franzese that his Business License application was denied because the Armitage location was not zoned for commercial use. No one working for, or representing, the City of Chicago even told Franzese that the Armitage location was not zoned for commercial use (Declaration of R. Joseph Franzese at par.4; *See also* Defendant's Responses and Objections to Plaintiffs' Supplemental Fed. R. Civ. P. 33 Interrogatories at p.4-5, attached hereto as Exhibit "F"; *See also* correspondence from William Macy Aguiar to David G. Sigale, dated February 8, 2017, attached hereto as Exhibit "G").

10.     Franzese never received a written denial for his Business License Application at all from the City of Chicago ("With respect to the denial of Franzese's application for a business license, the City cannot locate any written record that it notified Franzese that his application was denied for failure to meet the zoning requirements…").  The only thing he ever heard was on one of the occasions when he called the City to follow up on his Business License Application, and a woman told him his Application was denied because the City Ordinances do not allow for gun stores, which to his recollection was in approximately October, 2011 (Declaration of R. Joseph Franzese at par.5; *See also* Defendant's Responses and Objections to Plaintiffs' Supplemental Fed. R. Civ. P. 33 Interrogatories at p.4-5 (Exh. "F"); *See also* correspondence from William Macy Aguiar to David G. Sigale, dated February 8, 2017 (Exh. "G")).

11.     Had anyone working for, or representing, the City of Chicago, ever told Franzese that the reason his Business License Application was being denied was because his chosen location was not zoned commercial (which would have been the first he had heard of it), he would have immediately amended the application with a new location, or simply filed a new location (Declaration of R. Joseph Franzese at par.6; *See also* Defendant's Responses and Objections to Plaintiffs' Supplemental Fed. R. Civ. P. 33 Interrogatories at p.3-4.

12.     The only reason Franzese did not do this was because (A.) no one told him the Armitage location was not zoned commercial; (B.) the choice of location was not cited to him as a reason for denial of his Application; and (C.) given the City gun store ban Ordinance, it would not have mattered what location he had chosen to list on his Application, as the Application would have been denied because of the gun store ban, which was the reason he was orally given (Declaration of R. Joseph Franzese at par.7; *See also* Defendant's Responses and Objections to

Plaintiffs' Supplemental Fed. R. Civ. P. 33 Interrogatories at p.4-5; *See also* correspondence

from William Macy Aguiar to David G. Sigale, dated February 8, 2017).

       13.     Because Franzese was not going to be able to obtain a Business License for the

SAA gun store, his FFL application was also denied on or about June 26, 2012 (Declaration of R.

Joseph Franzese at par.8).


       WHEREFORE, the Plaintiffs, SECOND AMENDMENT ARMS (a d/b/a of R. Joseph

Franzese), R. JOSEPH FRANZESE, individually and d/b/a Second Amendment Arms, and

TONY KOLE, requests this Honorable Court to deny Defendant's F.R.Civ.P. 56(a) Motion for

Summary Judgment in its entirety, as well as any and all further relief as this Court deems just

and proper.


Dated: May 19, 2017                Respectfully submitted,


                   By:        /s/ David G. Sigale         
                                  Attorney for Plaintiff

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com

## **CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

1. On May 19, 2017, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

2. Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.


           __/s/ David G. Sigale_____
           Attorney for Plaintiffs


David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com

6