IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 10-CV-4257 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON COUNT I OF PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendants City of Chicago (the "City"), Mayor Rahm Emanuel, Superintendent of Police Eddie Johnson, and City Clerk Anna Valencia (collectively, "Defendants"), by their counsel, Edward N. Siskel, Corporation Counsel of the City of Chicago, hereby submit this reply in support of their motion for summary judgment pursuant to Fed. R. Civ. P. 56 on Plaintiffs' as-applied challenge to the City's prior ban on gun stores contained in Count I of Plaintiffs' Fourth Amended Complaint ("Complaint").

## INTRODUCTION

Plaintiffs fail in their Response to Defendant's Motion for Summary Judgment ("Response" or "Resp.") to demonstrate that there is a genuine issue of material fact that precludes an award of summary judgment in Defendants' favor on Plaintiffs' as-applied challenge in Count I to sections 4-144-010 and 8-20-100(a) of the Chicago Municipal Code, which were enacted on July 2, 2010 but repealed on June 25, 2014. As discussed in Defendants' Memorandum in Support of Their Motion for Summary Judgment on Count I of Plaintiffs' Fourth Amended Complaint ("Memorandum" or "Mem."), Plaintiff R. Joseph Franzese ("Franzese") d/b/a Second Amendment Arms ("SAA") applied to the City for a business license

on July 2, 2010, to operate a gun store at 415 W. Armitage Street, Unit 1, Chicago, Illinois. Franzese's application could not be approved, however, because sections 4-144-010 and 8-20-100(a), which were in effect at the time, did not permit retail firearm sales in the City. Additionally, 415 W. Armitage was at the time (and still is) zoned RM-5, which permits only residential uses and prohibits any business or commercial establishments. Thus, even if sections 4-144-010 and 8-20-100(a) did not ban gun sales in the City, Franzese's application for a business license at 415 W. Armitage could not have been granted because the site identified by Franzese was not zoned for commercial use. Plaintiffs therefore lack standing to bring their as-applied challenge to MCC §§ 4-144-010 and 8-20-100(a) because Franzese's application was also denied, or could have been denied, based on a separate, unchallenged ordinance. *See Harp Adver. Ill., Inc. v. Vill. of Chicago Ridge*, 9 F.3d 1290, 1291-92 (7th Cir. 1993).

In their Response, Plaintiffs do not dispute any of the facts that Defendants cite in support of their motion for summary judgment. Plaintiffs instead argue that summary judgment is inappropriate because, according to them, the City never informed Franzese that the application was being denied for zoning reasons, thereby denying Franzese the opportunity to amend his license application to add a location zoned for business or commercial use. Even if true, these facts are not material because Franzese is charged with knowledge of the law and therefore should have known that the zoning for 415 W. Armitage would not permit a retail operation and should have selected an appropriate location in the first place. Moreover, there is no legal requirement that the City inform Franzese of either the zoning classification applicable to the property or the requirements of that particular zoning classification. Plaintiffs' asserted fact is further immaterial because precedent holds that standing does not exist when an application was or could have been denied for a valid reason, even if the basis for the denial was not

2

communicated to the applicant. Finally, Plaintiffs contend that Defendants are barred from raising Plaintiffs' lack of standing by the doctrines of equitable estoppel, laches, and unclean hands, but Plaintiffs' arguments find no support in either fact or law.

For these reasons, set forth more fully below, Plaintiffs fail to demonstrate that they have standing to bring their as-applied challenge in Count I of their Complaint, and Defendants are entitled to summary judgment.

