IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 10-CV-4257 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' LOCAL RULE 56(b)(3)(C)
STATEMENT OF ADDITIONAL UNDISPUTED FACTS**

Defendants City of Chicago (the "City"), Mayor Rahm Emanuel, Superintendent of Police Eddie Johnson, and City Clerk Anna Valencia (collectively, "Defendants"), by their counsel, Edward N. Siskel, Corporation Counsel of the City of Chicago, hereby submit this response to Plaintiffs' L.R. 56(b)(3)(C) Statement of Additional Undisputed Facts ("Pls.' SOF") in Response to Defendants' Federal Rule of Civil Procedure 56(a) Motion for Summary Judgment.

**PRELIMINARY STATEMENT**

Defendants state that, regardless of whether Plaintiffs' additional facts are disputed, none are material to the Court's resolution of Defendants' motion for summary judgment on Plaintiffs' as-applied challenge to the City's prohibition on gun stores in the Responsible Gun Owners' Ordinance enacted on July 2, 2010 but later repealed. Defendants' motion for summary judgment is premised on the fact that R. Joseph Franzese d/b/a Second Amendment Arms did not submit an application for a business license at a location for which such a license could issue under the Chicago Zoning Ordinance and that, as a result, he does not have standing under Seventh Circuit authority and this Court's prior rulings in this case to bring an as-applied

challenge to the gun store ban. Many of Plaintiffs' additional facts, such as those set forth in paragraphs 1, 2, and 9-13, are based on an affidavit submitted by Mr. Franzese, who has not yet been deposed in this action. Solely for purposes of this motion for summary judgment, Defendants do not dispute certain factual statements in Mr. Franzese's affidavit because they are not material to Defendants' argument that it is entitled to judgment in its favor as a matter of law. To the extent the Court determines that any of Plaintiffs' additional facts are relevant to ruling on Defendants' motion for summary judgment, however, Defendants reserve the right to depose Mr. Franzese to test the veracity of his asserted facts.

## ADDITIONAL FACTS AND RESPONSES

1. Plaintiff R. Joseph Franzese ("Franzese") is a citizen of the United States residing in Chicago, Illinois. I am the sole proprietor of Second Amendment Arms. At all times relevant he possessed a valid State of Illinois Firearms Owner Identification card (the "FOID card") and he is trained and experienced in the safety and use of various firearms or ammunition products (*See* par. 1 of Declaration of R. Joseph Franzese, attached hereto as Exhibit "A").

**RESPONSE:** Subject to Defendants' preliminary statement above, undisputed.

2. Second Amendment Arms ("SAA") is a sole proprietorship that in 2010, following the United States Supreme Court's decisions in *District of Columbia v. Heller and McDonald v. City of Chicago* wished to open a firearms store within the City of Chicago geographical limits. SAA wanted to do business and engage in local, internet and interstate commerce as a duly federally licensed firearms and ammunition products dealer by the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") pursuant to Title I, Gun Control Act of 1968 (the "GCA") and pursuant to other applicable regulations and federal law. Franzese had applied for a valid Federal Firearms License ("FFL"), the granting of which was in part contingent on his finding a valid business location in Chicago from which to operate SAA (Declaration of R. Joseph Franzese at par. 2).

**RESPONSE:** Subject to Defendants' preliminary statement above, undisputed.

3. However, despite the above-listed Supreme Court decisions, the City of Chicago, on July 2, 2010, passed an Ordinance that removed the long-standing ban on home handgun possession, but replaced it with a number of restrictions and requirements for those who wished to possess a handgun (or other type of firearm) in their home (Declaration of R. Joseph Franzese at par. 3; Dkt. #204-3 at p.33).

**RESPONSE:** Undisputed that on July 2, 2010, the City enacted the Responsible Gun Owner's Ordinance that placed some restrictions on the right to possess firearms in the City. Defendants further state that Plaintiffs' assertion that the Ordinance was enacted "despite the above-listed Supreme Court decisions" is a legal conclusion that requires no response.

4. The Ordinance, specifically MCC § 4-144-010 and MCC § 8-20-100, which was effective as of July 12, 2010, also prohibited the operation of any firearm stores or dealers within the City limits by prohibiting the selling or transferring of any firearm, except to police officers or through inheritance (Declaration of R. Joseph Franzese at par. 4; Dkt. #204-3 at p.39).

**RESPONSE:** Undisputed.

5. On June 30, 2010, Franzese (d/b/a SAA) filed Application #7270 with the City of Chicago for a business license to open a gun store. He listed the proposed business address as 415 West Armitage Street, Floor 1, in Chicago, which he had recently seen as advertising for commercial lease. Two days later, he applied for an FFL, listing the Armitage address as the planned business address (Declaration of R. Joseph Franzese at par. 5; Dkt. #204-3 at pp.12-13; City Rule 34 Response Bate Stamp No. 000829, attached hereto as Exhibit "B").

**RESPONSE:** Disputed that Franzese (d/b/a SAA) filed an application with the City on June 30, 2010 because Application No. 7270 was filed on July 2, 2010. *See* Pl.'s Resp. to Defs.' SOF, ¶ 10. Undisputed that Application No. 7270 listed the proposed business address as 415 W. Armitage Street, Floor 1, Chicago, Illinois 60614. Subject to Defendants' preliminary statement above, undisputed that the property at 415 W. Armitage was advertised for commercial lease at the time Franzese submitted Application No. 7270 and that Franzese applied for an FFL at 415 W. Armitage Street two days after filing Application No. 7270 with the City.

