IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 10 C 4257 |
| | ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY SCHEDULE**

Defendants (the "City") oppose Plaintiffs' motion for extension of the discovery schedule in part. Defendants request that the Court reopen fact discovery for the limited purpose of allowing depositions noticed prior to the fact discovery cutoff to be completed, and otherwise deny the motion. The untimeliness of Plaintiffs' motion (Dkt. 228), their apparent disregard for the Court's prior scheduling order (Dkt. 227), and their failure to identify any good cause for an extension of time in their motion (Dkt. 288) provide an adequate basis to deny the requested extensions. At a minimum, however, Plaintiffs should not be permitted to reopen fact discovery to take the depositions of any witnesses under Federal Rule of Civil Procedure 30(b)(6), which were not noticed prior to the agreed oral fact discovery cutoff, and the possibility of which Plaintiffs raise for the first time in their untimely extension request.

There are only two remaining claims in this case, which dates from July 2010: (1) Plaintiffs' claim under Count I of their Fourth Amended Complaint for lost profits allegedly resulting from the City's prior restrictions on the sale of firearms within City limits; and (2) Plaintiffs' constitutional challenge to the City's restrictions on the sale and possession of laser sighting devices. In November 2017, the parties proposed an agreed scheduling order for

1

discovery concerning these remaining claims, and the Court entered the Agreed Scheduling Order on December 6, 2017 (Dkt. 227). Under that order, oral fact discovery related to the remaining claims closed on April 2, 2018, and any expert disclosures from Plaintiffs were due by April 30, 2018.

In compliance with that schedule, the City timely noticed the depositions of the two remaining named Plaintiffs, Franzese (d/b/a Second Amendment Arms) and Kole, and also issued third-party subpoenas for documents and depositions of two individuals identified as persons with knowledge in Plaintiffs' interrogatory responses. (*See* Notices of Depositions and Affidavits of Service for Subpoenas attached as Exhibit A.) Plaintiffs' counsel informed the City that he would represent the third-party witnesses at their depositions and in document production. Notices/subpoenas for these depositions were all issued in mid-February for depositions to occur in mid-March, well in advance of the discovery cutoff.

Plaintiffs' counsel eventually produced Plaintiff Franzese for a deposition on April 11, 2018, but he has yet to identify any deposition dates for either Plaintiff Kole or the two third-party witnesses, despite multiple requests from the City. Indeed, he has not even confirmed that he has been able to contact Plaintiff Kole. Nor did Plaintiffs' counsel respond to the City's document subpoenas, despite representing to the City that he would be representing the third parties issued the subpoenas. And although the City reminded Plaintiffs' counsel that the oral fact discovery cutoff—to which he had expressly agreed—was approaching, Plaintiffs' counsel never issued any notices of deposition to the City, and certainly no Rule 30(b)(6) notice.

Despite the fact this case is nearly eight years old, Plaintiffs have shown no urgency in advancing their claims. They have had over two months to confirm dates for the depositions the City has noticed but have yet to do so. They had even longer to issue notices of deposition to the

City but instead waited until nearly a month after the close of fact discovery to mention for the first time the *possibility* of a Rule 30(b)(6) deposition. And Plaintiffs have known since the Court's summary judgment ruling in August 2017 that they would need expert testimony to substantiate their claims, but waited until after the close of business on the day of the expert disclosure deadline to request a two-month extension. Plaintiffs maintain that their motion is not filed for dilatory purposes, but their lack of responsiveness and compliance with the Court's schedule thus far provides little reason for hope that an extended schedule will result in the completion of discovery in the near future.

      The City does not oppose a limited extension of the discovery schedule to allow for completion of the depositions that the City noticed prior to the fact discovery cutoff, though the City is still waiting for Plaintiffs' counsel to confirm dates for those depositions. But opening the door a month after the close of fact discovery for an as-yet-unnoticed Rule 30(b)(6) deposition would only prejudice the City and further delay this aging case. The City therefore urges the Court to deny Plaintiffs' motion for an extension in part.

Date: May 7, 2018                              Respectfully submitted,

                                                    Edward N. Siskel
                                                    Corporation Counsel of the City of Chicago

                                       By:     /s/Justin Tresnowski
                                                   Assistant Corporation Counsel

Thomas P. McNulty
Ellen W. McLaughlin
Justin Tresnowski
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 742-0307
Attorneys for Defendants

3