IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 10 C 4257 |
| | ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO TAKE PLAINTIFF TONY KOLE'S DEPOSITION**

Defendant City of Chicago (the "City"), by its attorney, Edward N. Siskel, Corporation Counsel for the City of Chicago, respectfully moves for leave to take Plaintiff Tony Kole's deposition at a date later than the deadline set by this Court for the completion of fact discovery. In addition, the City requests that the Court order Plaintiff Kole to appear for the deposition on the date agreed to by the parties or else have his claims dismissed with prejudice for want of prosecution. In support of this motion, Defendant states as follows:

1.  On December 6, 2017, this Court entered an agreed scheduling order, which, among other things, ordered the close of all fact discovery on April 2, 2018 and set a due date of April 30, 2018 for Plaintiffs' expert disclosures. (Dkt. 227.) On April 30, 2018, Plaintiffs filed a motion for extension of time to complete discovery. (Dkt. 228.) At the time the motion was filed, Plaintiffs had not disclosed an expert witness or submitted any expert report. And despite the fact that counsel for the City issued deposition notices or subpoenas in mid-February for mid-March depositions of the remaining Plaintiffs and two third-party witnesses, only one deposition had been taken, and Plaintiff's counsel had yet to identify dates for scheduling the other

1

depositions. The City opposed the motion for extension, in part, for lack of good cause and because it was untimely. (Dkt. 232.)

2. The Court granted Plaintiffs' motion over the City's objection on May 9, 2018 and set a new deadline, July 13, 2018, for the close of fact discovery and for Plaintiffs' expert disclosures. (Dkt. 227.) The Court stated that the extension "should be considered a final extension and there will be no further extension of this deadline absent good cause shown." (*Id.*) Despite the City's efforts to schedule and complete all three depositions it had previously noticed, Plaintiff Kole was not produced for his deposition prior to the July 13 fact discovery cutoff. Nor did Plaintiffs produce any Rule 26(a)(2) expert witness disclosures by the Court's July 13 deadline. As the City noted in its response to Plaintiffs' motion for an extension, Plaintiffs' "lack of responsiveness and compliance with the Court's schedule thus far provides little reason for hope" that Plaintiffs would comply with a new schedule. (Dkt. 232 at 3.) The City now reluctantly reports that its lack of hope appears to have been justified.

3. Counsel for the City initiated the process of scheduling the outstanding depositions on the day the Court granted Plaintiff's motion for an extension. (*See* 5/9/18 Email from J. Tresnowski to D. Sigale in Email Chain, attached as Exhibit 1.) Plaintiff's counsel responded one week later, providing dates when *one* of the third-party witnesses (LaJoy) was available. (*See* 5/17/18 Email from D. Sigale to. J.Tresnowski, Ex.1.) After confirming a date for LaJoy's deposition, counsel for the City again requested dates for the depositions of Plaintiff Kole and the remaining third-party witness (Tapkowski). (*See* 5/17/18 Email from J. Tresnowski to D. Sigale, Ex.1 .) Four days later, Plaintiff's counsel provided available dates for the remaining third-party witness (Tapkowski). (*See* 5/21/18 Email from D. Sigale to J. Tresnowski, Ex. 1.)

3. On June 12, 2018 Plaintiff's counsel finally offered two dates in July, approximately one week before the close of fact discovery, when Plaintiff Kole would be available for deposition. (*See* 6/12/18 Email from D. Sigale to J. Tresnowski in Second Email Chain, attached as Exhibit 2.) The parties agreed to schedule the deposition for July 6, 2018 at 3:00 p.m. At approximately 12:30 p.m. on July 6, Plaintiffs' counsel informed the City that Plaintiff Kole's car had broken down and that he would be unable to make the scheduled deposition.

4. On July 9, 2018, counsel for the City emailed Plaintiffs' counsel and proposed two dates prior to the close of fact discovery when counsel could take Plaintiff Kole's deposition, presuming that Kole was still available only at 3:00 p.m. or later due to his employment schedule. (*See* 7/9/18 Email from J. Tresnowski to D. Sigale in Third Email Chain, attached as Exhibit 3.) Plaintiff's counsel did not respond until the day before the close of fact discovery, stating that neither of the proposed dates would have worked and proposing two dates in early August. (*See* 7/12/18 Email from David Sigale in Third Email Chain.)

5. Counsel for the City are available to take Plaintiff Kole's deposition on the proposed dates in early August and respectfully requests the Court's leave to do so. The City respectfully submits that it has good cause for taking the deposition subsequent to the close of fact discovery: The City is entitled to take Kole's deposition because he is a plaintiff in this case and has been identified as an individual with knowledge of facts relating to all counts. (*See* Pls.' Answers to Defs.' Third Set of Interrogatories ¶ 2, attached as Exhibit 4.) And despite its repeated efforts to schedule the deposition, the City has been unable to do so through no fault of its own, and would be substantially prejudiced if the case were to proceed without Plaintiff Kole's deposition being taken.

6. By requesting leave to take Plaintiff Kole's deposition after the close of fact discovery, the City does not in any way consent to otherwise reopening fact discovery or altering other deadlines the Court has imposed. And there would be no basis for doing so: Plaintiff Kole received a notice of deposition in February 2018 and has not provided any valid excuse or justification for failing to make himself available for that deposition prior to the close of fact discovery. Plaintiffs should not be entitled to additional time to complete their discovery because they hindered and delayed Defendants' discovery efforts.

7. In addition, given the difficulty the City has encountered in trying to secure Plaintiff Kole's appearance for deposition, the City respectfully requests that the Court order Plaintiff Kole to appear at his deposition at the agreed-upon date and time or else have his case dismissed with prejudice for want of prosecution. *See Cox v. Mittal*, No. 2:13-CV-81 RLM, 2015 WL 274167, at *4 (N.D. Ind. Jan. 22, 2015) ("[Plaintiff's] clear record of delay, his non-compliance with discovery deadlines, and his failure to cooperate with efforts to schedule his deposition warrant dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).").

WHEREFORE, the City respectfully requests leave to take the deposition of Plaintiff Tony Kole on August 1 or 2, 2018, and that Plaintiff Kole be ordered to appear for his deposition at the agreed-upon date and time or else subject his case to dismissal with prejudice.

Date: July 20, 2018

Respectfully submitted,

EDWARD N. SISKEL
Corporation Counsel of the City of Chicago

By: \_\_\_\_/s/Justin Tresnowski_____
      Assistant Corporation Counsel

4

Thomas P. McNulty
Justin Tresnowski
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 742-0307 / 744-4216
Attorneys for Defendants