Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, ROBERT M. ZIEMAN, SR., ICARRY, an unincorporated Association (and d/b/a of Shaun Kranish), SHAUN KRANISH, individually and d/b/a ICARRY, and TONY KOLE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, a municipal corporation, RAHM EMANUEL, in his official capacity as Mayor of the City of Chicago, GARRY McCARTHY, Superintendent of Police of the City of Chicago, and SUSANA MENDOZA, City Clerk of the City of Chicago,<br><br>Defendants. | Case No: 1:10-CV-4257<br><br>Hon. Robert M. Dow, Jr.<br>U.S. District Court Judge<br><br>Hon. Sheila M. Finnegan<br>U.S. Magistrate Judge |

## **PLAINTIFFS' ANSWERS TO DEFENDANTS' THIRD SET OF INTERROGATORIES TO PLAINTIFFS**

TO: William Aguiar, Esq.
City of Chicago Department of Law
30 North LaSalle Street, Suite 1230
Chicago, IL 60602

Plaintiffs, by and through their attorneys, and for their Answers to the Third Set of Interrogatories to Plaintiffs, state as follows:

1. Identify all persons who answered, or assisted in answering, these interrogatories.

**ANSWER:** Joseph R. Franzese, 561 N. Triumph Court, Hainesville, IL 60073.

2. Identify all persons who have knowledge of the facts alleged in the Complaint, and specifically, identify which facts each person has knowledge of.

**ANSWER:** Joseph R. Franzese, facts relating to all Counts; Tony Kole, facts relating to all Counts; Joseph LaJoy, 123 Christopher Way, Fox Lake, IL 60020, facts related to all Counts; Roman Tapkowski, P.O. 951, Antioch, Illinois, facts relating to all Counts.

As-yet unidentified persons from BAFTE and the City of Chicago who sent the e-mails, and had the communications referenced in said e-mails, that were previously-disclosed to Defendant, have facts regarding Franzese/SAA's efforts to obtain a Chicago business license and an FFL.

3. Identify all witnesses, including any expert witnesses, you will or may call at the trial in this matter, and describe the substance of the testimony.

**ANSWER:**

1. R. Joseph Franzese, 561 N. Triumph Ct., Hainesville, IL 60073, Desire to open gun store in Chicago and sell firearms and firearm accessories (including laser sights), as well as offering gunsmithing and classes (per Franzese's business plan), experiences with laser sights, experience in the gun store business;

2. Tony Kole, 1232 South Candlestick Way, Waukegan, IL 60085; desire to purchase laser sight in Chicago, experiences with laser sights, experience in the gun store business;

3. Joseph LaJoy, 123 Christopher Way, Fox Lake, IL 60020, experience with firearms, in gun sales and smithing business, experience working with Franzese and planned involvement with SAA, knowledge regarding laser sights;

4. Roman Tapkowski, P.O. 951, Antioch, Illinois; experience with firearms, in firearm education and training, experience working with Franzese and planned involvement with SAA, knowledge regarding laser sights;

5. Harry L. McCabe, III, of BAFTE, Industry Operations, 525 West Van Buren Street, 6th Floor, Chicago, IL 60607 and/or at Downers Grove Field Office;

6. Christy Cernkovic of BAFTE, Industry Operations, 525 West Van Buren Street, 6th Floor, Chicago, IL 60607 and/or at Downers Grove Field Office;

7. Denise _____ of BAFTE, Industry Operations, 525 West Van Buren Street, 6th Floor, Chicago, IL 60607 and/or at Downers Grove Field Office;

8. Nick Scouffas formerly of BAFTE, now at the National Shooting Sports Foundation, 11 Mile Hill Road, Newtown, CT 06470.

9. The as-yet unidentified person (Industry Operations Investigator, Downers Grove III Field Office) who wrote the previously-disclosed September 9, 2010 e-mail from BAFTE to City of Chicago, and who also took the previously-disclosed photos attached to said e-mail.

10. The as-yet unidentified Director of Industry Operations (during the relevant time period) from the BAFTE Chicago Field Division at 525 West Van Buren Street, Suite 600, Chicago, IL 60607.

11. W.J. Fitzgerald, DIO of BAFTE;

12. The person most knowledgeable at BAFTE about Franzese's efforts to obtain an FFL and approval of a Chicago business license for his planned gun store.

13. The person most knowledgeable at the City of Chicago regarding Franzese's application and efforts to obtain a Chicago business license and BAFTE issuance of an FFL for his planned gun store.

Witnesses 5-13 are expected to testify regarding communications with Franzese and with the City of Chicago regarding Franzese's application for, and efforts to obtain, a Chicago business license for a gun store and an FFL, including the reasons for the denial of said application.

14. Any person who communicated from either the City of Chicago or BAFTE in the previously-disclosed FOIA-released e-mail disclosures, previously sent to Defendant's attorneys, may testify regarding the contents of said e-mails.

15. The person most knowledgeable from the National Shooting Sports Foundation who wrote the Customized Market Report will testify regarding all facts and opinions contained in said Report.

Further expert witnesses will be timely disclosed at a future date.


