IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS, | ) | |
| R. JOSEPH FRANZESE, individually | ) | |
| and d/b/a SECOND AMENDMENT | ) | |
| ARMS, and TONY KOLE | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 10 C 4257 |
| | ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, | ) | Magistrate Judge Sheila M. Finnegan |
| RAHM EMANUEL, EDDIE JOHNSON, | ) | |
| and ANNA M. VALENCIA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF
DISCOVERY SCHEDULE TO DISCLOSE SUBSTITUTE EXPERT**

Defendants oppose Plaintiffs' most recent request to extend the discovery schedule. In

May of this year, the Court granted a prior motion for an extension, over Defendants' objection,

but admonished the parties that the extension "should be considered a final extension and there

will be no further extensions of this deadline absent good cause shown." Dkt. 235. And indeed,

under the Federal Rules of Civil Procedure, a scheduling order may not be modified without

good cause. *See* Fed. R. Civ. P. 16(b)(4). Plaintiffs' motion, however, provides no good cause

for further delaying this case, and the motion should therefore be denied.

**FACTUAL BACKGROUND**

As the Court is well aware, this is an old case: the complaint was filed more than eight

years ago. But Defendants need only recount the recent history of this litigation to explain their

opposition to yet-another request for a discovery extension. In August 2017, the Court ruled on

Defendants' motion for summary judgment, concluding that Plaintiffs Franzese and Second

1

Amendment Arms had standing to proceed on a claim for monetary damages resulting from the profits Plaintiffs allegedly lost by virtue of the City's prior prohibition on retail gun stores. *See* Dkt. 219. In November 2017, the parties submitted a joint status report, which included a proposed discovery schedule. *See* Dkt. 225. The Court adopted a modified version of that schedule and entered an agreed scheduling order in December 2017. *See* Dkt. 227. That order, among other things, set a fact discovery deadline of April 2, 2018 and a deadline of April 30, 2018 for Plaintiffs' expert disclosures. *Id.*

On the evening of the April 30 deadline, at which point Plaintiffs had not disclosed any expert and had produced only one of four fact witnesses noticed for deposition, Plaintiffs moved for an extension. *See* Dkt. 228. Defendants objected to the request in part and noted in their response that Plaintiffs had failed to provide good cause for their discovery delays, Dkt. 233, but the Court issued the above-referenced "final extension" over Defendants' objection. Dkt. 235. The extended deadline for fact discovery and Plaintiffs' expert disclosures (July 13) then came and went without Plaintiffs producing all of their four fact witnesses for deposition or disclosing the opinions of any expert. Defendants moved for a limited extension of fact discovery to allow for the remaining witness's deposition to be taken but argued that there would be no basis for extending the expert disclosure deadline. *See* Dkt. 236. At the hearing on Defendants' motion on July 25, 2018, the Court granted a limited extension of fact discovery but also permitted Plaintiffs to disclose their expert's opinions after the deadline had passed, based on Plaintiffs' representation that they would do so later that day.

Near the close of business that day, Plaintiffs did tender a report from a purported expert named Miles Hall concerning the lost profits Plaintiff Second Amendment Arms allegedly suffered. Mr. Hall was also disclosed as an expert in an another case in this district where the

2

plaintiff, also represented by Plaintiffs' counsel in this case, similarly sought damages for lost profits allegedly resulting from a municipality's ban on firearm sales. *See Kole v. Vill. of Norridge*, Case No. 11 C 3871 (N.D. Ill) (Durkin, J.). Though designated as an expert capable of conducting a profit analysis of a small business, Hall has no training as an accountant or economist, and indeed has no graduate or undergraduate degree of any kind. His reports submitted in this case and in *Kole* are strikingly similar, and both contain basic accounting (and even computational) errors, rely on unfounded and unexplained assumptions, and bear only a tenuous connection to the facts of the respective cases. In this case, the parties proposed an agreed scheduling order, which the Court entered on September 13, 2018. Dkt. 239. To accommodate Plaintiffs' counsel's schedule, the parties set a deadline of November 21, 2018 for Defendants to take Hall's deposition. *Id.* Yet despite multiple requests from Defendants in September and October 2018, Plaintiffs provided no dates when Hall would be available to be deposed.

