IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT ARMS, | ) | |
| R. JOSEPH FRANZESE, individually | ) | |
| and d/b/a SECOND AMENDMENT | ) | |
| ARMS, and TONY KOLE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 10 C 4257 |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Robert M. Dow, Jr. |
| LORI LIGHTFOOT, | ) | |
| EDDIE JOHNSON, | ) | |
| and ANNA VALENCIA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION (1) FOR SUMMARY JUDGMENT AND (2) TO EXCLUDE THE TESTIMONY OF ROBERT SOUTHWICK**

Defendants City of Chicago (the "City"), Mayor Lori Lightfoot, Superintendent of Police Eddie Johnson, and City Clerk Anna Valencia (collectively, "Defendants"), by their attorney, Mark A. Flessner, Corporation Counsel for the City of Chicago, respectfully move (1) for judgment in their favor on the remaining counts in Plaintiffs' Fourth Amended Complaint, pursuant to Federal Rule of Civil Procedure 56, and (2) to exclude the proposed testimony of Plaintiffs' expert Robert Southwick, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In support of this motion, Defendants state as follows:

1. On July 2, 2010, the City Council enacted an ordinance prohibiting the sale of firearms within Chicago (the "2010 Ordinance"). SUMF ¶ 8. When this case was first brought, the thrust of the Complaint was a Second Amendment challenge to that gun store ban. That aspect of the complaint became moot, however, when City repealed the ban on June 25, 2014

1

and enacted a new ordinance (the 2014 Ordinance) that permits the sale of firearms subject to certain restrictions. *Id.* ¶ 9. Now two claims remain. The first claim (Count I), asserted by Plaintiffs R. Joseph Franzese and his "doing business as" company, Second Amendment Arms ("SAA"), is for lost profits they allegedly would have earned but for the gun store ban. Franzese maintains that he would have opened up five firearm retail stores between 2010 and 2014 and that his operation of the store during that period would have netted over one million dollars in profits. The second claim (Count III) is Plaintiff Tony Kole's Second Amendment challenge to the City's restriction on the sale, purchase, and possession of laser-sight accessories to firearms, a restriction that dates back to a 1999 ordinance.

2. Neither of Plaintiffs' two remaining claims in this case can survive summary judgment.[1] Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (internal quotation marks omitted). Though courts must construe all facts in favor of the non-moving party, "[i]nferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004).

3. Plaintiffs' claim for lost profits (Count I) in this case fails as a matter of law because Plaintiffs offer nothing more than speculation to support their claim that Franzese would have opened and operated five profitable gun stores within the City of Chicago. And it is well established that "damages may not be awarded on the basis of speculation and conjecture."

---

[1] Count VII of the Complaint, which is duplicative of Counts I and II to the extent it asserts a claim at all, fails for the reasons Counts I and III fail.

*Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 521 (7th Cir. 2011); *see also Boyd v. Tornier, Inc.*, 656 F.3d 487, 496 (7th Cir. 2011). Because Franzese's hypothetical Chicago enterprise would be a new business, he has no historical track record of success that would allow a finder of fact to determine how profitable his business might be or whether it would be profitable at all. For this reason, new businesses like Franzese's hypothetical firearm oprreation are generally barred from recovering lost profits. *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 633 (7th Cir. 2007).

4. But even if Plaintiffs' lost profits claim were not barred because the hypothetical SAA operation would be a new business, the claim would still fail because, as discussed more fully in Defendants' memorandum, Plaintiffs' assertion that Franzese would have opened and operated five profitable gun stores relies upon multiple layers of speculation. Plaintiffs therefore offer no sound basis for "capitalizing fantasized earnings into a huge present value sought as damages." *MindGames, Inc. v. W. Pub. Co.*, 218 F.3d 652, 658 (7th Cir. 2000).

5. And Plaintiffs' reliance on the testimony of their expert, Mr. Robert Southwick, cannot substantiate their lost profits claim because his testimony, as well, rests on speculative assumptions. In particular, Southwick simply assumes that Franzese would have opened five stores in Chicago, that they would have been profitable, and that they would have been as profitable as an "average" firearm retail store. Testimony based on speculative assumptions is insufficient to support a lost profits claim; it is also not reliable expert testimony under Federal Rule of Evidence 702. *See, e.g.*, *See, e.g.*, *Target Mkt. Pub., Inc. v. ADVO, Inc.*, 136 F.3d 1139, 1144 (7th Cir. 1998); *Zimmer, Inc. v. Stryker Corp.*, No. 3:14-CV-152 JD, 2018 WL 276324, at *1 (N.D. Ind. Jan. 3, 2018); *Larson v. Wisconsin Cent. Ltd.*, No. 10-C-446, 2012 WL 359665, at *2. Southwick's testimony is therefore inadmissible and should be excluded.

6. Because Plaintiffs lack sufficient evidence to support their claim for damages, the Court should grant summary judgment for Defendants on Count I.[2]

7. Plaintiff Kole's challenge to the City's restriction on the sale, purchase, and possession of laser sights (Count III) fails for the simple reason that the Second Amendment does not apply to firearm accessories. *See United States v. Cox*, 906 F.3d 1170, 1186 (10th Cir. 2018) (holding that a gun silencer is not covered by the Second Amendment at all because it is an accessory, not an arm), *cert. denied*, (June 10, 2019), and *cert. denied sub nom. Kettler v. United States* (June 10, 2019). The Second Amendment, by its text, protects the right to bear arms, not accessories to arms. And Kole admits that a laser sight is an "accessory . . . not a fundamental part of the design of a firearm." SUMF ¶ 33. Thus Count III fails as a matter of law.

8. But even if the Second Amendment applied, the Laser Sight Ordinance would still be constitutional. The ordinance does not ban any "weapons that were common at the time of [the Amendment's] ratification or those that have some reasonable relationship to the preservation or efficiency of a well regulated militia," and a restriction on a non-essential firearm accessory allows "law-abiding citizens [to] retain adequate means of self-defense." *Friedman v. City of Highland Park*, 784 F.3d 406, 410 (7th Cir. 2015). Moreover, the ordinance serves important governmental objectives because restricting laser sights provides the "substantial benefit" of tending to "increase the public's sense of safety." *Id.* at 411.

**WHEREFORE**, and for the reasons stated in Defendants' memorandum in support,

---

[2] For purposes of this motion, it is unnecessary to address the constitutionality of the City's 2010 gun ban in connection with Count I. To the extent Plaintiffs seek declaratory or injunctive relief under that count, their claims are moot because the ban has been repealed. *See Shepard v. Madigan*, 734 F.3d 748, 750 (7th Cir. 2013) ("A case challenging a statute's validity normally becomes moot if the statute is repealed or invalidated."). And Plaintiffs' claim for damages fails for the reasons discussed in this motion and in the attached memorandum. There is therefore no reason for Defendants or for the Court to dive into the thorny Second Amendment issues presented by the now-repealed ban.

Defendants respectfully request that the Court grant judgment on Plaintiffs' Fourth Amended Complaint in favor of Defendants, pursuant to Federal Rule of Civil Procedure 56, and grant Defendants such further relief as the Court deems just and appropriate.

Date: July 12, 2019 Respectfully submitted,

MARK A. FLESSNER
Corporation Counsel of the City of Chicago

By: /s/ Justin Tresnowski
Assistant Corporation Counsel

Thomas P. McNulty
Justin Tresnowski
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 742-0307 / 744-4216
Attorneys for Defendants