M

(Published by the Authority of the City Council of the City of Chicago)

**COPY**



# JOURNAL of the PROCEEDINGS
## of the
## CITY COUNCIL
## of the
## CITY of CHICAGO, ILLINOIS

---

Regular Meeting -- Wednesday, March 10, 1999

at 10:00 A.M.

(Council Chambers -- City Hall -- Chicago, Illinois)

---

**OFFICIAL RECORD.**

**VOLUME II**

**RICHARD M. DALEY**
**Mayor**

**JAMES J. LASKI**
**City Clerk**

Case: 1:10-cv-04257 Document #: 254-13 Filed: 07/12/19 Page 3 of 8 PageID #:3489

Alderman Natarus moved to reconsider the foregoing vote. The motion was lost.

The following is said order as passed:

### Old Town Art Fair.

Ordered, That the Director of the Department of Revenue issue, free of charge, the Itinerant Merchant and Food Vendor Licenses to all participants in the Old Town Art Fair, sponsored by the Old Town Triangle Association of 1763 West North Avenue, to be held on North North Park Avenue, between West Willow Street and West Menomonee Street; West Menomonee Street, between North Wells Street and North Sedgwick Street; North Lincoln Park West, between West Menomonee Street and North Lincoln Avenue; West Wisconsin Street, between North Sedgwick Street and North Lincoln Avenue; North Orleans Street, between West Menomonee Street and West Wisconsin Street; and West Willow Street in front of 244, for the period of June 12 and 13, 1999, during the hours of 6:00 A.M. and 9:30 P.M., each day.

---

## COMMITTEE ON POLICE AND FIRE.

---

## AMENDMENT OF TITLE 8, CHAPTER 20 OF MUNICIPAL CODE OF CHICAGO BY INCLUSION OF DEFINITION OF AND RESTRICTIONS ON LASER SIGHT ACCESSORIES.

The Committee on Police and Fire submitted the following report:

CHICAGO, March 10, 1999.

To the President and Members of the City Council:

Your Committee on Police and Fire held a meeting on Tuesday, March 9, 1999 having had under consideration a substitute ordinance introduced by Alderman Edward M. Burke (14th Ward) and various other aldermen concerning Chapter 8-20 of the Municipal Code, pertaining to unlawful firearms or lasers, begs leave

to report and recommend that Your Honorable Body *Pass* the said substitute ordinance which is transmitted herewith.

This recommendation was concurred in by a vote of the members of the committee present, with no dissenting votes.

Respectfully submitted,

(Signed)   WILLIAM M. BEAVERS,
*Chairman.*

On motion of Alderman Beavers, the said proposed substitute ordinance transmitted with the foregoing committee report was *Passed* by yeas and nays as follows:

*Yeas* -- Aldermen Granato, Haithcock, Preckwinkle, Holt, Lyle, Beavers, Dixon, Powell, Buchanan, Balcer, Frias, Olivo, Burke, Coleman, Peterson, Murphy, Troutman, DeVille, Munoz, Zalewski, Chandler, Solis, Ocasio, Burnett, E. Smith, Burrell, Wojcik, Suarez, Matlak, Mell, Austin, Colom, Banks, Giles, Allen, Laurino, O'Connor, Doherty, Natarus, Bernardini, Hansen, Levar, Shiller, Schulter, M. Smith, Moore, Stone -- 47.

*Nays* -- None.

Alderman Natarus moved to reconsider the foregoing vote. The motion was lost.

The following is said ordinance as passed:

WHEREAS, The City of Chicago is a home rule unit of government pursuant to the 1970 Illinois Constitution, Article VII, Section 6(a); and

WHEREAS, Pursuant to its home rule power, the City of Chicago may exercise any power and perform any function relating to its government and affairs including protecting the public health, safety and welfare; and

WHEREAS, The City of Chicago finds that the public health and safety of its citizens, most particularly its police officers, are being endangered by the use of laser sights; and

WHEREAS, The regulation of licensing requirements is a legitimate role of government relating to the welfare of its citizens; now, therefore,

*Be It Ordained by the City Council of the City of Chicago:*

SECTION 1. Chapter 8-20 of the Municipal Code of Chicago is hereby amended by inserting the language in italics as follows:

8-20-030  Definitions.

As used in this Title 8: . . .

*(aa) "Laser sight accessory" means a laser sighting device which is either integrated into a firearm or capable of being attached to a firearm.*

SECTION 2. Chapter 8-20 of the Municipal Code of Chicago is hereby amended by inserting the language in italics and deleting the language in brackets, as follows:

8-20-015  Unlawful Firearm *Or Laser Sight Accessory* In Motor Vehicle -- Impoundment.

(a)   The owner of record of any motor vehicle that contains an unregistered firearm, *a firearm that is not broken down in a nonfunctioning state, or a laser sight accessory* shall be liable to the city for an administrative penalty of $500.00 plus any towing and storage fees applicable under Section 9-92-080. Any such vehicle shall be subject to seizure and impoundment pursuant to this section. The subsection shall not apply: (1) if the vehicle used in the violation was stolen at the time and the theft was reported to the appropriate police authorities within 24 hours after the theft was discovered or reasonably should have been discovered; (2) if the vehicle is operating as a common carrier and the violation occurs without the knowledge of the person in control of the vehicle; or (3) if the owner proves that the presence of the firearm was permissible pursuant to paragraphs (1) through (10) of Section 8-20-010 or, in the case of an unregistered firearm, the firearm was exempt from registration under subsection (b) of Section 8-20-040[.] *; or (4) if the owner proves the presence of a laser sight accessory was permissible pursuant to Section 8-20-165.*

(b)   Whenever a police officer has probable cause to believe that a vehicle is subject to seizure and impoundment pursuant to this section, the police officer shall provide for the towing of the vehicle to a facility controlled by the city or its agents. Before or at the time the vehicle is towed, the police officer shall notify any person identifying himself as the owner of the vehicle at the time of the alleged violation, of the fact

of the seizure and of the vehicle owner's right to request a vehicle impoundment hearing to be conducted under this section.

