IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECOND AMENDMENT ARMS, (d/b/a of R. Joseph Franzese) R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, and TONY KOLE, ) ) ) ) ) | |
| Plaintiffs, ) | No. 10 CV 4257 |
| v. ) | Hon. Robert M. Dow, Jr. |
| CITY OF CHICAGO, RAHM EMANUEL, Mayor of the City of Chicago, EDDIE JOHNSON, Superintendent of Police of the City of Chicago, and SUSANA MENDOZA, City Clerk of the City of Chicago, ) ) ) ) ) ) | Hon. Sheila M. Finnegan |
| Defendants. ) | |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUPPLMENTAL FED. R. CIV. P. 33 INTERROGATORIES

Defendants City of Chicago ("City"), Mayor Rahm Emanuel, Superintendent of Police Eddie Johnson, and City Clerk Anna Valencia (collectively, "Defendants"), by their attorney, Edward N. Siskel, Corporation Counsel for the City of Chicago, hereby submit their responses and objections to Plaintiffs' Fed R. Civ. P. 33 Interrogatories.

### GENERAL OBJECTIONS

A. Defendants object to each definition, instruction, and interrogatory to the extent that it attempts to impose discovery obligations that are greater than those required under the Federal Rules of Civil Procedure.

B. Defendants object to each definition, instruction, and interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the

attorney work product doctrine, or any other applicable privilege or doctrine, including legislative, executive, or deliberative privilege.

C. Defendants object to each definition, instruction, and interrogatory to the extent that it requests information relating to matters that are not relevant to the pending lawsuit.

D. Defendants object to each definition, instruction, and interrogatory to the extent that it seeks legal bases, legal conclusions, or opinions.

E. Defendants object to each interrogatory to the extent that it requests information outside the possession, custody, or control of Defendants.

F. When Defendants state that they will produce responsive documents or provide information, they state so only to the extent responsive documents or information exists and is in Defendants' possession, custody, or control.

G. Defendants object to each interrogatory to the extent that it lacks a reasonable date restriction.

H. Defendants reserve all objections to the admissibility of any information into evidence in this litigation (including information contained in the answers to these interrogatories) including, without limitation, objections of relevance and materiality.

I. Defendants reserve the right to amend or supplement these Responses and Objections, to raise any additional objections deemed necessary and appropriate in light of the results of any further review, and to present in any proceeding and at trial any further information obtained during discovery and preparation for trial.

J. Defendants object to each interrogatory to the extent it is inconsistent with the limited categories of discovery permitted in the Court's Order of March 6, 2017.

## SPECIFIC OBJECTIONS AND RESPONSES

1. Identify the actual use(s) of the location at 415 West Armitage since March 22, 2007.

**Answer:** Defendants object to Interrogatory No. 1 as seeking information irrelevant to Plaintiffs' claims in the Fourth Amended Complaint. Defendants further object to Interrogatory No. 1 as overly broad and unduly burdensome to the extent it requires them to conduct a search across its many departments for any knowledge of the use of 415 West Armitage in a ten-year period. Notwithstanding their objections, Defendants state that 415 West Armitage has been zoned RM5 since at least March 22, 2007, and may be used in any manner set forth in the Chicago Zoning Ordinance for properties zoned RM5. Defendants further state that neither its Department of Planning and Development nor its Department of Business Affairs and Consumer Protection have any information related to the actual use of 415 West Armitage at any time since March 22, 2007.

2. Identify the impact of accidentally choosing a location not commercially zoned for purposes of a Chicago business license application, even if the location is advertised as commercial, and the difficulty of simply amending the location on the business license application in the event such an occurrence took place.

**Answer:** Defendants object to Interrogatory No. 2 as seeking information irrelevant to Plaintiffs' claims in the Fourth Amended Complaint. Defendants further object to Interrogatory No. 2 to the extent it is based on the premise that an applicant can "accidentally" apply for a business license to locate a business on property that is not zoned for a business use. Defendants further object to Interrogatory No. 2 to the extent it seeks information related to the "difficulty" in amending a business license application because that word is too vague and ambiguous to permit Defendants to frame a response. Notwithstanding their objections, Defendants state that applications are reviewed and processed based on the information provided by the applicant.

3

Thus, if an applicant submits an application for a business license at an address that is not zoned for business use, the application will be denied for failure to comply with the Chicago Zoning Ordinance. If an applicant wishes to change the address for which it seeks a business license, the applicant can notify the Department of Business Affairs and Consumer Protection, which, using a number of different administrative avenues, can modify the application so that it is reprocessed under the new location.

3. State whether changing the location on Plaintiffs' business license application would have resulted in the granting of the business license, given the gun store ban in Chicago at the time.

**Answer:** Defendants object to Interrogatory No. 3 as seeking information irrelevant to Plaintiffs' claims in the Fourth Amended Complaint. Defendants further object to Interrogatory No. 3 to the extent it poses a hypothetical situation but fails to provide an address or any other information related to what location Plaintiff Second Amendment Arms ("SAA") would have amended its application to include. Subject to its objections, Defendants state that had SAA submitted an application for a gun store at a location zoned for business or commercial use, it is possible, depending on the exact zoning classification of the property at issue, that the application would not have been denied for failure to meet the requirements of the Chicago Zoning Ordinance. Defendants state that even if SAA had submitted an application that complied with the requirements of the Chicago Zoning Ordinance at or about the same time it submitted its application for a gun store at 415 West Armitage, the City would not have issued a business license to SAA for a gun store because section 4-144-010 of the Municipal Code of Chicago, repealed on June 25, 2014, prohibited gun stores in Chicago.

4. Identify any writings (paper or electronic) denying Plaintiffs' business license application on zoning grounds, and if there are none, identify the circumstances of how such denial was allegedly communicated to Plaintiffs.

4

**Answer:** Defendants object to Interrogatory No. 4 as seeking information irrelevant to Plaintiffs' claims in the Fourth Amended Complaint. Defendants further object to Interrogatory No. 4 to the extent Defendants have already responded to Interrogatory No. 4. Notwithstanding its objections, Defendants incorporate by reference, as if set forth fully herein, their letter to Plaintiffs dated February 8, 2017.

Date: April 7, 2017

Respectfully submitted,

EDWARD N. SISKEL
Corporation Counsel of the City of Chicago

By: _____
Senior Counsel

William M. Aguiar
David M. Baron
Ellen W. McLaughlin
Attorney for: City of Chicago, Department of Law
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-4216 / 4-9018 / 2-5147

5

## CERTIFICATE OF SERVICE

The undersigned, an attorney for Defendants, hereby certifies that on this, the 7th day of April, he served a copy of **Defendants' Responses and Objections to Plaintiffs' Supplemental Interrogatories** on the following counsel by first class United States mail, postage prepaid:

> David G. Sigale
> Law Firm of David G. Sigale, P.C.
> 799 Roosevelt Road, Suite 207
> Glen Ellyn, IL 60137

_____
William Macy Aguiar