IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECOND AMENDMENT ARMS (a d/b/a of R. Joseph Franzese), R. JOSEPH FRANZESE, individually and d/b/a SECOND AMENDMENT ARMS, and TONY KOLE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, a municipal corporation, RAHM EMANUEL, in his official capacity as Mayor of the City of Chicago, GARRY McCARTHY, Superintendent of Police of the City of Chicago, and SUSANA MENDOZA, City Clerk of the City of Chicago, <br><br> Defendants. | Case No: 1:10-CV-4257 <br><br> Hon. Robert M. Dow, Jr. <br> U.S. District Court Judge <br><br> Hon. Sheila M. Finnegan <br> U.S. Magistrate Judge |

## DECLARATION OF R. JOSEPH FRANZESE

I, R. JOSEPH FRANZESE, am competent to state, and declare the following based on my own personal knowledge:

1. I am a citizen of the United States residing in Chicago, Illinois. I am the sole proprietor of Second Amendment Arms. At all times relevant I possessed a valid State of Illinois Firearms Owner Identification card (the "FOID card") and I am trained and experienced in the safety and use of various firearms or ammunition products.

2. Second Amendment Arms ("SAA") is a sole proprietorship that in 2010, following the United Stastes Supreme Court's decisions in *District of Columbia v. Heller* and *McDonald v. City of Chicago* wished to open a firearms store within the City of Chicago geographical limits. SAA wanted to do business and engage in local, internet and interstate commerce as a duly federally licensed firearms and ammunition products dealer by the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF")

pursuant to Title I, Gun Control Act of 1968 (the "GCA"),, and pursuant to other applicable regulations and federal law. I had applied for a valid Federal Firearms License ("FFL"), the granting of which was in part contingent on my finding a valid business location in Chicago from which to operate SAA.

3. However, despite the above-listed Supreme Court decisions, the City of Chicago, on July 2, 2010, passed an Ordinance that removed the long-standing ban on home handgun possession, but replaced it with a number of restrictions and requirements for those who wished to possess a handgun (or other type of firearm) in their home.

4. The Ordinance, specifically MCC § 4-144-010 and MCC § 8-20-100, which was effective as of July 12, 2010, also prohibited the operation of any firearm stores or dealers within the City limits by prohibiting the selling or transferring of any firearm, except to police officers or through inheritance.

5. On June 30, 2010, I (d/b/a SAA) filed Application #7270 with the City of Chicago for a business license to open a gun store. I listed the proposed business address as 415 West Armitage Street, Floor 1, in Chicago, which I had recently seen as advertising for commercial lease. Two days later, I applied for an FFL, listing the Armitage address as the planned business address.

4. No one working for, or representing, the City of Chicago ever told me that my Business License application was denied because the Armitage location was not zoned for commercial use. No one working for, or representing, the City of Chicago even told me that the Armitage location was not zoned for commercial use.

5. I never received a written denial for my Business License Application at all from the City of Chicago. The only thing I ever heard was on one of the occasions when I called the

City to follow up on my Business License Application, and a woman told me my Application was denied because the City Ordinances do not allow for gun stores, which to my recollection was in approximately October, 2011.

6. Had anyone working for, or representing, the City of Chicago, ever told me that the reason my Business License Application was being denied was because my chosen location was not zoned commercial (which would have been the first I had heard of it), I would have immediately amended the application with a new location, or simply filed a new location.

7. The only reason I did not do this was because (A.) no one told me the Armitage location was not zoned commercial; (B.) the choice of location was not cited to me a reason for denial of my Application; and (C.) given the City gun store ban Ordinance, it would not have mattered what location I had chosen to list on my Application, as the Application would have been denied because of the gun store ban, which was the reason I was orally given.

8. Because I was not going to be able to obtain a Business License for the SAA gun store, my FFL application was also denied on or about June 26, 2012.

I declare under perjury that the foregoing is true and correct.

Executed this 16th day of May, 2017.

_R. Joseph Franzese_
R. Joseph Franzese

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com