## ARGUMENT

**I. Plaintiffs Fail To Meet Their Burden Of Establishing Standing To Maintain Their As-Applied Claim In Count I.**

In their Response, Plaintiffs admit as undisputed the basic facts that demonstrate that they lack standing to bring their as-applied challenge to sections 4-144-010 and 8-20-100(a) in Count I of their Complaint. Plaintiffs concede that the only location for which Franzese ever submitted an application to open a firearms store was 415 W. Armitage. *See* Pls.' Resp. to Defs.' L.R. 56.1(a)(3) Stmt. of Undisputed Facts ("Pl. Resp. to Def. Facts") at 3-4. They further admit that, at the time Franzese filed the application and ever since, 415 W. Armitage has been zoned RM-5. *See id.* And finally, they admit that RM-5 is a residential zoning classification that does not allow for any business or commercial uses. *See id.* at 4. These undisputed facts demonstrate that, regardless of the City's prohibition on firearms stores in effect at the time, the sole application filed by Franzese could not have been approved due to the zoning requirements for properties zoned RM-5, which Plaintiffs do not challenge in their Complaint, even if the City did not ban gun stores. Pursuant to well-established precedent, the failure of Franzese's application for this additional, unchallenged reason denies Plaintiffs standing to bring their as-applied

3

challenge to the former gun store ban. *See* Mem. at 4-7.[1] Plaintiffs therefore cannot show that Franzese has any concrete injury that would be redressed by prevailing on his as-applied claim, and the Court should grant Defendants summary judgment. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (on summary judgment, plaintiff bears the burden of setting forth specific facts that establish each element of standing).

Plaintiffs attempt to sidestep this result by arguing that the City never directly informed Franzese that the zoning of his proposed location precluded his intended use, and that if the City had informed him, he would have chosen some other location for his business. *See* Resp. at 4-6. At the outset, Plaintiffs are wrong that Franzese's failure to submit an application that satisfied the City's Zoning Ordinance is somehow excused "because nobody told Franzese of that issue." Resp. at 4. Even assuming that this fact is undisputed—which it is not—it is irrelevant because Franzese is charged with having known that his proposed use of the property would not be permitted under the Chicago Zoning Ordinance regardless of whether the City ever told him so specifically.[2] Importantly, 415 W. Armitage, like all property in Chicago, is zoned by enactment of the City Council, *see, e.g.*, MCC § 17-13-0307, and such ordinances, like all laws, are publically available.[3] "Under our system of jurisprudence it has long been well established that

---

[1] Plaintiffs' varied references to Second Amendment history and jurisprudence, *see* Resp. at 1-3, are not germane to the limited issue presented by Defendants on their motion, which strictly concerns Plaintiffs' failure to meet its burden to establish standing. Plaintiffs also incorrectly state that Defendants no longer dispute that the Second Amendment protects the right to sell firearms for money. *See* Resp. at 3. Defendants reserve the right to defend the constitutionality of its prior ban on the retail sale of firearms if summary judgment is not granted in their favor on Count I.

[2] As reflected in Plaintiffs' L.R. 56(b)(3)(C) Statement of Additional Undisputed Facts ("Pl. Stmt. Add'l Facts"), there is evidence contradicting Franzese's assertion that he was never told that his application did not obtain zoning approval because 415 W. Armitage was not zoned for business or commercial use. *See* Pl. Stmt. Add'l Facts, Ex. G (Dkt. No. 215-9) at CITY 000842.

[3] Indeed, the City of Chicago maintains a geographical information system that has, since 2002, allowed any member of the public to ascertain the zoning for any property in the City. *See, e.g.*,

4

every man is presumed to know the law." *United States v. Bryza*, 522 F.2d 414, 423 (7th Cir. 1975); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 581-83 (2010) ("[W]e have long recognized the common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally.") (citation omitted); *Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 783 (N.D. Ill. 1998) ("[I]gnorance of the law is not an excuse and failure to read the law is not good cause."). Thus, Franzese is charged with knowing the City's zoning ordinance and how it applies to property on which he proposes to open a business, and the Court should reject Plaintiffs' attempt to circumvent Franzese's responsibility to know the law before filing his application.[4] Indeed, Plaintiff fails to cite any authority indicating that the City was under an obligation to notify Franzese that 415 W. Armitage was zoned RM-5 and that business and commercial uses on the property were therefore prohibited.

Furthermore, and contrary to Plaintiffs' suggestion, the standing doctrine does not turn on what the City told Franzese; rather, it considers whether Franzese's application could have been denied on other grounds—even if those grounds were not a stated basis for denial. *See*, *e.g.*, *Lockridge v. Vill. of Alsip*, No. 03 CV 6720, 2005 WL 946880, at *1 (N.D. Ill. Apr. 18, 2005) (holding that the plaintiff lacked standing despite the fact that the "notice of denial did not specify exactly which portions of the Former Ordinance acted to preclude approval of his applications"); *KH Outdoor, L.L.C. v. Clay Cnty.*, 482 F.3d 1299, 1304 (11th Cir. 2007) (holding that the plaintiff lacked standing to challenge local sign regulation where evidence of non-compliance with applicable, but unchallenged, state regulations was submitted with the parties'

---

https://www.cityofchicago.org/city/en/depts/dcd/provdrs/admin/news/2017/january/city-launches-new-online-zoning-map.html.

[4] Plaintiffs repeatedly accuse the City of improper motives and purposefully misleading Franzese by failing to disclose the City's Zoning Ordinance to him. *See*, *e.g.*, Resp. at 5-7. These charges, like much of Plaintiffs' unnecessary and inappropriate rhetoric, are wholly unsupported and should be disregarded by the Court.

5

motions for summary judgment). Here, the undisputed evidence shows not only that the City *could have* denied Franzese's application based on the residential zoning restrictions at 415 W. Armitage, but that this was, in fact, a basis for the City's refusal to grant Franzese a business license. *See* Pl. Stmt. Addl. Facts, Ex. C (Dkt. No. 215-5) at CITY 819 (City official affirming that Franzese's application was prohibited by both the gun store ban and zoning restrictions). Franzese's failure to submit an application that complied with the City's Zoning Ordinance means that any professed injury was caused by his own neglect and cannot be redressed by this Court, as required to confer standing. *See Harp*, 9 F.3d at 1292.

It is also irrelevant that Franzese now asserts—for the first time in this litigation—that if the City had told him of the City's zoning laws, he would have selected some other, unspecified location in the City for his business.[5] *See* Pl. Stmt. Addl. Facts, Ex. A (Dkt. No. 215-3), ¶ 6. Even if the law did not charge Franzese with acquiring his own, independent knowledge of the prevailing zoning laws, which it does, his vague and speculative statement of intent would not create standing. *See Lujan*, 504 U.S. at 561 (in order for an injury to be redressible, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'") (citation omitted). Franzese stands in no different position than any other person with a general desire to open a gun store in the City, which, as this Court held, is not a sufficient

---

[5] Moreover, Defendants dispute that the evidence demonstrates that Franzese would have actually selected a new location for a gun store. As discussed above, Plaintiffs' own exhibits demonstrate that Franzese was, in fact, told of the zoning problems with his application, *see* Pl. Stmt. Add'l Facts, Ex. G (Dkt. No. 215-9) at CITY 000842, but despite that knowledge, he nonetheless did not submit an application for a different location. And even though the ban on firearms stores was lifted in 2014, thereby allowing Franzese to pursue a gun store elsewhere in the City, Franzese still has not submitted any other application for a business license or identified any location for a store. *Second Amendment Arms v. City of Chicago*, 135 F. Supp. 3d 743, 760 (N.D. Ill. 2015) (Dow, J.) (citing Compl. ¶ 22). This belies his newly professed intent that he would have selected a new location if he knew of the zoning issues, as well as the allegation in the Complaint that Franzese "still desires, plans, and intends to submit additional applications to open gun stores at locations within the City." Compl. ¶ 22; *see also* Resp. at 7 ("[T]here was (and still is) every expectation that being the first gun store in Chicago would be a successful enterprise."). Thus, Franzese's abstract and speculative assertions in his declaration are not sufficient to confer standing.

basis for standing to raise an as-applied claim against the ban in place at the time. *Second Amendment Arms*, 135 F. Supp. 3d at 760 ("While a plausible statement of intent to engage in statutorily prohibited conduct can create standing for a facial challenge, an actual injury is needed for an as-applied challenge.").

*Harp* illustrates the failure of Plaintiffs' argument. In that case, the court expressly held that the plaintiff did not have standing because the mere inability to erect its proposed billboard due to the challenged regulation "does not cause [the plaintiff] concrete harm." *Harp*, 9 F.3d at 1292. And although the plaintiff there had not expressed any interest in erecting any other billboards, the Court was clear that to have standing, the plaintiff would have needed, at least, to propose a billboard that complied with the regulation that would have barred the first proposal: "[F]or all we can tell, [the plaintiff] has no interest in erecting anything smaller anywhere in the United States, let alone a sign of 199 square feet in Chicago Ridge, Illinois." *Id.* at 1292-93. Like the plaintiff in *Harp*, Franzese has identified no alternative location for his gun store. For this reason, *Lamar Advertising of Penn, LLC v. Town of Orchard Park*, 356 F.3d 365, 374 (2d Cir. 2004), cited by Plaintiffs, is of no moment. There, the plaintiff was held to have standing because it described in its complaint "a multi-phase plan to build signs of differing sizes," including the intended measurements for signs that would fall within the town's size limits. *Id.* Here, Franzese failed to plead—or otherwise provide—an alternate location for his gun store if not at 415 W. Armitage.

Plaintiffs' reliance on *Covenant Media of Ill., L.L.C. v. City of Des Plaines*, 496 F. Supp. 2d 960 (N.D. Ill. 2007), is equally misplaced. The portion of *Covenant Media* cited by Plaintiffs refers to the court's reversal of its prior decision that the plaintiff lacked standing to challenge the denial of its application for a sign that fell within the allowed proximity of a highway. *See*

*id.* at 963-64.  But as Defendants explain in their Memorandum, the court's reconsideration did not affect its earlier holding that the plaintiff lacked standing to challenge its other sign applications—which are relevant here—because those proposed signs did not fall within, and therefore were precluded by, the proximity provision that was not challenged by the plaintiff. *See Covenant Media of Ill., L.L.C. v. City of Des Plaines*, 476 F. Supp. 2d 967, 984-85 (N.D. Ill. 2007) (Lefkow, J.); Mem. at 5-6 & n.3.  Likewise, *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 790 F. Supp. 693 (N.D. Ill. 2011), also relied upon by Plaintiffs, is not relevant.  The parties in *Chicago Joe's* disputed whether the plaintiff's original proposal indeed complied with the unchallenged regulations highlighted by the defendant (*e.g.*, ensuring accessible parking, entrances, and landscaping).  *See* 790 F. Supp. at 695-96.  No such dispute exists here where Plaintiffs admit that the zoning of 415 W. Armitage precluded the opening of a gun store.  *See* Pl. Resp. to Def. Facts at 4.

Because Plaintiffs have admitted that SAA applied for a license to operate a gun store at a location that was not zoned for commercial use—and the law charges Franzese with knowledge of the zoning laws—Plaintiffs lacks standing to pursue the as-applied challenge to the gun store prohibition contained in Count I.  Summary judgment should therefore be awarded to the City.

**II.     Plaintiffs' Attempt To Invoke Equitable Defenses Is Unfounded, And Such Defenses Do Not Excuse Their Lack of Standing.**

Plaintiffs attempt to raise "three equitable bars" to Defendants' argument that Franzese lacks standing to challenge the City's former firearms ordinance as applied to them.  The Court should disregard these arguments because the doctrines Plaintiffs invoke are inapposite.  As a general matter, these doctrines—equitable estoppel, laches, and unclean hands—are typically raised as defenses to liability, not weapons to be wielded by a plaintiff, as Plaintiffs themselves acknowledge.  *See* Resp. at 9 (explaining that equitable estoppel is "asserted by the defense").

8

Accordingly, they are inappropriate here, as Plaintiffs, not Defendants, seek relief from the Court. Tellingly, Plaintiffs do not cite a single case in which these doctrines were successfully utilized by a plaintiff in response to a motion for summary judgment. Furthermore, a court always has the responsibility to confirm that a claim is justiciable, even when no party contests it. Regardless of the parties' allegations as to the other's conduct, this Court must adhere to the requirements of Article III, and the equitable defenses Plaintiffs raise do not bear on whether Plaintiffs have standing to bring an as-applied challenge to the City's former prohibition on gun stores. And, as explained below, Plaintiffs mischaracterize the elements and application of each doctrine they invoke. Plaintiffs' asserted "equitable defenses" therefore fail to preclude an award of summary judgment in Defendants' favor on their as-applied claim in Count I.

### A. Plaintiffs Fail To Demonstrate That Equitable Estoppel Excuses Their Lack Of Standing.

Plaintiffs first argue that because Franzese did not receive a response from the City "in writing about his application" informing him that his chosen location was not zoned for commercial use, Defendants should be equitably estopped from arguing that Plaintiffs lack standing to bring their as-applied claim in Count I. *See* Resp. at 9. But Plaintiffs omit from their Response any reference to the controlling law on the application of equitable estoppel against the government.[6] *See Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51 (1984). The traditional elements of equitable estoppel are: "(1) misrepresentation by the party against whom estoppel is asserted; (2) reasonable reliance on that misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel." *LaBonte v. United States*,

---

[6] Instead, Plaintiffs inexplicably cite case law addressing the application of estoppel in patent cases. *See* Resp. at 9 (quoting *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1042 (Fed. Cir. 1992) *abrogated by SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954 (2017)).

9

233 F.3d 1049, 1053 (7th Cir. 2000). In *Heckler*, however, the Supreme Court noted that "the Government may not be estopped on the same terms as any other litigant," 467 U.S. at 60, and that "those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law," *id.* at 63. *See also Atwell v. Lisle Park Dist.*, 286 F.3d 987, 992 (7th Cir. 2002) (noting "the traditional judicial reluctance to apply estoppel against the government"). Thus, "in suits against the government, one must also establish affirmative misconduct on the part of the government." *LaBonte*, 233 F.3d at 1053 (citation omitted). "Affirmative misconduct is 'more than mere negligence . . . . It requires an affirmative act to misrepresent or mislead.'" *Id.* (quoting *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000)).

Applying this heightened standard, the Supreme Court held in *Heckler* that erroneous advice by a government agent as to whether certain expenses could be reimbursed was not, in itself, sufficient to raise an estoppel defense to the government's efforts to collect overpayments made to the plaintiff. 467 U.S. at 66. Similarly, a court in this district recently rejected a plaintiff's contention that the government was estopped from raising a standing defense to her claim to a tax refund because the IRS had given her allegedly incorrect information. *Garlovsky v. United States*, 211 F. Supp. 3d 1084, 1090 (N.D. Ill. 2016) (Blakey, J.). The court explained that the "IRS did not affirmatively misrepresent or mislead" the plaintiff, and that the government's "innocuous conduct" did not justify the imposition of equitable estoppel. *Id.*

Here, Plaintiffs do not—indeed cannot—cite any affirmative misrepresentation by Defendants. There are no facts demonstrating that Defendants ever affirmatively told Franzese that his chosen location was viable under the Chicago Zoning Ordinance. Plaintiffs instead argue that the City did not send Franzese a written denial of his application or otherwise inform

10

him that the location he selected was not zoned for commercial use. *See* Resp. at 9. It was Franzese's responsibility, however, to confirm that 415 W. Armitage was zoned for the proposed use. *See Heckler*, 467 U.S. at 63. But even setting that obligation aside, the documents Plaintiffs rely upon demonstrate that the City informed Plaintiff that the zoning of 415 W. Armitage did not allow for his proposed commercial use. *See* Pl. Stmt. Add'l Facts, Ex. G (Dkt. No. 215-9) at CITY 000842. Furthermore, even had the City been silent on the issue, its silence would be insufficient to constitute affirmative misconduct, as required to invoke equitable estoppel against the City. *See*, *e.g.*, *Garlovsky*, 211 F. Supp. 3d at 1090. Thus, just as in *Garlovsky*, Plaintiffs' attempt to invoke equitable estoppel as a bar to Defendants' standing argument should be rejected.

**B.     Plaintiffs Cannot Assert A "Laches" Defense To Overcome A Lack Of Standing.**

Plaintiffs also assert that laches bars Defendants' standing argument. *See* Resp. at 10-11. The doctrine of laches simply has no application here. Laches "is a ground for dismissing a suit if the *defendant* can show that the plaintiff delayed unjustifiably in filing and that as a result the defendant was harmed." *United States v. Admin. Enterps., Inc.*, 46 F.3d 670, 672 (7th Cir. 1995) (emphasis added). In other words, laches applies to a plaintiff's delay "in filing suit." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 822 (7th Cir. 1999). Defendants have not uncovered any precedent for the use of the laches doctrine by a plaintiff in response to a motion for summary judgment or to excuse it from satisfying the standing requirements of Article III, and Plaintiffs likewise identify none.

Even if laches could provide grounds to overcome Defendants' motion, Plaintiffs fail to establish the elements of a laches defense, which requires "a showing of an unreasonable lack of diligence by the party against whom the defense is asserted and prejudice arising from this lack

of diligence." *Id.* Plaintiffs have not shown that the City engaged in "an unreasonable lack of diligence" by failing to inform Franzese that his proposed gun store location was not viable, as that information was readily available to Franzese under the Chicago Zoning Ordinance. As the Seventh Circuit has explained, "being lulled and then rudely awakened is not the kind of harm, if it is a harm at all rather than merely [a] metaphor, that allows laches to be used." *Admin. Enterps.*, 46 F.3d at 673. Plaintiffs' laches argument therefore supplies no grounds to excuse Plaintiffs' lack of standing or to overcome Defendants' motion for summary judgment.

        C.        **The "Unclean Hands" Doctrine Does Not Apply Here.**

Finally, Plaintiffs claim that Defendants cannot prevail on their motion because they have "unclean hands." Resp. at 11-13. Like laches, unclean hands is a defense that may be asserted by a *defendant* to bar a plaintiff's claim. *See Shondel v. McDermott*, 775 F.2d 859, 868 (7th Cir. 1985) ("Today, 'unclean hands' really just means that in equity as in law the plaintiff's fault, like the defendant's, may be relevant to the question of what if any remedy the plaintiff is entitled to."). It has no application here, as Defendants are not the plaintiff in this case and seek no affirmative relief against Plaintiffs. As with their other equitable defenses, Plaintiffs cite no case in which the unclean hands doctrine has ever been employed to bar a defendant from arguing that a plaintiff lacked standing, and Defendants' research has revealed no such precedent.

Plaintiffs also acknowledge that, to assert the unclean hands defense against the government, a litigant must demonstrate "affirmative misconduct." Resp. at 12. But Defendants did not—indeed could not—conceal the zoning of 415 W. Armitage from Franzese, and as explained above with respect to Plaintiffs' equitable estoppel argument, no affirmative misconduct occurred. Plaintiffs essentially suggest that the City should have alerted Franzese seven years ago that his own failure to find a permissible location to operate his business could

bar him from suing Defendants. That does not amount to affirmative misconduct. The Court should therefore reject Plaintiffs' effort to use the unclean hands doctrine to evade dismissal of their as-applied claim in Count I.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' Memorandum, Defendants respectfully request that the Court grant them summary judgment on the remaining as-applied challenge in Count I of Plaintiffs' Complaint.

Date: June 9, 2017  Respectfully submitted,

EDWARD N. SISKEL,
Corporation Counsel of the City of Chicago

By: /s/ William Macy Aguiar
  Senior Counsel

William Macy Aguiar
David M. Baron
Ellen McLaughlin
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7686 / 744-9018 / 742-5147

*Attorneys for Defendants*