6. The Defendants knew of the zoning concern in 2010, and discussed it with the U.S. Department of Justice (City Rule 34 Response Bate Stamp No. 000818-21, attached hereto as Exhibit "C")).

**RESPONSE:** Undisputed.

7. The Defendants also knew in 2010 that Franzese's requested location was advertised commercial (*See* Exhibit "B"; *See also* City Rule 34 Response Bate Stamp No. 000830, attached hereto as Exhibit "D").

3

**RESPONSE:** Undisputed.

8. As of January 31, 2011, the Defendants and the U.S. Department of Justice were still trying to figure out how to deny Franzese's business license application, and the Defendants settled on the gun store ban of MCC § 8-20-100 (City Rule 34 Response Bate Stamp No. 000832-33, attached hereto as Exhibit "E").

**RESPONSE:** Disputed. The cited exhibit does not support this statement. *See also* Pls.' SOF, Ex. G at 842 (indicating that Franzese was informed that the location was not zoned for business use). Furthermore, the language "still trying to figure out" is pejorative, argumentative, and unsupported by the cited document.

9. No one working for, or representing, the City of Chicago ever told Franzese that his Business License application was denied because the Armitage location was not zoned for commercial use. No one working for, or representing, the City of Chicago even told Franzese that the Armitage location was not zoned for commercial use (Declaration of R. Joseph Franzese at par.4; *See also* Defendant's Responses and Objections to Plaintiffs' Supplemental Fed. R. Civ. P. 33 Interrogatories at p.4-5, attached hereto as Exhibit "F"; *See also* correspondence from William Macy Aguiar to David G. Sigale, dated February 8, 2017, attached hereto as Exhibit "G").

**RESPONSE:** Disputed. *See* Pls.' SOF, Ex. G at 842.

10. Franzese never received a written denial for his Business License Application at all from the City of Chicago ("With respect to the denial of Franzese's application for a business license, the City cannot locate any written record that it notified Franzese that his application was denied for failure to meet the zoning requirements…"). The only thing he ever heard was on one of the occasions when he called the City to follow up on his Business License Application, and a woman told him his Application was denied because the City Ordinances do not allow for gun stores, which to his recollection was in approximately October, 2011 (Declaration of R. Joseph Franzese at par.5; *See also* Defendant's Responses and Objections to Plaintiffs' Supplemental Fed. R. Civ. P. 33 Interrogatories at p.4-5 (Exh. "F"); *See also* correspondence from William Macy Aguiar to David G. Sigale, dated February 8, 2017 (Exh. "G")).

**RESPONSE:** Undisputed that the City cannot locate a written record of its denial of Application No. 7270. Subject to Defendants' preliminary statement above, undisputed that Franzese did not receive a written denial from the City of Application No. 7270 and that a City employee informed Franzese that Application No. 7270 was denied because a City ordinance

prohibited the sale of firearms. Disputed that Franzese was not informed that Application No. 7270 was also denied because 415 W. Armitage Street was not zoned for commercial use. *See* Pls.' SOF, Ex. G at 842.

11. Had anyone working for, or representing, the City of Chicago, ever told Franzese that the reason his Business License Application was being denied was because his chosen location was not zoned commercial (which would have been the first he had heard of it), he would have immediately amended the application with a new location, or simply filed a new location (Declaration of R. Joseph Franzese at par.6; See also Defendant's Responses and Objections to Plaintiffs' Supplemental Fed. R. Civ. P. 33 Interrogatories at p.3-4.

**RESPONSE:** Disputed that Franzese was not informed that Application No. 7270 was denied because 415 W. Armitage Street was not zoned for commercial use. *See* Pls.' SOF, Ex. G at 842. Disputed that Franzese would have amended the application or filed a new application with a different location. *See* Pl.'s Resp. to Defs.' SOF ¶ 14 (admitting that Franzese never attempted to submit an application for a different location); Compl. ¶ 22 (stating that Franzese has not submitted an application for a business license or identified a location for a store since the ban on gun stores was lifted in 2014).

12. The only reason Franzese did not do this was because (A.) no one told him the Armitage location was not zoned commercial; (B.) the choice of location was not cited to him as a reason for denial of his Application; and (C.) given the City gun store ban Ordinance, it would not have mattered what location he had chosen to list on his Application, as the Application would have been denied because of the gun store ban, which was the reason he was orally given (Declaration of R. Joseph Franzese at par.7; *See also* Defendant's Responses and Objections to Plaintiffs' Supplemental Fed. R. Civ. P. 33 Interrogatories at p.4-5; *See also* correspondence from William Macy Aguiar to David G. Sigale, dated February 8, 2017).

**RESPONSE:** Disputed that Franzese was not informed that Application No. 7270 was denied because 415 W. Armitage Street was not zoned for commercial use or that he was not told that 415 W. Armitage Street was not zoned for commercial use. *See* Pls.' SOF, Ex. G at 842.

13. Because Franzese was not going to be able to obtain a Business License for the SAA gun store, his FFL application was also denied on or about June 26, 2012 (Declaration of R. Joseph Franzese at par.8).

**RESPONSE:** Disputed. The cited evidence does not support the statement because Franzese lacks any personal knowledge of the basis for the denial of his FFL application, and his statement therefore lacks any foundation.

Date: June 9, 2017  Respectfully submitted,

EDWARD N. SISKEL,
Corporation Counsel of the City of Chicago

By:  /s/ William Macy Aguiar
 Senior Counsel

William Macy Aguiar
David M. Baron
Ellen McLaughlin
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7686 / 744-9018 / 742-5147

*Attorneys for Defendants*