4. Identify and describe all stores selling or vending firearms or firearms accessories operated in whole or in part by any Plaintiff, any entity in which any Plaintiff has or had an interest, or any entity that is or was a member of any Plaintiff, including the name of each store, its location, and the length of time in operation.

**ANSWER:** Objection, vagueness and ambiguity as to undefined term "vending" of firearms, and how said term differs from "selling" firearms. Over said objection, and without waiving same:

R. Jospeh Franzese – owner of Second Amendment Arms, approximately 2009-2013, Lake Villa, IL, previously in unincorporated Deerfield.

R. Jospeh Franzese – independent contractor at LaJoy Precision, Inc., 123 Christopher Way, Fox Lake, IL 60020, from 2014 - present.

Tony Kole – Ghost Industries, LLC, located at 7601 W. Montrose Ave, Ste. 2, Norridge, IL 60706, from 2011-2015.

5. Identify and describe all firearms vending activities offered by any Plaintiff, or any entity that is or was owned by any Plaintiff, including the location(s) where such activities have been offered or taken place, the business or other name under which the activities have been offered, and the length of time such activities have been offered.

**ANSWER:** Objection, vagueness and ambiguity as to the undefined "firearm vending activities." Over said objection, and without waiving same, the above-referenced persons sold firearms and firearm accessories, from their businesses. LaJoy also performs gunsmithing services and has multiple certifications in this field.

6. Identify all damages or lost profits you have suffered or continue to suffer from your inability to open a gun store in the City or otherwise sell firearms under the City's now-

repealed 2010 Ordinance restricting the sales of firearms within the City and describe how such damages or lost profits were calculated.

**ANSWER:** Plaintiff Franzese/SAA projected, for the first six months of business beginning from the attempted opening in 2010, $20,000.00-30,000.00/week in gross revenue from sales, classes, gunsmithing, and range fees. For the following six months, Franzese/SAA projected $40,000.00/week in gross revenue for the next six months by adding classes. Over the following four years, through 2015, gross revenues were projected to increase to $100,000.00/week. This projected incremental growth through the end of 2015 would have resulted in $29,420,000.00 in gross revenues during that timeframe.

7. Identify all facts related to your allegation that laser sighting devices are typically possessed by law-abiding citizens for lawful purposes.

**ANSWER:** They are useful for improving aim, and also for intimidation that can defuse the need to actually fire a firearm. According to one source, Crimson Trace has sold more than two million laser sights as of January, 2015, and at that time it was estimated that between 10-15% of all handguns had laser sights. *See* http://www.cnbc.com/2015/01/22/gun-accessory-maker-lazy-retail-holds-us-back.html. Some handguns come with Crimson Trace laser sights pre-installed (*e.g.* the Smith & Wesson "Bodyguard Series .380s and .38s, as well as some Browning Buckmark series, and the Highpoint rifle series 9mm and .40 caliber rifles). They are also federally regulated (21 C.F.R. 1040.10). In contrast, Plaintiffs are aware of no statistics that show any significant increase in crime attributable to laser sights.

8. Identify all laser sight accessories that are used, are usable, or have been used on a firearm owned or possessed by any Plaintiff.

**ANSWER:** Plaintiff Franzese possesses a LaserMax laser sight as part of his Glock .40 pistol, and LaserPro laser sight bolted onto his AR-15 rifle. Plaintiff Kole has a Sig Sauer P220 combat pistol, a Sig Sauer P220 carry pistol and a Sig Sauer P226 combat pistol which have all at various times had a Streamlight TLR-2 Tactical Illuminator laser sight mounted on them.

9. Identify all facts supporting your allegation that laser sighting devices are designed to, and actually do, increase the practical accuracy of a firearm for defensive use.

**ANSWER:** See Plaintiff's Answer to Interrogatory No. 7.

10. Identify every trigger lock, barrel lock, or other mechanism (other than a firearm safety mechanism) designed to render a firearm temporarily inoperable that is used, is usable, or has been used on a firearm owned or possessed by any Plaintiff.

**ANSWER:** Objection as irrelevant, given the dismissal of Count IV from the pending Fourth Amended Complaint.

11. Identify every firearm case, locked box, or other container that is used, is usable, or has been used on a firearm owned or possessed by any Plaintiff.

**ANSWER:** Objection as irrelevant, given the dismissal of Count IV from the pending Fourth Amended Complaint.

12. Identify all facts supporting your allegation that the requirements of MCC 8-20-050 make it impracticable and/or impossible for Zieman and/or other citizens to use a firearm for self-defense purposes.

**ANSWER:** Objection as irrelevant, given the dismissal of Count IV from the pending Fourth Amended Complaint and the dismissal of Robert Zieman as a Plaintiff in this matter.

13. Identify any studies, reports, articles, or other written works related to the claims contained in Counts I, III, IV, and VI.

**ANSWER:** Objection as irrelevant insofar as the Interrogatory is directed at Count IV, which has been dismissed form the pending Fourth Amended Complaint.

_____
Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com

## VERIFICATION BY CERTIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the ____ day of August, 2016, at _____, Illinois.

_____
R. Joseph Franzese

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com