Meanwhile, in *Kole*, the defendant municipality moved to exclude Hall as an expert witness, *see* Mem. of Law in Supp. of Def.'s Mot. to Excl. Pl.'s Expert's Testimony and Opinions in *Kole* and Exhibit A thereto (attached hereto as Exhibit A), and the court set a *Daubert* hearing for the morning of October 25, 2018, *see Kole* Dkt. 281. On that day, after the scheduled time for the *Daubert* hearing concerning Hall, Plaintiffs' counsel finally contacted Defendants' counsel by telephone but only to inform Defendants that Hall would no longer be testifying in this case. Defendants sent a letter requesting the reason for Hall's withdrawal as a witness, but Plaintiffs did not respond, and instead filed their latest motion for an extension of discovery. The *Kole* docket shows that the court and parties held a settlement conference on the day of the scheduled *Daubert* hearing, and the parties announced the following day that a

3

settlement had been reached.  *See Kole* Dkt. 296–97.

## ARGUMENT

Plaintiffs fail to provide good cause for revisiting their expert disclosure deadline (which was originally set for April 2018).  The only reason Plaintiffs offer for withdrawing Hall as an expert in favor of an unidentified "substitute" or "alternate damages expert" is that they did so "[u]pon further review of [their first] expert's submitted opinions in this matter, and upon a simultaneous breakdown in professional relations with [that] expert."  Dkt. 40 ¶ 3.  But a deadline for expert disclosures is not a provisional deadline, whereby a party can designate a placeholder expert until it later comes across a superior "substitute."  Plaintiffs have had over a year to retain a qualified damages expert who could offer an opinion in this case and to "review" that expert's opinions before submitting his report; indeed, Plaintiffs have had three months to review Mr. Hall's opinions even since his report was disclosed.  It is not as though there is a shortage of accountants, economists, or other financial experts capable of estimating a small business's profits over the course of a defined, reasonably short, period of time that would justify a prolonged expert disclosure schedule here.  While it may be difficult to find an expert willing to estimate lost profits for an entity, like Second Amendment Arms, that had not secured a viable location for its business, had not begun the process of securing financing, and had little in the way of a concrete plan's for its business operations, those are problems with the merits of Plaintiffs' claim, and not a basis for granting yet another extension for Plaintiffs to continue searching for a damages expert.

Plaintiffs claim now that they have found another unidentified expert who can offer a damages opinion in this case, but based on the record here, there is no assurance that this purported expert will actually produce a report by whatever deadline is set or that Plaintiffs will

continue to offer him as an expert after he is deposed or following a *Daubert* motion. Plaintiffs

already had their opportunity to disclose the opinions of a damages expert. After many months

and multiple deadline extensions, they did so. Having failed to show good cause for any further

extension, Plaintiffs should either defend the opinions of the expert they initially designated or

proceed without the benefit of expert testimony on this issue. If the Court decides, however, to

grant Plaintiffs yet another extension, Defendants request that the Court enter an order requiring

Plaintiffs to compensate Defendants for all reasonable costs incurred in the review of Mr. Hall's

report and in preparation for his deposition. Plaintiffs themselves recognize that compensation

for those costs is appropriate. *See* Dkt. 240 ¶ 5.

**CONCLUSION**

For the reasons stated above, Defendants request that the Court deny Plaintiffs' Motion

for Extension of Discovery Schedule to Disclose Damages Expert.

Date:   November 9, 2018                              Respectfully submitted,


                                                     Edward N. Siskel
                                                     Corporation Counsel of the City of Chicago

                                                     By:     /s/Justin Tresnowski_____
                                                             Assistant Corporation Counsel


Thomas P. McNulty
Justin Tresnowski
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 742-0307 / 744-4216
Attorneys for Defendants

5