(c)     Whenever the owner of record of a vehicle seized pursuant to this section makes a request in person and in writing for a vehicle impoundment hearing within 12 hours after the seizure, a hearing officer of the city shall conduct the vehicle impoundment hearing within 24 hours after the seizure, excluding Sundays and legal holidays. All interested persons shall be given a reasonable opportunity to be heard at the vehicle impoundment hearing. Evidence, including hearsay, may be admitted only if it is a type commonly relied upon by reasonably prudent persons in the conduct of their affairs. If, after the hearing, the hearing officer determines that there is probable cause to believe that the vehicle is subject to seizure and impoundment under subsection (a), the hearing officer shall order the continued impoundment of the vehicle as provided in this section unless the owner of the vehicle posts with the city a cash bond in the amount of $500.00 plus any applicable towing and storage fees.

(d)     Within 10 days after the vehicle is seized and impounded pursuant to this section, the city shall notify by certified mail, return receipt requested, the owner of record of the date, time and location of a hearing that will be conducted pursuant to this section. The hearing shall be scheduled and held, unless continued by order of the hearing officer, no later than 30 days after the vehicle was seized. The hearing shall be conducted by a hearing officer of the city. All interested persons shall be given a reasonable opportunity to be heard at the hearing. If, after the hearing, the hearing officer determines by a preponderance of evidence that the vehicle contained an unregistered firearm, [or] a firearm not broken down in a nonfunctioning state [,] *or a laser sight accessory,* and that none of the exceptions described in clauses (1) through [(3)] *(4)* of subsection (a) applies, the hearing officer shall enter an order finding the owner of record of the vehicle civilly liable to the city for an administrative penalty in the amount of $500.00. If the owner of record fails to appear at the hearing, the hearing officer shall enter a default order in favor of the city requiring the payment to the city of an administrative penalty in the amount of $500.00. If the hearing officer finds that no such violation occurred, the hearing officer shall order the immediate return of the owner's vehicle or cash bond.

(e)    If an administrative penalty is imposed pursuant to this section, such penalty shall constitute a debt due and owing to the city. If a cash bond has been posted pursuant to this section, the bond shall be applied to the penalty. If a vehicle has been impounded when such a penalty is imposed the city may seek to obtain a judgement against the vehicle as provided by law. Except as provided otherwise in this section, a vehicle shall continue to be impounded until (1) the penalty, plus any applicable towing and storage fees, is paid to the city, in which case possession of the vehicle shall be given to the person who is legally entitled to possess the vehicle, or (2) the vehicle is sold or otherwise disposed of to satisfy a judgment or enforce a lien as provided by law. If the administrative penalty and applicable fees are not paid within 30 days after an administrative penalty is imposed under subsection (d) against an owner of record who defaults by failing to appear at the hearing, the vehicle shall be deemed unclaimed and shall be disposed of in the manner provided by law for the disposition of unclaimed vehicles. In all other cases, if the administrative penalty and applicable fees are not paid within 30 days after the expiration of time at which administrative review of the hearing officer's determination may be sought, or within 30 days after an action seeking administrative review has been resolved in favor of the city, whichever is applicable, the vehicle shall be deemed unclaimed and shall be disposed of in the manner provided by law for the disposition of unclaimed vehicles.

Except as otherwise specifically provided by law, no owner, lienholder or other person shall be legally entitled to take possession of a vehicle impounded under this section until the civil penalty and fees applicable under this section have been paid. However, whenever a person with a lien of record against an impounded vehicle has commenced foreclosure proceedings, possession of the vehicle shall be given to that person if he or she agrees in writing to refund to the city the amount of the net proceeds of any foreclosure sale, less any amounts required to pay all lienholders of record, up to $500.00 plus applicable fees.

(f)    For the purposes of this section, the "owner of record" of a vehicle is the record title holder.


SECTION 3.    Chapter 8-20 of the Municipal Code of Chicago is hereby amended by inserting a new Section 8-20-165 in italics, as follows:

*8-20-165 Possession Of Laser Sight Accessories.*

*No person shall sell, offer, or display for sale, give, lend, transfer ownership of, acquire or possess any laser sight accessory in the City of Chicago provided, that this section shall not apply to any members of the armed forces of the United States, or the organized militia of this or any other state, and peace officers as defined in this code to the extent that any such person is otherwise authorized to acquire or possess a laser sight accessory and is acting within the scope of his or her duties.*

SECTION 4.    Chapter 8-20 of the Municipal Code of Chicago is hereby amended by inserting a new Section 8-20-195 in italics, as follows:

*8-20-195 Voluntary Surrender Of Laser Sight Accessory -- Immunity.*

*(a) Within 14 days of the effective date of this ordinance, a person within the City of Chicago may voluntarily and peaceably deliver and abandon to the superintendent any laser sight accessory prior to any arrest and prosecution of such person on a charge of violating any provision of this chapter with respect to the laser sight accessory voluntarily delivered.*

*(b) Delivery under this section may be made at any police district, area or central headquarters or by summoning a police officer to the person's residence or place of business.*

*(c) The voluntary delivery or abandonment of any laser sight accessory after an arrest or charge for violation of any provision of this chapter shall not moot or in any manner invalidate said arrest or charge.*

SECTION 5.  This ordinance shall be in full force and effect after passage and publication.

---

AUTHORIZATION FOR DONATION OF AMBULANCE TO
GOVERNMENT OF NICARAGUA.

The Committee on Police and Fire submitted the following report: